UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EILEEN M. HUSS, individually and as | ) | |
| Guardian for JOSEPH R. HUSS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07 C 7028 |
| | ) | Judge James B. Zagel |
| IBM MEDICAL AND DENTAL PLAN and | ) | Magistrate Judge Jeffrey Cole |
| R.A. BARNES in her capacity as Plan | ) | |
| Administrator, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS
COUNTS II AND III OF PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants IBM

Medical and Dental Plan (the "Plan") and R.A. Barnes ("Barnes" or the "Plan Administrator"),

by and through their undersigned counsel, hereby submit this memorandum of law in support of

their motion to dismiss Counts II and III of Plaintiff's Complaint.  As shown below:  Count II

fails because Plaintiff has not pled any entitlement to relief under 29 U.S.C. §1132(c); and Count

III fails because, though cloaked in the guise of a claim for breach of fiduciary duty under 29

U.S.C. §1132(a)(3), it is merely duplicative of the denial of benefits claim brought in Count I

under 29 U.S.C. §1132(a)(1)(B).

I.      STATEMENT OF FACTS[1]

Plaintiff Eileen Huss ("Plaintiff") instituted this action on behalf of her son, Joseph Huss

("Joseph"), on or about December 14, 2007 against the Plan and Barnes, in her capacity as Plan

---

[1] The facts herein are taken from affirmative allegations in the Complaint and the documents referenced therein, and are assumed to be true for the purposes of this motion only.

Administrator (collectively, "Defendants"). (See Complaint.) The Complaint seeks relief from Defendants' denial of her request to enroll Joseph in the Plan. (Id. at ¶2.) Plaintiff's medical and dental benefits are covered by the Plan. (Id. at ¶6.)

On December 31, 2006, Plaintiff retired as an IBM employee. (Id.) During her employment and upon her retirement, Plaintiff was a participant and beneficiary under the Plan. (Id.) Plaintiff's son, Joseph, was born on August 8, 1981, and has suffered from a severe mental disability that renders him incapable of speech and completely dependent upon his parents for his support and well-being. (Id. at ¶7.) Joseph was enrolled in the Plan from the date of his birth through December 31, 1997. (Id. at ¶8.) Commencing on January 1, 1998, Joseph was enrolled in an employee benefit plan offered through his father's employer. (Id.)

In late 2005 or early 2006, Plaintiff contacted IBM's Employee Services Center to enroll Joseph in the Plan. (Id. at ¶9.) Under the Plan, disabled adult dependents of IBM employees and retirees can continue to receive benefits under the Plan, provided they meet the special eligibility requirements applicable to disabled dependents age 23 and older. (Id.) Plaintiff was advised to call again six months prior to her retirement. (Id.) Plaintiff again contacted IBM's Employee Services Center on June 15, 2006, at which time she was advised that Joseph had been enrolled in the Plan effective January 1, 2007. (Id. at ¶10.)

On January 5, 2007, Plaintiff was advised, during a telephone conversation with IBM's Employee Services Center, that Joseph was not eligible to be enrolled in the Plan. (Id. at ¶11.) Plaintiff was told that "she would have had to submit an application to continue her son as an eligible disabled dependent within 60 days prior to him turning age 23 in order to keep him as a dependent." ((Id.)

On January 8, 2007, by telephone and email correspondence, Plaintiff requested "copies of all notices or instructions that IBM had ever sent to plan participants concerning the purported requirement to submit a written application."  (Id. at ¶12.)  On January 16, 2007, by email correspondence, the Customer Service Specialist advised that the only responsive document was the Summary Plan Description. (Id.)  The Plan sent Plaintiff a copy of the most recent Summary Plan Description, which she acknowledged receipt of on January 23, 2007.  (Id. at ¶¶ 13-14.)  On January 23, 2007, Plaintiff also requested a copy of the actual health insurance policy or contract. (Id.)  The Plan responded to Plaintiff's request on January 29, 2007, advising that the only document that was responsive to her request was the January 1, 2006 Summary Plan Description, which had already been provided to her.  (Id.)

