UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EILEEN M. HUSS, individually and as
Guardian for JOSEPH R. HUSS, JR.,

                      Plaintiff,         Civil Action No. 07 C 7028
    vs.                                        Judge James B. Zagel
                                                       Mag. Judge Jeffrey Cole

IBM MEDICAL AND DENTAL
PLAN and R.A. BARNES, in her capacity as
PLAN ADMINISTRATOR,

                      Defendants.

**STATEMENT ON FILING OF AMENDED COMPLAINT**

During the March 13, 2008 hearing, the Court ordered that in the event the plaintiff were to file an amended pleading as permitted by the Court's order, the plaintiff was to advise upon doing so that the amended pleading had been prompted by the Court's March 13, 2008 dismissal of Count III of the original complaint. This Statement on Filing of Amended Complaint is submitted in accordance with that Order.

Although the Court's March 13, 2008 order dismissed only the breach of fiduciary duty claim (Count III), plaintiff's amended complaint filed this date supersedes plaintiff's original complaint in its entirety.

**Alternative Claim for Relief in Count III**

Plaintiff's 29 U.S.C. § 1132(a)(3) claim for breach of fiduciary duty asserted in Count III of the amended complaint is premised upon substantially different grounds than plaintiff's 29 U.S.C. § 1132(a)(1)(B) claim for benefits asserted in Count II. Count III is pled as an alternative claim for relief, and states a claim for relief even if plaintiff did not succeed on her claim for benefits asserted in Count I. Because it is possible for plaintiff to succeed on Count III even if failing to succeed on Count I, Count III is not "duplicative" of Count I within the meaning of *Varity Corp. v. Howe*, 516 U.S. 489 (1996). *See Bowerman v. Wal-Mart*

*Stores, Inc.*, 226 F.3d 574, 583-86 (7th Cir. 2000) (fiduciary duty claims premised on violations of 29 U.S.C. § 1022 can give rise to recovery under 29 U.S.C. § 1132(a)(3), without regard for the viability of a claim for benefits under 29 U.S.C. § 1132(a)(1)(B)); *Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645 (7th Cir. 1993) (principles of waiver and estoppel can give rise to relief for breach of fiduciary duty not otherwise available through a claim to enforce the express terms of the plan pursued under 29 U.S.C. § 1132(a)(1)(B)); and *Smith v. Hartford Ins. Group*, 6 F.3d 131 (3rd Cir. 1993) (such estoppel claims are pursued as § 1132(a)(3) claims).

### Statutory Penalty Claim (Count II)

Although the Court denied the defendants' motion to dismiss Count II of the original complaint (seeking the imposition of statutory penalties under 29 U.S.C. § 1132(c)), the amended complaint provides greater detail clarifying that the requested documents giving rise to this claim are formal plan documents and plan records used in establishing and operating the IBM Plan within the meaning of 29 U.S.C. § 1132(c).

While prior versions of plan documents *that are not germane* to a claim are not subject to mandatory production under § 1132(c), such prior plan documents and descriptions are subject to § 1132(c) and its penalty provisions if, under the circumstances, the earlier versions of the plan documents are *relevant to evaluating the participant's rights. See, e.g., Ames v. American Nat'l*, 170 F.3d 751, 759 (7th Cir. 1999) (older versions of plan documents and summary plan descriptions germane to claim fall within the purview of § 1132(c)'s penalty provisions); *Allen v. Honeywell Ret. Earnings Plan*, 382 F. Supp. 2d 1139 (D. Ariz. 2005) (prior iterations of plan documents germane to claim fall within purview of § 1132(c)); *compare Shields v. Local 705*, 188 F.3d 895, 903 (7th Cir. 1999) ("outdated" plan documents from 1967 and 1989 predating the claimant's claimed eligibility date of 1992 are outside the purview of § 1132(c)).  Here, the withheld plan documents that had been requested by the plaintiff were relevant to evaluating her rights and entitlements under the IBM Plan. *See* Amended Complaint. ¶¶ 15, 20, and 43-45.

In addition to the requested plan documents and summary descriptions, plaintiff's claim also is premised upon other official records of the IBM Plan "pertinent to the operation of the plan," *Ames*, 170 F.3d at 759, including documents necessary to "'allow the individual participant to know exactly where [she] stands with respect to the plan—what benefits [she] may be entitled to, what circumstances may preclude [her] from obtaining benefits ….'" *Hess v. Hartford Life & Acc. Ins. Co.*, 91 F. Supp. 2d 1215, 1226 (C.D. Ill. 2000) (applying the seventh circuit's controlling decision in *Ames*). Each of the documents giving rise to plaintiff's § 1132(c) penalty claim was requested by the plaintiff for the express, specific purpose of discerning and evaluating the claimed (and disputed) eligibility for benefits under the IBM Plan. *See* Amended Complaint, ¶¶ 11, 13, 15, 20, 26, 43, 45, 47, and 58, and Amended Complaint, Exhibits 1 and 2.

Dated this 3rd day of April, 2008.

Respectfully submitted,

**/s/ Paul F. Heaton**
Paul F. Heaton
Brian G. Cahill
GASS WEBER MULLINS LLC
309 North Water Street, 7th Floor
Milwaukee, Wisconsin 53202
Tel:   414-223-3300
Fax:   414-224-6116
heaton@gasswebermullins.com
cahill@gasswebermullins.com

and

William G. Beatty
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404
Tel:   312-372-0770
Fax:   312-473-9828
Beattyw@jbltd.com

Attorneys for Plaintiff, Eileen M. Huss

3