UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN M. HUSS, individually and as Guardian for JOSEPH R. HUSS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> IBM MEDICAL AND DENTAL PLAN and R.A. BARNES in her capacity as Plan Administrator, <br><br> Defendants. | Case No. 07 C 7028 <br> Judge James B. Zagel <br> Magistrate Judge Jeffrey Cole |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS
COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants IBM Medical and Dental Plan (the "Plan") and R.A. Barnes ("Barnes" or the "Plan Administrator"), by and through their undersigned counsel, hereby submit this memorandum of law in support of their motion to dismiss Counts II and III of Plaintiff's Amended Complaint.  As shown below: Count II fails because Plaintiff has not pled any entitlement to relief under 29 U.S.C. §1132(c); and Count III fails because (1) Plaintiff has not satisfied the elemental requirements for a breach of fiduciary duty claim under 29 U.S.C. §1132(a)(3) and (2) though cloaked in the guise of a claim for breach of fiduciary duty, it is merely duplicative of the denial of benefits claim brought in Count I under 29 U.S.C. §1132(a)(1)(B).

I.  **STATEMENT OF FACTS**[1]

Plaintiff Eileen Huss ("Plaintiff") instituted this action on behalf of her son, Joseph Huss ("Joseph"), on or about December 14, 2007 against the Plan and Barnes, in her capacity as Plan Administrator (collectively, "Defendants"). (See Amended Complaint.[2])  The Complaint seeks relief from Defendants' denial of her request to enroll Joseph in the Plan. (Id. at ¶2.)  Plaintiff's medical and dental benefits are covered by the Plan. (Id. at ¶6.)

On December 31, 2006, Plaintiff retired as an IBM employee. (Id.)  During her employment and upon her retirement, Plaintiff was a participant and beneficiary under the Plan. (Id.)  Plaintiff's son, Joseph, was born on August 8, 1981, and has suffered from a severe mental disability that renders him incapable of speech and completely dependent upon his parents for his support and well-being. (Id. at ¶7.)  Joseph was enrolled in the Plan from the date of his birth through December 31, 1997. (Id. at ¶8.)  Commencing on January 1, 1998, Joseph was enrolled in an employee benefit plan offered through his father's employer. (Id.)

In late 2005 or early 2006, Plaintiff contacted IBM's Employee Services Center to enroll Joseph in the Plan. (Id. at ¶9.)  Under the Plan, disabled adult dependents of IBM employees and retirees can continue to receive benefits under the Plan, provided they meet the special eligibility requirements applicable to disabled dependents age 23 and older. (Id.)  Plaintiff was advised to call again six months prior to her retirement. (Id.)  Plaintiff again contacted IBM's Employee Services Center on June 15, 2006, at which time she was advised that Joseph had been enrolled in the Plan effective January 1, 2007. (Id. at ¶10.)

---

[1] The facts herein are taken from affirmative allegations in the Complaint and the documents referenced therein, and are assumed to be true for the purposes of this motion only.

[2] Citations to Amended Complaint are noted as "A.C. ¶ ___."

2

On January 5, 2007, Plaintiff was advised, during a telephone conversation with IBM's Employee Services Center, that Joseph was not eligible to be enrolled in the Plan. (Id. at ¶12.) Plaintiff was told that "she would have had to submit an application to continue her son as an eligible disabled dependent within 60 days prior to him turning age 23 in order to keep him as a dependent." (Id.)

On January 8, 2007, by telephone and email correspondence, Plaintiff requested "copies of all notices or instructions that IBM had ever sent to plan participants concerning the purported requirement to submit a written application." (Id. at ¶13.) On January 17, 2007, by email correspondence, the Customer Service Specialist advised that the only responsive document was the Summary Plan Description. (Id. at ¶14.) The Plan sent Plaintiff a copy of the most recent Summary Plan Description, which she acknowledged receipt of on January 23, 2007. (Id. at ¶¶ 14-15.) On January 23, 2007, Plaintiff also requested a copy of the actual health insurance policy or contract. (Id. at ¶15.) The Plan responded to Plaintiff's request on January 29, 2007, advising that the only document that was responsive to her request was the January 1, 2006 Summary Plan Description, which had already been provided to her. (Id.)

