UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EILEEN M. HUSS, individually and as
Guardian for JOSEPH R. HUSS, JR.,

          Plaintiff,

vs.

IBM MEDICAL AND DENTAL
PLAN and R.A. BARNES, in her capacity as
PLAN ADMINISTRATOR,

          Defendants.

Civil Action No. 07 C 7028
Judge James B. Zagel
Mag. Judge Jeffrey Cole

## BRIEF IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

Defendants have filed a motion to dismiss two claims for relief asserted in the plaintiff's amended complaint, including (1) plaintiff's alternative claim for breach of fiduciary duty in violation of 29 U.S.C. § 1132(a)(3), and (2) plaintiff's claim for the imposition of statutory penalties arising out of defendants' failure to furnish requested documents in violation of 29 U.S.C. §§ 1132(c) and 1024(b)(4).

Defendants' challenge to plaintiff's breach of fiduciary duty claim runs counter to controlling Seventh Circuit precedent making clear—premised upon factual allegations remarkably similar to those asserted by Huss here—that ERISA claimants in this Circuit are not required to elect between asserting a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). Each of defendants' challenges to Huss's breach of fiduciary duty claim has been squarely rejected by the Seventh Circuit, and defendants' motion must be denied.

Huss also has asserted a claim for statutory penalties premised upon the IBM Plan Administrator's withholding of two categories of documents, including (1) SPDs essential to Huss's evaluation of her rights, and (2) other, official plan records "pertinent to the operation of the plan" and again, directly germane to Huss's evaluation of her rights. Each of the disputed documents requested by Huss is a record "pertinent to the operation of the plan"

and indisputably germane to Huss's assessment of her rights. Consideration by this Court of the specific, disputed documents at the appropriate stage of this litigation—a motion for summary judgment rather than a motion to dismiss—will confirm that the disputed documents fall within the purview of 29 U.S.C. §§ 1132(c) and 1024(b)(4). Accordingly, defendants' motion to dismiss the second claim for relief should be dismissed.

## ARGUMENT

**I.     PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM IS PREMISED UPON A VIABLE THEORY OF RECOVERY SEPARATE AND DISTINCT FROM HER 29 U.S.C. § 1132(a)(1)(B) BENEFITS CLAIM.**

Plaintiff's first claim for relief seeks an order pursuant to 29 U.S.C. § 1132(a)(1)(B) enforcing her and her son Joseph's right to benefits under the IBM Plan. Amd. Compl., ¶ 39, Docket No. 23. This claim challenges an erroneous interpretation of the Summary Plan Description ("SPD") that fails to acknowledge the distinction between "eligibility" to enroll in a plan and the "receipt of benefits" under a plan. *Id.,* ¶¶ 34-36. Defendants dispute plaintiff's claimed entitlement to benefits under the express terms of the IBM Plan, and thus dispute her claim for benefits under 29 U.S.C. § 1132(a)(1)(B). *See* Defendants' Answer to Amd. Compl., ¶¶ 34-36, 39, Docket No. 29. If this Court were to reject plaintiff's claim for benefits under 29 U.S.C. § 1132(a)(1)(B), however, plaintiff still would be entitled to pursue her alternative claim for equitable relief for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), in the form of an injunction compelling Joseph's reinstatement in the IBM Plan. Amd. Compl., ¶¶ 48-55.

Plaintiff's alternative claim for breach of fiduciary duty is based on the allegation that the IBM Plan Administrator failed to comply with its fiduciary obligations under 29 U.S.C. § 1022 to publish a SPD "calculated to be understood by the average plan participant," including the "requirements respecting eligibility for participation and benefits." *See* Compl., ¶ 51. This alternative count also is premised upon additional allegations of estoppel. *See* Compl., ¶¶ 52-54.

Contrary to defendants' argument, neither the Supreme Court's decision in *Varity Corp. v. Howe* nor controlling Seventh Circuit case law precludes plaintiff from pursuing her alternative claim for breach of fiduciary duty.

2

**A.      The IBM Plan's Breach of Fiduciary Duty in Failing to Publish an SPD Satisfying the Basic Requirements of 29 U.S.C. § 1022 Supports Plaintiff's Alternative Claim for Relief under 29 U.S.C. § 1132(a)(3).**

Based on inapposite district court decisions and a misapprehension of the Supreme Court's holding in *Varity Corp. v. Howe,* 516 U.S. 489 (1996), defendants argue that because plaintiff has asserted a claim for benefits under § 1132(a)(1)(B), she cannot pursue her *alternative claim* for breach of fiduciary duty under § 1132(a)(3). The Seventh Circuit rejected this contention in *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 583-86 (7th Cir. 2000).