On March 27, 2007, Plaintiff sent an appeal to the Plan "requesting that the Plan Administrator reverse an erroneous eligibility determination, and enroll her son, Joseph, in the IBM Plan."  (Id. at ¶15.)  Plaintiff also requested copies of the "Summary Plan Descriptions for 2004, 2005 and 2006."  (Id.)  On April 26, 2007, IBM sent Plaintiff "IBM's Summary Plan Description(s) for the 2003, 2004, and 2005 plan years."  (Id. at ¶17.)  On June 12, 2007, Plaintiff sent the Plan a letter stating that it had not received all the plan documents and contained a list of additional documents she wanted to review, which included documents reflecting communication between Plaintiff and IBM's Employee Services Center representatives regarding Joseph's enrollment in the Plan, and other documents reflecting the circumstances surrounding the acceptance of other disabled dependents for enrollment in the Plan. (Id. at ¶19 and Ex. 2 to the Complaint.)  On August 8, 2007, Barnes sent Plaintiff a letter rejecting her appeal and confirming that Plaintiff had exhausted all pre-suit appeals.  (Id. at ¶20.)

In her Complaint, Plaintiff asserts four Claims for Relief against Defendants (the claims are referenced as Counts I through IV, respectively). Count I is directed at the Plan and seeks relief in the form of health benefits allegedly due to Plaintiff's son Joseph, pursuant to 29 U.S.C. §1132(a)(1)(B). (Complaint at ¶¶ 23-37.) Count II is directed at Barnes and seeks statutory damages for her alleged failure to provide requested documents pursuant to 29 U.S.C. §§ 1024(b)(4) and 1132(c). (Id. at ¶¶ 38-40.) Count III incorporates the allegations of Counts I and II and asserts, pursuant to 29 U.S.C. §§ 1104, 1109, 1132(a)(3) and 1133, a claim for breach of fiduciary duty. (Id. at ¶¶ 41-44.) Count IV seeks attorneys' fees pursuant to 29 U.S.C. §1132(g)(1).[2]

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, Counts II and III of Plaintiff's Complaint each must contain "enough factual matter (taken as true) to suggest" that Plaintiff has a "plausible entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1956-57 (2007). It is not enough to show a "possibility" of "entitlement to relief;" rather, the claim must contain "allegations plausibly suggesting (not merely consistent with)" a valid claim. Id. at 1966. Even assuming all well-pled allegations as true, Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004), Counts II and III of Plaintiff's Complaint should be dismissed for failing to contain any allegations that suggest a valid claim.

## III.   ARGUMENT

### A.     Count II's Claim For Statutory Penalties Is Unsupported In Fact Or Law.

In Count II, Plaintiff seeks statutory penalties under 29 U.S.C. §1132(c) based on Defendants alleged failure to provide copies of: "all summary plan descriptions within thirty

---

[2]  Plaintiff's right to the attorneys' fees sought in Count IV is entirely dependent on, and derivative of, her claims in Counts I through III. Because Defendants are not moving to dismiss Count I, they will not engage in the academic exercise of moving to dismiss Count IV, even though Count IV fails to state an independent claim for relief.

days of Plaintiff's January 8, 2007 request;" "all documents reflecting contact between Plaintiff and the IBM Plan;" "each document reflecting the involvement of the IBM plan personnel who initially confirmed Joseph's entitlement to enrollment effective January 1, 2007, as well as the personnel who decided to reverse this decision;" and "each document withheld by the IBM Plan reflecting the circumstances surrounding the acceptance of other disabled dependents for enrollment in the IBM Plan on or after attaining the age of 23." (Complaint at ¶40.)

Plaintiff bases her supposed right to the stated documents on 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1(g). (Id. at ¶39.)