On March 27, 2007, Plaintiff sent an appeal to the Plan "requesting that the Plan Administrator reverse an erroneous eligibility determination, and enroll her son, Joseph, in the IBM Plan." (Id. at ¶16.) Plaintiff also requested copies of the "Summary Plan Descriptions for 2004, 2005 and 2007." (Id.) On April 26, 2007, IBM sent Plaintiff "IBM's Summary Plan Description(s) for the 2003, 2004, and 2005 plan years." (Id. at ¶18.) On June 12, 2007, Plaintiff sent the Plan a letter stating that it had not received all the plan documents and contained a list of additional documents she wanted to review, which included documents reflecting communication between Plaintiff and IBM's Employee Services Center

representatives regarding Joseph's enrollment in the Plan, and other documents reflecting the circumstances surrounding the acceptance of other disabled dependents for enrollment in the Plan. (Id. at ¶¶19-20 and Ex. 2 to the A.C.)  On August 8, 2007, Barnes sent Plaintiff a letter rejecting her appeal and confirming that Plaintiff had exhausted all pre-suit appeals. (Id. at ¶21.)

In her Amended Complaint, Plaintiff asserts four Claims for Relief against Defendants (the claims are referenced as Counts I through IV, respectively). Count I is directed at the Plan and seeks relief in the form of health benefits allegedly due to Plaintiff's son Joseph, pursuant to 29 U.S.C. §1132(a)(1)(B). (A.C. at ¶¶28-39)  In Count II, Plaintiff seeks statutory damages for Defendants alleged failure to provide requested documents pursuant to 29 U.S.C. §§ 1024(b)(4) and 1132(c). (Id. at ¶¶40-49.)  Count III incorporates the allegations of Counts I and II and asserts, pursuant to 29 U.S.C. § 1132(a)(3), a claim for breach of fiduciary duty. (Id. at ¶¶48-55.)  Count IV seeks attorneys' fees pursuant to 29 U.S.C. §1132(g)(1).[3] (Id. at ¶¶56-58.)

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, Counts II and III of Plaintiff's Amended Complaint each must contain "enough factual matter (taken as true) to suggest" that Plaintiff has a "plausible entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1956-57 (2007). It is not enough to show a "possibility" of "entitlement to relief;" rather, the claim must contain "allegations plausibly suggesting (not merely consistent with)" a valid claim. Id. at 1966. Even assuming all well-pled allegations as true, Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004), Counts II and III of Plaintiff's Amended Complaint should be dismissed for failing to contain any allegations that suggest a valid claim.

---

[3] Plaintiff's right to the attorneys' fees sought in Count IV is entirely dependent on, and derivative of, her claims in Counts I through III.  Because Defendants are not moving to dismiss Count I, they will not engage in the academic exercise of moving to dismiss Count IV, even though Count IV fails to state an independent claim for relief.

III.   ARGUMENT

    A.   **Count II's Claim For Statutory Penalties Is Unsupported In Fact or Law.**[4]

In Count II, Plaintiff seeks statutory penalties under 29 U.S.C. §1132(c) based on Defendants alleged failure to provide copies of: "all summary plan descriptions for plan years 2003 through 2007," (A.C. ¶43); "all plan documents, including modifications and amendments, for calendar years 2003 through 2007," (Id. at ¶45); "all documents under which the IBM Plan is operated," (Id. at ¶46); "all documents reflecting contact between Plaintiff and the IBM Plan," (Id. at ¶47); "each document reflecting the involvement of the IBM plan personnel who initially confirmed Joseph's entitlement to enrollment effective January 1, 2007, as well as the personnel who decided to reverse this decision," (Id.); and "each document withheld by the IBM Plan reflecting the circumstances surrounding the acceptance of other disabled dependents for enrollment in the IBM Plan on or after attaining the age of 23."  (Id. at ¶47 (a)-(d).)

Plaintiff bases her supposed right to the stated documents on 29 U.S.C. §1024(b)(4). (Id. at ¶41.)  Section 1024(b)(4) requires that a Plan Administrator, within 30 days of written request, "furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract or other instruments under which the plan is established or operated."  29 U.S.C. §1024(b)(4).