In *Bowerman*, a Wal-Mart employee filed suit under ERISA challenging the Wal-Mart plan's determination that the plaintiff was ineligible to receive benefits for her pregnancy-related medical expenses on the grounds that her pregnancy was an excluded, preexisting condition. *Bowerman*, 226 F.3d at 583. Bowerman had signed up for COBRA benefits after terminating her employment with Wal-Mart. When she decided to resume her employment with Wal-Mart about a month later, Bowerman again became eligible for benefits. Although the Wal-Mart SPD included general language providing that the preexisting condition exclusion would apply to employees upon re-hire, the SPD did not explain the necessity of maintaining COBRA benefits to avoid a gap in coverage. The deficiencies in the Wal-Mart SPD were exacerbated by misleading oral statements made by Wal-Mart representatives who told Bowerman that her pregnancy-related expenses would be paid by the plan without the necessity of maintaining her COBRA coverage. *Id.* at 577-583.[1] Wal-Mart later reversed course, however, and refused to reimburse the plaintiff for her medical expenses. *Id.*

Bowerman—just as Huss has done here—asserted alternative claims in support of her claimed eligibility to receive the disputed benefits, including both a claim for benefits under § 1132(a)(1)(B), and an alternative claim for breach of fiduciary duty under § 1132(a)(3). *Id.* Bowerman alleged that if she failed to prevail on her claim for benefits under § 1132(a)(1)(B),

---

[1] Similarly, Huss has alleged here that she was told on multiple occasions by authorized, IBM Plan representatives that her son Joseph was eligible for enrollment. On one of these occasions, the IBM Plan representative first checked with additional plan personnel about Joseph's eligibility before confirming Joseph's eligibility. Thus—just as in *Bowerman*—the IBM Plan representatives initially interpreted the disputed plan language as supporting Huss's entitlement to the eligibility for benefits. *See* Amd. Compl., ¶¶ 9-12, 31, 52-54.

defendant's breach of fiduciary duty nonetheless entitled her to recover the "amount of her pregnancy-related expenses that would have otherwise been covered by the Plan." *Id.* at 583.

Bowerman also alleged that the Wal-Mart plan administrator had failed to satisfy its fundamental, fiduciary obligation to publish an SPD "calculated to be understood by the average plan participant," and "sufficiently accurate and comprehensive to reasonably apprise" participants of their "rights and obligations under the plan." *Id.* at 587 (*citing* 29 U.S.C. § 1022). *Compare* Amd. Compl., ¶¶ 22, 50-55, Docket No. 23. The Seventh Circuit court concluded that the Wal-Mart plan's "SPD as well as the Plan's COBRA documents failed to provide material information that affected Ms. Bowerman's interests under the Plan." *Id.* at 590.

Citing the Second Circuit's decision in *Estate of Becker v. Eastman Kodak Co.*, 120 F.3d 5, 9-10 (2nd Cir. 1997), the *Bowerman* court held that "'the fiduciaries themselves must be held responsible for the failure to provide complete and correct material information,'" and that "Wal-Mart [had] breached its fiduciary duty by failing to provide complete and accurate information to Ms. Bowerman regarding the terms of the Plan." *Id.* at 591.

Directly contrary to the IBM Plan's contention here that *Varity* somehow *precludes* Huss from pursuing her alternative claim for relief under § 1132(a)(3), the *Bowerman* court came to the opposite conclusion—holding that the *Varity* decision *required* the district court to grant individual relief to Bowerman by compelling payment of the disputed benefits. *Id.* at 591-592. The *Bowerman* court further concluded that Bowerman also was entitled to prevail on her benefits claim under § 1132(a)(1)(B). Thus, *Bowerman* permitted not only the *assertion* of alternative claims for relief at the pleadings stage, but also the *recovery* of equitable relief identical to the relief that had been awarded on the claim for benefits. *Id.* at 586-590.[2]

---

[2] As a practical matter, of course, there was no duplication of recovery in *Bowerman*. The *Bowerman* court's decision merely affirmed Bowerman's entitlement to the disputed benefits under *both* theories of recovery she had asserted—including § 1132(a)(1)(B) and § 1132(a)(3). Huss does not seek a double recovery either—only an order compelling Joseph's enrollment in the IBM Plan, premised on one or all of the following theories: (1) pursuant to the express terms of the IBM Plan SPD; (2) based on principles of estoppel and/or waiver; and/or (3) as redress for the IBM Plan Administrator's breach of fiduciary duty. *See* Amd. Compl., ¶¶ 39, 55, Docket No. 23.