A claim under 29 U.S.C. § 1132(c) is "appropriate only where other ERISA provisions create an affirmative duty to disclose information." Leung v. Skidmore Owings & Merrill, 213 F. Supp. 1097, 1104 (N.D. Cal. 2002). One alleged source of this duty to disclose, §1024(b)(4), requires only that, within 30 days of the written request, the Plan administrator must "furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract or other instruments under which the plan is established or operated." 29 U.S.C. §1024(b)(4).[3]

Here, Plaintiff admits she received the most recent copy of the Summary Plan Description within 30 days of request. (Complaint at ¶¶ 13-14.) The requested older versions of the Plan's summary plan description are outside the scope of §1024(b)(4); any alleged failure to timely provide these documents cannot therefore support a claim under 29 U.S.C. §1132(c). Shields v. Local 705, Int'l Brotherhood of Teamsters Pension Plan, 188 F.3d 895, 903 (7th Cir. 1999) (dismissing §1132(c) claim because outdated versions of summary plan descriptions "do

---

[3] The catch-all part of §1024(b)(4), requiring disclosure of "other instruments under which the plan is established or operated," has been narrowly construed by the Seventh Circuit. Ames v. American National Can Company, 170 F. 3d 751, 758 (7th Cir. 1999); see also Hughes Salaried Retirees v. Administrator of Hughes Non-Bargaining Unit Retirement Plan, 72 F. 3d 686, 691 (9th Cir. 1995)(holding that the scope of section 1024(b)(4) is limited to the documents "described with particularity within" and "other instruments similar in nature.")

not fall into any of the categories of documents a plan administrator must provide to plan participants under section 1024(b)(4)")(internal citations omitted).

The other requested documents regarding communications between Plaintiff and Plan personnel are similarly outside the parameters of §1024(b)(4).  See Wilczynski v. Lumberman's Mutual Casualty Company, 97 F.3d 397 (7th Cir. 1996) (affirming motion to dismiss claim under 29 U.S.C. §1132(c) for failure to produce claim file).

The other alleged basis for Count II, 29 C.F.R. §2560.503-1(g), similarly fails.  It is well established that agency regulations (such as this regulation promulgated by the Department of Labor) cannot form the basis for sanctions under 29 U.S.C. §1132(c).  Groves v. Modified Ret. Plan for Employees of Johns Mansville Corp., 803 F.2d 109, 116-118 (3rd Cir. 1986) (specifically holding, inter alia, that "plan administrators incur no personal liability for failure to fulfill obligations imposed" by 29 C.F.R. §2560-503(1)(g)).  Groves has been cited with approval by the Seventh Circuit.  Wilczynski , supra., 97 F.3d at 407.

Accordingly, based on the allegations in her Complaint, Plaintiff has not alleged any grounds for entitlement to relief, and Count II should be dismissed.

**B.    Count I's Denial Of Benefits Claim Provides An Adequate Remedy For The Conduct Purported To Constitute A Breach Of Fiduciary Duty And, Therefore, Count III Should Be Dismissed.**

In Count III, Plaintiff alleges a claim of breach of fiduciary duty against Defendants pursuant to 29 U.S.C. §§ 1104, 1109, 1132(a)(3), and 1133. (Complaint at ¶¶ 41-44.) Specifically, the alleged fiduciary breaches are based both upon Plaintiff's allegations that she was not provided the "appropriate Plan documents" and that her son was wrongfully denied enrollment in the Plan:

> …Barnes and the IBM Plan have excluded Joseph from the plan based on purported noncompliance with a condition

> precedent…and repeatedly refused to gather, review, and produce documents and information necessary to a fair and principled review and resolution of Joseph's rights.
>
> Eileen and Joseph are entitled to an order granting equitable relief redressing the defendants' violations of their fiduciary obligations, including an order reinstating Joseph in the Plan retroactive to January 1, 2007, permanently enjoining IBM from expelling Joseph from the IBM Plan, and ordering such other and further relief as this Court deems equitable.

(Id. at ¶¶ 43-44.)

It is axiomatic that §1132(a)(3) provides a cause of action by a beneficiary to enjoin an act or practice which violates Title I of ERISA or the terms of the Plan, as well as to obtain any other appropriate equitable relief to redress such violations.  Varity Corp. v. Howe, 516 U.S. 489 (1996).  Such a claim, however, may be raised only for injuries caused by violations that ERISA does not already remedy elsewhere.  Id. at 512.