A claim under 29 U.S.C. § 1132(c) is "appropriate only where other ERISA provisions create an affirmative duty to disclose information."  Leung v. Skidmore Owings & Merrill, 213

---

[4] On March 13, 2008, Judge Zagel, in open court, advised Plaintiff's counsel that he was inclined to grant Defendant's Motion to Dismiss Count II, Plaintiff's Claim for Statutory Penalties for Failure to Disclose, because it was not clear from the pleading whether the Plan required Defendants to produce the documents Plaintiff requested. Judge Zagel explained that ERISA regulations require certain documents to be produced but the Plan may require additional documents be produced.  Plaintiff was granted leave to amend her complaint and on April 3, 2008 filed an amended complaint that includes a claim substantially similar to Count II in the original Complaint but which does not allege facts in accordance with Judge Zagel's March 13, 2008 instructions.

F. Supp. 1097, 1104 (N.D. Cal. 2002).  The absence of such a duty here is fatal to Plaintiff's claim.

Section 1024(b)(4) has been narrowly construed by the Seventh Circuit, which has held that the scope of § 1024(b)(4) is limited to the documents "described with particularity within" and "other instruments similar in nature." Ames v. American National Can Company, 170 F. 3d 751, 758-59 (7th Cir. 1999).  A review of the Amended Complaint clearly evidences that all of the documents requested by Plaintiff are outside of the scope of § 1024(b)(4) and therefore cannot support a claim under § 1132(c).

It is obvious, based on the clear and unequivocal language of the statute (the "*latest updated summary plan description*") that the Plan administrator had the affirmative duty to furnish Plaintiff with the most recent copy of the Summary Plan Description.  See 29 U.S.C. §1024(b)(4).  Plaintiff admits she received this within 30 days of request. (A.C. at ¶15.)

Plaintiff further alleges that the requested older versions of the Plan's Summary Plan Descriptions are "contracts under which the IBM Plan was established."  (A.C. at ¶¶42-43.) Historical plan documents and summary plan descriptions, however, are outside the scope of §1024(b)(4) and cannot support a claim under 29 U.S.C. §1132(c).  Shields v. Local 705, Int'l Brotherhood of Teamsters Pension Plan, 188 F.3d 895, 903 (7th Cir. 1999) (dismissing §1132(c) claim because outdated versions of summary plan descriptions "do not fall into any of the categories of documents a plan administrator must provide to plan participants under section 1024(b)(4)")(internal citations omitted).  In Shields, the Seventh Circuit considered, and rejected, Plaintiff's argument that the historical summary plan descriptions are instruments under which the Plan was "established and operated within the meaning of §1024(b)(4)."(A.C. at ¶43.)

Plaintiff also requested a myriad of information relating to the consideration of both Plaintiff's claim for benefits and claims made by similarly situated participants, (A.C. at ¶47), alleging that these materials constitute "other instruments under which the IBM Plan is operated." (A.C. at ¶¶45-46.) These documents are similarly outside the parameters of §1024(b)(4). See Wilczynski v. Lumberman's Mutual Casualty Company, 93 F.3d 397 (7th Cir. 1996) (affirming motion to dismiss claim under 29 U.S.C. §1132(c) for failure to produce claim file).

The decisions in Ames and Wilczynski are illustrative of the manner in which the "other instruments" language upon which Plaintiff relies has been narrowly construed by the Seventh Circuit. In Ames, supra, the Court held that the affirmative obligation to disclose materials under ERISA, punishable by penalties, extends only to a defined set of documents. 170 F.3d at 758-759. A plan administrator is not required to produce all documents relevant to a plan; to the contrary, a plan administrator has an obligation to disclose only those formal documents that establish or govern a plan. Id. at 758, citing Faircloth v. Lundy Packaging Co., 91 F.3d 648, 652-654 (4th Cir. 1996) (holding that the clear and unambiguous meaning of section 1024(b)(4) encompasses only formal or legal documents under which a plan is set up or managed); see also Mondry v. American Family Mutual Insurance, et al., 2006 U.S. Dist. LEXIS 90225, *10-11 (W.D. Wisc. Dec. 12, 2006); Hughes Salaried Retirees v. Administrator of Hughes Non-Bargaining Unit Retirement Plan, 72 F. 3d 686, 691 (9th Cir. 1995) (holding that the scope of section 1024(b)(4) is limited to the documents "described with particularity within" and "other instruments similar in nature.").