4

The Seventh Circuit noted that Wal-Mart and the district court had misread the Supreme Court's decision in *Varity*, and held that Bowerman was entitled to an order granting the *individual relief* she had requested in her alternative claim for fiduciary duty:

> Because the Plan's Administrator has breached its fiduciary duty to Ms. Bowerman, she is entitled to the equitable remedy of restitution. In this case, we see no reason why that remedy cannot take the same form as the remedy fashioned by the district court with respect to the equitable estoppel claim. … [T]he Plan then must pay the maternity-related medical expenses that it has refused to pay in reliance on the pre-existing condition limitation.

*Id.* at 592. This Court should decline the IBM Plan's invitation to ignore the Seventh Circuit's holding in *Bowerman*,[3] and defendants' motion should be denied.

### B. The *Varity* Decision Did Not Abrogate FEDERAL RULE OF CIVIL PROCEDURE 8(d)(2)'s Express Provisions Permitting the Assertion of Alternative Claims for Relief.

The Seventh Circuit's decision in *Bowerman* is consistent with long-established principles of federal court pleading requirements, as well as Supreme Court precedent in *Varity*. FEDERAL RULE OF CIVIL PROCEDURE 8(d)(2) provides that a "party may set out two or more statements of a claim … alternatively or hypothetically, either in a single count … or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."[4] *See Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2001) (plaintiff is "entitled to plead in the alternative, even if the pleadings are inconsistent") (*citing* 5 Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1283 (2d ed. 1990, Supp. 2001). Contrary to the defendants' argument, as confirmed by the Seventh Circuit in *Bowerman*, nothing in *Varity Corp. v. Howe,* 516 U.S. 489 (1996), precludes an ERISA claimant from pursuing alternative claims for relief under both § 1132(a)(1)(B) and § 1132(a)(3).

---

[3] Huss expressly referenced and relied upon the Seventh Circuit court's decision in *Bowerman* in its three-page *Statement on Filing of Amended Complaint* filed on April 3, 2008. *See* Docket No. 24 at 1-2. Nonetheless, defendants have failed to acknowledge—much less discuss—this controlling, Seventh Circuit decision in their April 23, 2008 Memorandum of Law.

[4] Rule 8 and its subparts were modified and renumbered effective December 1, 2007. The prior version of the alternative pleading rule is identical to the current rule, although it was contained in a different subsection—Fed. R. Civ. P. 8(e)(2) rather than (d)(2).

In *Varity*, former employees and retirees of the defendant employer pursued ERISA claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), claiming their employer had duped them into forfeiting ERISA pension benefits otherwise available to them. *Varity*, 516 U.S. at 491-95. Among other things, the Court held in *Varity* that 29 U.S.C. § 1132(a)(3) authorized plaintiffs to pursue individual—as opposed to merely plan-wide—relief. *Id.* at 507.

Rejecting concerns that a claimant might "repackage his or her 'denial of benefits' claim as a claim for 'breach of fiduciary duty'," the Court concluded that individual relief could be pursued under § 1132(a)(3): "We are not aware of any ERISA-related purpose that denial of a remedy would serve. Rather, we believe that granting a remedy is consistent with the literal language of the statute, the Act's purposes, and pre-existing trust law." *Id.* at 515.

In *Varity*, the Supreme Court did not even *address* the pursuit of alternative claims for relief under §§ 1132(a)(1)(B) and 1132(a)(3), much less *hold* that the pursuit of alternative claims for relief somehow was precluded. *Id.* at 491-515. Nor has the Seventh Circuit *ever* interpreted *Varity* as precluding alternative claims for relief under §§ 1132(a)(1)(B) and 1132(a)(3), despite issuing nearly two dozen published and unpublished decisions citing *Varity*. To the contrary, the Seventh Circuit's interpretation of *Varity permits* the pursuit of alternative claims for benefits and breach of fiduciary duty, and *requires* the issuance of alternative, individual plan relief under § 1132(a)(3). *Bowerman,* 226 F.3d at 583-86.