In Count I, Plaintiff alleges that her son was wrongfully excluded from the Plan, and she asserts that §1132(a)(1)(B) entitles her to an award of the benefits denied and to have her son enrolled in the Plan retroactive to January 1, 2007.  (Complaint at ¶¶ 23-37.)  In Count III, Plaintiff realleges the facts and claims underlying Count I and II and then alleges that the Plan and Barnes breached their fiduciary duties under §1132(a)(3) by "advancing an interpretation of the Plan that is contrary to the actual words in the controlling clause," "relied upon the wrong version of the Plan," and "have excluded Joseph from the Plan based on purported noncompliance with a condition precedent that did not even exist at the time in question."  (Id. at ¶¶ 42 and 43.)  The relief sought by Plaintiff in Count III is substantively identical to that sought in Count I; retroactive reinstatement in the Plan and a permanent injunction from future expulsion from the Plan. (Compare Complaint at ¶36 (prayer for relief in Count I) with

Complaint at ¶44 (prayer for relief in Count III)).  The relief requested in Count III falls squarely within the parameters of Plaintiff's Count I claim under §1132(a)(1)(B).[4]

Because Plaintiff has asserted a cause of action in Count I that would provide the relief she seeks in Count III, she is precluded from proceeding on the latter by Varity and its progeny. See  Rosenberg v. CNA Financial Corp. et al., 2005 U.S. Dist. LEXIS 15578, *17 (N.D. Ill. July 22, 2005), citing Varity Corp., 516 U.S. at 512  (stating that ERISA section 1132(a)(3) operates as a catchall provision that only allows equitable relief if relief under another section of ERISA is unavailable); see also Jurgovan v. ITI Eners., 2004 U.S. Dist. LEXIS 11489  (N.D. Ill. June 23, 2004) (granting defendant's motion to dismiss plaintiff's 1132(a)(3) claim because the existence of a claim under 1132(a)(1)(B) renders such claim "unnecessary and inappropriate"); Erikson v. Ungaretti & Harris – Exclusive Provider Plan, 2003 U.S. Dist. LEXIS 21173 (N.D. Ill. Nov. 23, 2003) (surveying post-Varity cases and concluding that "those cases almost universally have found that a claim for equitable relief must be dismissed under section 502(a)(3) where a plaintiff cannot demonstrate a remedy available under that provision that would not otherwise be available for a successful claim under section 502(a)(1)(B)," and dismissing the plaintiff's section 502(a)(3) claim); Bandak v. Eli Lilly and Company, 2007 WL 2694615 (S.D. Ind. Sept. 10, 2007) (granting motion to dismiss after concluding that plaintiff cannot seek relief under 1132(a)(3) where he "potentially may recover benefits" under 1132(a)(1)(B)).

Similar to these cases, Plaintiff's §1132(a)(3) claim (Count III) seeks the same relief sought in Plaintiff's §1132(a)(1)(B) (Count I).  Based on Varity and subsequent interpretations, Count III should be dismissed in its entirety.

---

[4] Defendants will answer the First Claim for Relief.

IV.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court enter an order

dismissing Counts II and III of Plaintiff's Complaint in their entirety and with prejudice.

Dated:  March 7, 2008                          IBM MEDICAL AND DENTAL PLAN and
                                               R.A. BARNES


                                       By:     /s/ Peter R. Bulmer
                                               Peter R. Bulmer
                                               One of the Attorneys for Defendant


Peter R. Bulmer
Sara A. Weinberg
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610
Tel:    312.787.4949
Fax:    312.787.4995
Email:  bulmerp@jacksonlewis.com
        weinbers@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I, Peter R. Bulmer, an attorney, certify that on the 7th day of March, 2008, I caused a true and correct copy of the foregoing Defendants' Memorandum of Law In Support of Their Motion to Dismiss Counts II and III of Plaintiff's Complaint to be electronically filed pursuant to the Court's ECF/CM protocols.  Notice of these filings will be sent to all parties registered to receive electronic notification, including counsel for plaintiff:

Paul F. Heaton
Gass, Webber, Mullins LLC
309 North Water Street
7th Floor
Milwaukee, WI 53202-5718

William G. Beatty
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603


_____/s/ Peter R. Bulmer_____