Here, Plaintiff admits timely receiving the 2006 Summary Plan Description. (A.C. at ¶15.) Plaintiff alleges she is entitled to the 2004, 2005 and 2007 versions of the Summary Plan

7

Descriptions and various documents reflecting communications between Plaintiff and Plan personnel. (A.C. at ¶¶43-47.) In light of the Seventh Circuit's narrow construction of 29 U.S.C §1024(b)(4), Defendants did not have a statutory obligation to disclose the information requested by Plaintiff - claim files, communication documents, or older versions of the SPD - because none of these documents is an instrument under which the Plan is "established or operated." Absent such obligation, statutory penalties may not be imposed for the alleged failure of Defendants to provide the requested documents.

Accordingly, based on the allegations in her Amended Complaint, Plaintiff has not alleged any grounds for entitlement to relief, and Count II should be dismissed.

### B. Count III's Claim for Breach of Fiduciary Duty Fails as a Matter of Law and Must Be Dismissed.[5]

#### 1. Plaintiff Has Not Met The Elemental Requirements For a Breach of Fiduciary Duty Claim.

In order to prevail on a breach of fiduciary duty claim under ERISA, Plaintiff must prove (1) that Defendants are ERISA fiduciaries; (2) that Defendants breached their fiduciary duties; and (3) that their breach caused harm to Plaintiff. Jenkins v. Yager, 444 F. 3d 916, 924 (7th Cir. 2006).

In her capacity as the Plan Administrator, Defendant Barnes is an ERISA fiduciary. (A.C. at ¶3.) Defendant Barnes, however, is not the source of the oral statements upon which the claim is based. (Id. at ¶¶9-10, 12.) These statements were made by individuals in IBM's Employee Services Center. (Id.) These individuals are neither ERISA fiduciaries nor parties to this action.

---

[5] On March 13, 2008, Judge Zagel, in open court, dismissed Plaintiff's Breach of Fiduciary Claim (Count III) in her original Complaint stating that caselaw in the Seventh Circuit is clear that a claim for breach of fiduciary duty must request as relief more than the alleged benefits recoverable under a denial of benefits claim. Judge Zagel further granted Plaintiff leave to amend her complaint but, advised that if she intended on re-filing the breach of fiduciary duty claim, she must indicate in the amended complaint that it was previously dismissed. In her Amended Complaint, Plaintiff seeks nothing more than the alleged benefits she attempts to recover in her denial of benefits claim in Count I.

In addition, these statements cannot be attributed to Defendant Barnes; such finding would be "without precedent" and would vitiate Seventh Circuit case law mandating that a breach of fiduciary duty claim be asserted against an ERISA fiduciary. Kannapien v. Quaker Oats, 507 F.3d 629, 639 (7th Cir. 2007). As a result, Plaintiff's claim is fundamentally and fatally flawed.

Even if the individuals in the Employee Services Center are considered ERISA fiduciaries or their statements can be attributed to Barnes, these statements do not create a breach of fiduciary duty claim. See Kannapien, 507 F.3d at 639, citing Vallone v. CNA Fin. Corp., 375 F.3d 623, 642 (7th Cir. 2004) (holding that "[a]n ERISA plan fiduciary does not breach its fiduciary duties under ERISA by merely providing negligent misinformation about the contours of a Plan.") Finally, Plaintiff must allege that the alleged fiduciaries' statements caused her harm, which she has failed to do. In the Seventh Circuit, if accurate written information is provided, then plaintiff is out of luck and her breach of fiduciary duty claim fails. See Vallone, 375 F.3d at 642.