Rejecting a motion to dismiss identical to the motion filed by the IBM Plan, the federal district court in *Stadel v. Principal Financial Group*, 2006 WL 1520234, *2 (C.D. Ill. 2006), explained that a plaintiff is not required to make such an election:

> [T]he Court will not require Plaintiff to elect a theory of recovery at this stage of the litigation. FEDERAL RULE OF CIVIL PROCEDURE 8(e)(2) states:
>> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. …

6

In summary, Plaintiff is free to plead alternate theories of recovery in her complaint. Thus, the fact that Plaintiff cannot recover under section 1132(a)(3) if she is successful on her other claims does not preclude her from bringing a section 1132(a)(3) claim at this stage of the litigation. *See Devlin v. Empire Blue Cross & Blue Shiled,* 274 F.3d 76, 89 (2d Cir. 2001) (holding "that *Varity Corp.* did not eliminate a private cause of action for breach of fiduciary duty when another potential remedy is available; instead, the district court's remedy is limited to such equitable relief as is considered appropriate.").

Similarly, the district court in *Black v. Long Term Disability Ins.*, 373 F. Supp. 2d 897, 902-903 (E.D. Wis. 2005), concluded that "nothing in *Varity Corp.* overrules federal pleading rules," and that dismissal "at the pleading stage of a case would, in effect, require the plaintiff to elect a legal theory" in violation of Fed. R. Civ. P. 8(d)(2). Instead, the *Black* court held that the courts must "permit the parties to develop the record before addressing the issue of whether either or both claims are viable." *Black*, 373 F. Supp. 2d at 903. *Accord Alderman v. SmartCity Telecommunications, LLC,* 2007 WL 570011, * 3 (M.D. Fla. 2007) (citing both *Varity* and Fed. R. Civ. P. 8(d)(2), and holding that "Plaintiff is permitted to *plead alternative theories of liability* even if those theories are mutually exclusive or contradictory.") (emphasis supplied); *Rosario v. King & Prince Seafood Corp.*, 2006 WL 2367130, * 9 (S.D. Ga. 2006) (*Varity* does not preclude asserting both a claim for benefits and an alternative claim for relief for breach of fiduciary duty); and *Edmond v. Unum Life Ins. Co. of America*, 2004 WL 1406098, * 3 (N.D. Ga. 2004) (citing *Varity*, and holding that "plaintiff may simultaneously assert alternative claims for recovery of benefits" under § 1132(a)(1)(B) and § 1132(a)(3).").

Rather than acknowledging the Seventh Circuit's holding in *Bowerman*, the IBM Plan instead relies upon four inapposite, federal district court decisions in *Rosenberg v. CNA Financial Corp.*, 2005 U.S. Dist. LEXIS 15578 (N.D. Ill. July 22, 2005); *Jurgovan v. ITI Enters.*, 2004 U.S. Dist. LEXIS 11489 (N.D. Ill. June 23, 2004); *Erikson v. Ungaretti & Harris*, 2003 U.S. Dist. LEXIS 21173 (N.D. Ill. Nov. 23, 2003); and *Bandak v. Eli Lilly*, 2007 WL 2694615 (S.D. Ind. Sept. 10, 2007). First, not a single one of these decisions addressed allegations comparable to those asserted here, and embraced in *Bowerman*—namely, allegations of a misleading SPD that fails to comply with 29 U.S.C. § 1022, coupled with misleading oral representations. Second, not one of these decisions mentions the Seventh Circuit's decision in *Bowerman*. Third, neither

7

of these decisions addresses the Seventh Circuit's decision in *Alper v. Altheimer & Gray*, or the other Seventh Circuit authority upholding the viability of pleading alternative claims pursuant to Rule 8(d)(2). The Seventh Circuit's holding in *Bowerman* trumps the inapposite district court decisions relied upon by the IBM Plan, and defendants' motion should be denied.

      **C.**    **The Seventh Circuit's Decision in *Bowerman* Rejects Defendants' Substantive Challenges to Huss's Breach of Fiduciary Duty Claim.**

Defendants also assert three arguments challenging the substantive viability of Huss's breach of fiduciary duty claim, arguing that (1) misstatements by the IBM Services Center cannot give rise to a breach of fiduciary duty; (2) "technical violations" of 29 U.S.C. § 1022 do not give rise to a breach of fiduciary duty claim; and (3) equitable estoppel cannot be based on oral representations. Each of these arguments is expressly repudiated by *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 583-86 (7th Cir. 2000).