### 2. Allegations of Procedural Violations Do Not Support A Substantive Remedy.

Plaintiff's allegations that Barnes breached her fiduciary duties by failing to provide a Summary Plan Description that complies with sections 1022(a) and (b) do not support a substantive remedy and save her breach of fiduciary claim from dismissal. See Register, et al. v. PNC Financial Services Group, Inc., 477 F.3d 56, 74 (3rd Cir. 2007) (holding that "substantive remedies are generally not available for violations of ERISA's reporting and disclosure requirements" except "where the plaintiff can demonstrate the presence of extraordinary circumstances.") The Seventh Circuit has repeatedly held that technical violations of ERISA's notification requirements, without a showing of bad faith, active concealment or detrimental reliance, do not state a cause of action. Clark v. Hewitt Associates, LLC, 2004 U.S. Dist. LEXIS

23075, *6 (N.D. Ill. Nov. 10, 2004), citing Kreutzer v. A.O. Smith Corp., 951 F.2d 739, 743 (7th Cir. 1991); see also Jackson v. E.J. Brach Corp., 176 F.3d 971, 979 (7th Cir. 1999) (under ERISA, technical violations do not create a right to monetary relief). As in Kretuzer, supra, Plaintiffs' allegation that Defendants "technically violated ERISA does not help her in this case." 951 F. 2d at 743.

    **3.    Count I's Denial of Benefits Claim Provides an Adequate Remedy for the Conduct Purported to Constitute a Breach of Fiduciary Duty and, Therefore, Count III Should Be Dismissed.**

In Count III, Plaintiff alleges a claim of breach of fiduciary duty against Defendants pursuant to 29 U.S.C. §1132(a)(3). (A.C. at ¶¶48-55.) Specifically, Plaintiff alleges that Defendants breached their fiduciary duties by providing a summary plan description that does not comply with the procedural requirements of 29 U.S.C. §§1022(a) and (b), (Id. at ¶¶48-51); and by making oral statements regarding Joseph's eligibility that conflict with the Plan documents, Defendants are estopped from relying on the written Plan. (Id. at ¶¶52-55). For both of these alleged breaches, Plaintiff seeks "other equitable relief" in the form of "an order compelling Joseph's enrollment in the IBM Plan." (Id. at ¶¶49-55.) Plaintiff pleads entitlement to this "other equitable relief," only if she is unsuccessful in receiving the relief requested in Count I – enrollment of Joseph in the Plan retroactive to January 1, 2007. (Id.)

It is axiomatic that §1132(a)(3) provides a cause of action by a beneficiary to enjoin an act or practice which violates Title I of ERISA or the terms of the Plan, as well as to obtain any other appropriate equitable relief to redress such violations. Varity Corp. v. Howe, 516 U.S. 489 (1996). Such a claim, however, may be raised only for injuries caused by violations that ERISA does not already remedy elsewhere. Id. at 512.

In Count I, Plaintiff alleges that her son was wrongfully excluded from the Plan, and she asserts that §1132(a)(1)(B) entitles her to an award of the benefits denied and to have her son enrolled in the Plan retroactive to January 1, 2007.  (A.C. at ¶¶28-39.)  In Count III, Plaintiff realleges the facts and claims underlying Counts I and II and then alleges that the Plan and Barnes breached their fiduciary duties under §1132(a)(3) by publishing an SPD that was not clear in setting forth the Plan's requirements for eligibility, and excluding Joseph from the Plan based on purported noncompliance with a condition precedent that did not even exist at the time in question.  (Id. at ¶¶51-53.)  The relief sought by Plaintiff in Count III is substantively identical to that sought in Count I; retroactive reinstatement in the Plan.  The relief requested in Count III falls squarely within the parameters of Plaintiff's Count I claim under §1132(a)(1)(B).[6]

Because Plaintiff has asserted a cause of action in Count I that would provide the relief she seeks in Count III, she is precluded from proceeding on the latter by Varity and its progeny. See  Rosenberg v. CNA Financial Corp. et al., 2005 U.S. Dist. LEXIS 15578, *17 (N.D. Ill. July 22, 2005), citing Varity Corp., 516 U.S. at 512  (stating that ERISA section 1132(a)(3) operates as a catchall provision that only allows equitable relief if relief under another section of ERISA is unavailable); see also Jurgovan v. ITI Enters., 2004 U.S. Dist. LEXIS 11489  (N.D. Ill. June 23, 2004) (granting defendant's motion to dismiss plaintiff's 1132(a)(3) claim because the existence of a claim under 1132(a)(1)(B) renders such claim "unnecessary and inappropriate"); Erikson v. Ungaretti & Harris – Exclusive Provider Plan, 2003 U.S. Dist. LEXIS 21173 (N.D. Ill. Nov. 23, 2003) (surveying post-Varity cases and concluding that "those cases almost universally have found that a claim for equitable relief must be dismissed under section 502(a)(3) where a plaintiff cannot demonstrate a remedy available under that provision that would not otherwise be available for a successful claim under section 502(a)(1)(B)," and dismissing the