First, defendants argue that the statements to Huss by the IBM Plan's Customer Service Specialists employed in the IBM Employee Services Center cannot be attributed to Barnes as the Plan Administrator, because they are "neither ERISA fiduciaries nor parties to this action." Defs.' Mem. at 8. In *Bowerman*, however, the Seventh Circuit held that even statements made by non-fiduciary personnel *outside the employ* of the Plan can be attributed to the Plan Administrator when cloaked with apparent authority. *Bowerman*, 226 F.3d at 588-89.[5]

Here, Huss has alleged that the individuals making the representations were "Customer Service Specialists" employed in the IBM Employee Services Center. *See* Amd. Compl., ¶¶ 9-12. *Bowerman,* 226 F.3d at 589 ("Bowerman did indeed inquire of the Plan service representative available through the toll-free number," and "telephoned the Plan service representative, as instructed by the 1995 SPD, to obtain answers related to her medical benefits.") For obvious reasons, the Seventh Circuit does not require that each Plan employee qualify as a "plan

---

[5] Defendants do not dispute that the individuals making the representations to Huss were employed in the IBM Employee Services Center. *See* Answer to Amd. Compl., ¶¶ 9-12. In *Bowerman*, where the authority of the individuals dispensing the oral statements *was* disputed, the district court made its findings with respect to these individuals' apparent authority during the course of a bench trial—not on a motion to dismiss. *Bowerman*, 226 F.3d at 583.

8

fiduciary" in order for his statements to be attributable to the Plan Administrator. Such a rule would be absurd where, as here, a Plan Administrator often oversees the benefits of thousands of employees and retirees with the assistance of multiple, administrative staff employees.

Second, defendants argue that mere "technical violations" of the ERISA "procedural" requirements of 29 U.S.C. § 1022 cannot give rise to liability for breach of fiduciary duty. Defs.' Mem. at 9-10. *Bowerman* makes clear, however, that the publication of an ambiguous and misleading SPD in violation of 29 U.S.C. § 1022 is no "technical" violation of an ERISA "procedural" requirement. *Id.* at 587-91. *Bowerman* concluded that the Wal-Mart plan's violation of § 1022 not only supported a claim for benefits, *id.* at 587-88, but also gave rise to a claim for breach of fiduciary duty, *id.* at 591. This is particularly true where, as alleged by Bowerman and by Huss, an SPD out-of-compliance with § 1022 is coupled with inaccurate oral statements by plan representatives. *Id.* at 587-91; and Amd. Compl., ¶¶ 9-12, 22-23, 50-51. None of the decisions relied upon by the defendants addressed substantive violations of § 1022 coupled with inaccurate and misleading oral statements by authorized plan representatives. Indeed, each of the Seventh Circuit decisions cited by the defendants acknowledges the viability of the *Bowerman* decision. *See Kannapien v. Quaker Oats*, 507 F.3d 629, 637 (7th Cir. 2007); and *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 639 (7th Cir. 2004).

Third, defendants assert that the oral misrepresentations alleged by Huss in her amended complaint cannot support claims of estoppel or breach of fiduciary duty. Following form, defendants once again ignore the *Bowerman* court's holdings to the contrary. *Bowerman*, 226 F.3d at 586-588.[6] Confronted with allegations of a misleading SPD coupled with oral misstatements, the *Bowerman* court rejected the argument advanced by the IBM Plan here:

---

[6] Remarkably, even at this stage in the litigation the defendants *continue* to erroneously rely upon an entirely inapplicable version of the SPD. *See* Defs.' Mem. at 12-13 ("Plaintiff admits she received a written copy of the 2006 SPD …."). As set forth in detail in Huss's pre-suit appeal letters, and again in the specific allegations of the original and amended complaint, the operative version of the SPD was published on August 5, 2003. The IBM Plan's decision to expel Joseph from the Plan was based on Eileen's alleged failure to comply with a purported "written application" requirement prior to Joseph's turning age 23 in *August of 2004*. The August 5, 2003 version of the SPD—not the 2006 version that the IBM Plan continues to rely upon—is the version of the SPD in effect when Joseph turned 23, and thus, the version that governs this claim. As pointed out in the amended complaint, the SPD in effect in 2004 did not even require the submission of a written application. *See* Amd. Compl., ¶ 35.

9

> We have made clear in our earlier cases that the oral representations of an ERISA plan may not be relied upon by a plan participant when the representation is contrary to the written terms of the plan and those terms are set forth clearly. *Here, that rule is not applicable because the Wal-Mart Plan documents are not free from ambiguity; indeed, they leave the employee in Ms. Bowerman's situation guessing as to the appropriate course of action.*

*Id.* at 588 (citations omitted; emphasis supplied). That is precisely what is alleged here. Not only did the IBM Plan SPD leave "the employee guessing," but the IBM Customer Service Specialists themselves concluded—based on a review and analysis of the plan language now relied upon by defendants to *deny* eligibility—that Joseph was entitled to enrollment. Given the IBM Plan's own, initial assessment of the eligibility requirements, there is no question that the SPD is *at best* ambiguous and misleading. Amd. Compl., ¶¶ 9-12, 22-23, 50-51.[7]