---

[6] Defendants will answer the First Claim for Relief.

plaintiff's section 502(a)(3) claim); <u>Bandak v. Eli Lilly and Company</u>, 2007 WL 2694615 (S.D. Ind. Sept. 10, 2007) (granting motion to dismiss after concluding that plaintiff cannot seek relief under 1132(a)(3) where he "potentially may recover benefits" under 1132(a)(1)(B)).

Similar to these cases, Plaintiff's §1132(a)(3) claim (Count III) seeks the same relief sought in Plaintiff's §1132(a)(1)(B) (Count I). Based on <u>Varity</u> and subsequent interpretations, Count III should be dismissed in its entirety.

### 4. Allegations of Waiver and Estoppel Do Not Save Plaintiff's Breach of Fiduciary Duty Claim.

Plaintiff next alleges a breach of fiduciary duty by Barnes and the Plan based on the principals of estoppel and waiver. Specifically, Plaintiff alleges that Defendants are estopped from excluding Joseph from the IBM Plan because of "(a) the purported ambiguity of the SPD; and (2) the representations by IBM Plan representatives" that Eileen and Joseph detrimentally relied upon regarding Joseph's eligibility under the Plan. (A.C. at ¶¶52-53.) In order to prevail on an estoppel claim under ERISA, plaintiff must show (1) a knowing misrepresentation; (2) made in writing; (3) reasonable reliance on that representation by her; (4) to her detriment. <u>Kannapien</u>, 507 F.3d at 636. The written plan document ordinarily governs ERISA plan administration; statements or conduct by individuals implementing the plan can only estop an employer from enforcing the plan's written terms in "extreme circumstances." <u>Id.</u> The Seventh Circuit has frequently rejected the claim that "bad advice delivered verbally entitles plan participants to whatever the oral statement promised, when written documents provide accurate information." <u>Frahm v. Equitable Life Assurance Society</u>, 137 F. 3d 955, 961 (7th Cir. 1998), citing <u>Schmidt v. Sheet Metal Workers Pension Fund</u>, 128 F. 3d 541, 546 (7th Cir. 1997).

Here, Plaintiff admits she received a written copy of the 2006 SPD and that the statements she relied on were communicated to her orally by individuals from the Employee

Services Center. (A.C. at ¶¶ 9-10, 15.) In addition, the only relief she requests is "an order compelling Joseph's enrollment in the IBM Plan," which is the same relief requested in Count I of this Amended Complaint. (Id. at ¶¶ 52-54.) Plaintiff cannot establish an estoppel claim under ERISA based on an oral statement when the written document provides accurate information, the statements made by the individuals in the Employee Services Center were not knowing misrepresentations, and the relief requested is adequately provided for in Plaintiff's Count I; therefore, Plaintiff's claim fails.

Accordingly, Count III should be dismissed in its entirety.

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order dismissing Counts II and III of Plaintiff's Amended Complaint in their entirety and with prejudice.

Dated: April 23, 2008                             IBM MEDICAL AND DENTAL PLAN and
                                                  R.A. BARNES

                                             By:  /s/ Peter R. Bulmer
                                                  Peter R. Bulmer
                                                  One of the Attorneys for Defendant

Peter R. Bulmer
Sara A. Weinberg
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610
Tel:   312.787.4949
Fax:   312.787.4995
Email: bulmerp@jacksonlewis.com
       weinbers@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I, Peter R. Bulmer, an attorney, certify that on the 23rd day of April, 2008, I caused a true and correct copy of the foregoing Defendants' Memorandum of Law In Support of Their Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint to be electronically filed pursuant to the Court's ECF/CM protocols. Notice of these filings will be sent to all parties registered to receive electronic notification, including counsel for plaintiff:

Paul F. Heaton
Brian G. Cahill
Gass, Webber, Mullins LLC
309 North Water Street
7th Floor
Milwaukee, WI 53202-5718

William G. Beatty
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603


_____/s/ Peter R. Bulmer_____