Once again, moreover, the two decisions relied upon by defendants do not address the factual allegations present here and in *Bowerman*. Defs.' Mem. at 12-23. Both *Frahm v. Equitable Life Assur. Soc.*, 137 F.3d 955 (7th Cir. 1998) and *Schmidt v. Sheet Metal Workers Pension Fund*, 128 F.3d 541 (7th Cir. 1997), precede the Seventh Circuit's August 18, 2000 decision in *Bowerman*. Further, *Bowerman* specifically distinguishes these two decisions. *Bowerman*, 226 F.3d at 586. Defendants' substantive challenges to the breach of fiduciary duty claim are misplaced, and are refuted by *Bowerman*. Defendants' motion should be denied.

II. **COUNT II OF THE AMENDED COMPLAINT IS EXPLICITLY PREMISED UPON THE WITHHOLDING OF PLAN DOCUMENTS REQUIRED TO BE FURNISHED PURSUANT TO 29 U.S.C. § 1132(c).**

Defendants also have moved to dismiss Huss's second claim for relief under 29 U.S.C. § 1132(c), arguing that (1) the IBM Plan can only be held responsible for statutory penalties for failing to furnish the "current" version of the SPD, and (2) the IBM Plan was not required to

---

[7] Huss's alternative pleading is not a concession that the IBM Plan can be reasonably interpreted, as written, to support the IBM Plan's rejection of Joseph from the Plan. Huss has alleged in her first claim for relief, of course, that *the actual language* of the disputed provision in the SPD published by the IBM Plan *supports* Joseph's eligibility for enrollment. Amd. Compl., ¶¶ 28-39. Defendants take a contrary position. Answer to Amd. Compl., ¶¶ 28-39. Huss has asserted in *the alternative* that "in the event the Court reaches a different conclusion, however, and concludes that the subject provisions are ambiguous," then the lack of clarity and comprehensiveness required by 29 U.S.C. § 1022, coupled with the IBM Plan's own statements that the Plan supported Joseph's eligibility, supports Huss's alternative claim for breach of fiduciary duty. Amd. Compl., ¶¶ 48-55.

furnish the additional documents requested by Huss that were necessary to the evaluation of her rights. Huss's complaint states a viable claim for relief under 29 U.S.C. § 1132(c), and defendants' motion to dismiss the second claim for relief must be denied.[8]

### A. The IBM Plan Administrator's Withholding of the Summary Plan Descriptions Essential to Plaintiff's Evaluation of Her Rights Supports Plaintiff's Statutory Penalty Claim under 29 U.S.C. § 1132(c)(1)(B).

Huss has asserted a statutory penalty claim against the IBM Plan Administrator for failing to furnish a number of documents requested by Huss, including copies of each of the SPDs and amendments in effect in calendar years 2003, 2004, 2005, and 2006. Amd. Compl., ¶¶ 40-46. Defendants argue that §§ 1132(c) and 1024(b)(4) only required the IBM Plan to furnish Huss a copy of the "latest" iteration of the SPD, and thus, its tendering of the 2006 version of the SPD to Huss absolves defendants of any liability for statutory penalties.

While prior versions of plan documents *that are not germane* to a claim are not subject to mandatory production under § 1132(c), such SPDs are subject to § 1132(c) and its penalty provisions if, under the circumstances, the earlier versions of the plan documents are *relevant to evaluating the participant's rights*. *See, e.g., Ames v. American Nat'l*, 170 F.3d 751, 759 (7th Cir. 1999) (older versions of plan documents and SPDs germane to claim found to fall within the purview of the penalty provisions); and *Allen v. Honeywell Ret. Earnings Plan*, 382 F. Supp. 2d 1139 (D. Ariz. 2005) (prior iterations of plan documents germane to claim fall within purview

---

[8] Defendants' claim that plaintiff's amended complaint somehow falls short of this Court's instructions at the March 13, 2008 conference with respect to the factual allegations necessary to support a statutory penalty claim under 29 U.S.C. §§ 1132(c) and 1024(b)(4) is mystifying. *See* Defs.' Mem. at 5 n.4. This Court granted (with leave to re-plead) the breach of fiduciary duty claim in Count III, but **denied defendants' motion to dismiss the statutory penalty claim in Count II**. *See* Minute Order, Docket No. 22. Since this Court did not even require Huss to *re-plead* the statutory penalty claim, Huss is not remiss in failing to follow the unspecified "instructions" alluded to in defendants' motion papers. In any event, the allegations asserted in the amended complaint in support of the statutory penalty claim identify the requested documents with specificity, and make clear why such documents were "pertinent to the operation of the plan" and germane to Huss's assessment of her rights. Huss cannot be more specific in her description of the withheld documents, of course, until she receives copies of these documents in response to her outstanding discovery requests.

of § 1132(c)); *compare Shields v. Local 705*, 188 F.3d 895, 903 (7th Cir. 1999) ("outdated" plan documents predating the claimed eligibility date fall outside the purview of § 1132(c)).[9]

Here, the withheld plan documents requested by Huss were relevant to evaluating her rights under the IBM Plan. *See* Amd. Compl., ¶¶ 15, 20, 43-45. This applies with the greatest force to the August 5, 2003 version of the SPD, because that is the version of the SPD that the IBM Plan is forced to rely upon in support of its decision. The IBM Plan invoked a purported "written application" requirement to preclude Joseph's enrollment in the plan, asserting that Eileen should have submitted this application at least 60 days prior to Joseph's attaining age 23—resulting in a June 9, 2004 deadline. Amd. Compl., ¶ 35. Thus, the version of the SPD in effect on June 9, 2004 was the SPD published on August 5, 2003. *Id.*

Section 1024(b)(4) does not *only* require plan administrators to furnish a *current* SPD upon request—the statute also imposes an obligation to furnish any "other instruments under which the plan is established or operated." *See* 29 U.S.C. § 1024(b)(4). This encompasses all documents "pertinent to the operation of the plan," *Ames*, 170 F.3d at 759, including documents necessary to "'allow the individual participant to know exactly where [she] stands with respect to the plan—what benefits [she] may be entitled to, what circumstances may preclude [her] from obtaining benefits ....'" *Hess v. Hartford Life & Acc. Ins. Co.*, 91 F. Supp. 2d 1215, 1226 (C.D. Ill. 2000) (applying the Seventh Circuit's decision in *Ames*).

It is beyond cavil that Huss could not evaluate her rights here without reviewing the very SPD upon which the IBM Plan purports to rely. It was equally necessary to review the additional SPDs published from June 9, 2004 until the date of Joseph's expulsion from the

---

[9] Defendants' reliance on *Shields v. Local 705*, 188 F.3d 895 (7th Cir. 1999), is misplaced. In *Shields*, the ERISA claimant had retired in January 1994, and had begun to receive pension benefits under the plan in effect on February 1, 1994. *Id.* at 897-98. The plaintiff's claimed entitlement to benefits beyond those provided for in the 1994 version of the plan was premised upon alleged oral representations made to him by representatives of the plan. The Shields decision did not conclude that the claimant's rights were in any way dependent upon the terms of the disputed, "outdated" versions of the SPD in effect in January 1989 and March 1967. Nothing in *Shields* undercuts the Seventh Circuit's interpretation of § 1024(b)(4) as encompassing all *relevant* plan documents "pertinent to the operation of the plan." Instead, both *Shields* and *Ames* engage in a case-by-case assessment of whether or not, under the circumstances, the requested documents are germane to the claimant's rights.

Plan. Until provided access to those documents, Huss had no way of determining whether intervening amendments to the Plan vacated or modified the written application requirement relied upon by the IBM Plan. *See* Amd. Compl., ¶¶ 40-45. Indeed, once Huss had retained counsel and the IBM Plan belatedly produced the August 5, 2003 iteration of the SPD, Huss discovered that such amendments had been made, and that the very language the IBM Plan relied upon *was not even contained in the August 5, 2003 version of the SPD.*[10]

Based on the controlling Seventh Circuit precedent in *Ames* and its progeny, defendants' contention that its furnishing of an inapplicable version of the SPD somehow absolves it of liability for statutory penalty exposure should be rejected, and defendants' motion to dismiss this claim should be denied.

> **B.    The IBM Plan Administrator's Withholding of Additional Documents "Pertinent to the Operation of the Plan" Likewise Supports Plaintiff's Statutory Penalty Claim under 29 U.S.C. § 1132(c)(1)(B).**

Huss also premises her statutory penalty claim upon the IBM Plan Administrator's continued refusal to produce a number of other records "pertinent to the operation of the plan," and absolutely necessary to "'allow [Huss] to know exactly where [she] stands with respect to the plan—what benefits [she] may be entitled to, [and] what circumstances may preclude [her] from obtaining benefits ….'" *Ames*, 170 F.3d at 759; and 91 F. Supp. 2d at 1226. *See* Amd. Compl., ¶¶ 46-47.

Documents in this second category include the official Plan records memorializing Huss's contacts with the IBM Plan; Plan records reflecting Joseph's original, albeit short-lived status as an eligible dependent under the Plan; Plan records reflecting the events, circumstances, and communications of IBM Plan personnel relevant to Huss's estoppel and

---

[10] The IBM Plan's inappropriate and misleading quotation from and reliance upon language in the *2006 version* of the SPD that appears nowhere in the August 5, 2003 version of the SPD is pertinent not only to this Court's determination of the amount of the statutory penalty to impose, but also has a direct bearing on the arbitrary and capricious manner in which Huss's claim has been handled. The requested SPDs should have been produced in accord with § 1024(b)(4), and the IBM Plan Administrator's failure to do so subjects it to penalties under § 1132(c). Huss respectfully submits that it is premature to evaluate the full significance of these documents at the pleading stage, as these SPD documents will be prominently discussed in the parties' eventual motions for summary judgment to address the first and third claims for relief.

13

waiver claims; and other Plan documents reflecting the IBM Plan's interpretation and application of the disputed "written application" provision to Huss's claims. Amd. Compl., ¶ 47(a)-(c). These records may demonstrate, for example, Huss's compliance with the August 5, 2003 version of the Plan's eligibility requirements, and may refute defendants' contentions by demonstrating Joseph's prior enrollment as a dependent in the Plan.

Defendants do not contend that the requested documents are not "pertinent to the operation of the plan," or that they are not germane to Huss's efforts to evaluate her rights. Instead, defendants cite *Wilczynski v. Lumberman's Mut. Cas. Co.*, 93 F.3d 397 (7th Cir. 1996), a decision that stands for the unremarkable proposition that a plan administrator is not subject to § 1132(c) penalties for failing to produce its entire "claim file" upon request. Huss's statutory penalty claim is not premised on such a broad request. *See* Amd. Compl., ¶¶ 40-47. While there are limits to the categories of documents that will expose a plan administrator to statutory penalty exposure, the documents requested by Huss and refused by the IBM Plan Administrator fall well within purview of the test enunciated in *Ames*.

During the previous hearing in this action, this Court denied defendants' motion to stay discovery. In accord with this Court's order, Huss served a May 1, 2008 request for production of documents encompassing, among other things, the second category of materials giving rise to its § 1132(c) penalty claim. Regardless of the scope of § 1132(c), of course, these documents are nonetheless discoverable on a number of issues, *Ames*, 170 F.3d at 759, including the interpretation of ambiguities in the SPD language, the existence of waiver or estoppel, administrative misconduct, and the breach of fiduciary duties. *See, e.g., Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813-16 (7th Cir. 2006) (discovery to explore allegations of administrative misconduct during review); *Vallone v. CNA Financial Corp.*, 375 F.3d 623, 628-30 (7th Cir. 2004) (discovery appropriate in support of estoppel claim); *Perlman v. Swiss Bank Corp.*, 195 F.3d 975, 981-82 (7th Cir. 1999); *Krawczyk v. Harnischfeger Corp.*, 41 F.3d 276, 279 (7th Cir. 1994) (review of extrinsic evidence necessary when faced with ambiguous plan terms); and *Lister v. Stark*, 942 F.2d 1183, 1189 (7th Cir. 1991) (it is arbitrary and capricious not to examine extrinsic evidence when interpreting an ambiguous plan).

Huss respectfully suggests that this Court will be in a better position to evaluate defendants' challenge, and to determine which of the disputed documents fall within the purview of § 1132(c), once it has the benefit of reviewing the actual, disputed documents. The identification of the specific documents giving rise to statutory penalty exposure should await determination on summary judgment. Defendants' motion to dismiss Huss's second claim for relief should be denied.

## CONCLUSION

For each of the reasons set forth above, defendants' motion to dismiss counts two and three in the amended complaint should be dismissed.

Dated this 14th day of May, 2008.

Respectfully submitted,

**/s/ Paul F. Heaton**
Paul F. Heaton
Brian G. Cahill
GASS WEBER MULLINS LLC
309 North Water Street, 7th Floor
Milwaukee, Wisconsin 53202
Tel:	414-223-3300
Fax:	414-224-6116
heaton@gasswebermullins.com
cahill@gasswebermullins.com

and

William G. Beatty
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404
Tel:	312-372-0770
Fax:	312-473-9828
Beattyw@jbltd.com

Attorneys for Plaintiff, Eileen M. Huss