UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EILEEN M. HUSS, individually and as Guardian for JOSEPH R. HUSS, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07 C 7028 |
| | ) | Judge James B. Zagel |
| IBM MEDICAL AND DENTAL PLAN and R.A. BARNES in her capacity as Plan Administrator, | ) ) ) ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT**

Defendants IBM Medical and Dental Plan (the "Plan") and R.A. Barnes ("Barnes" or the "Plan Administrator"), by and through their undersigned counsel, submit their reply in support of their motion to dismiss Counts II and III of Plaintiff's Amended Complaint.

**I.    PLAINTIFF HAS FAILED TO ESTABLISH GROUNDS FOR DENIAL OF DEFENDANTS' MOTION TO DISMISS COUNT III - THE BREACH OF FIDUCIARY DUTY CLAIM.**

In her Response, Plaintiff argues that her breach of fiduciary duty claim should survive the instant motion to dismiss because it is premised upon a viable theory of recovery that is separate and distinct from her 29 U.S.C. § 1132(a)(1)(B) denial of benefits claim. (See Pl.'s Resp. at 2.[1]) In support of her position, Plaintiff relies heavily on the decision in Bowerman v. Walmart Stores, Inc., 226 F.3d 574 (7th Cir. 2000). Specifically, Plaintiff argues that: (1) pleading alternative theories of relief saves her § 1132(a)(3) claim from dismissal; (2) the myriad of decisions interpreting the Supreme Court's decision in Varity Corp. v. Howe, holding that the availability of a claim for denial of benefits under § 1132(a)(1)(B) precludes a § 1132(a)(3)

---

[1] Citations to Plaintiff's Response to Defendants' Motion to Dismiss are noted as "Pl.'s Resp. at __."

claim, are somehow rejected by Bowerman; and (3) the decision in Bowerman expressly repudiates Defendant's substantive challenges to Plaintiff's breach of fiduciary duty claims. (See Pl.'s Resp. at 3-9.) For the reasons set forth below, Plaintiff is incorrect.

### A. The Seventh Circuit's Decision in Bowerman Does Not Reject Varity and Subsequent Case Law.

In Varity Corp. v. Howe, 516 U.S. 489 (1996), the Supreme Court reviewed ERISA's civil enforcement provisions and concluded that § 1132(a)(3) was a "catchall" remedial provision that provided plaintiffs' (who had no other remedy available to them[2]) with a cause of action for individual appropriate equitable relief. The Supreme Court, however, then noted the limited scope of § 1132(a)(3) relief, cautioning that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case, such relief normally would not be 'appropriate.'" Id. at 512.

The Seventh Circuit has not directly applied Varity. However, several other circuit courts and judges of this court have heeded the Supreme Court's warning, interpreting Varity as limiting the availability of a claim for equitable relief under § 1132(a)(3) to circumstances where adequate relief cannot be obtained under § 1132(a)(1)(B). See Rice v. Humana Insurance Co., 2007 U.S. Dist. LEXIS 40740, *9 (N.D. Ill. June 4, 2007)[3], citing Heroux v. Humana Ins. Co., 2005 U.S. Dist. LEXIS 11712 (N.D. Ill. June 8, 2005); Powers v. Corn Products, 2008 U.S. Dist. LEXIS 36130 (N.D. Ill. May 2, 2008); Erickson v. Ungaretti & Harris, 2003 U.S. Dist. LEXIS 21173 (N.D. Ill. Nov. 24, 2003); Korotynska v. Metro Life Ins. Co., 474 F.3d 101, 106 (4th Cir. 2006) (noting that the great majority of circuit courts have interpreted Varity to hold that a

---

[2] See Varity, 516 U.S. at 515, noting that plaintiffs' must rely on §1132(a)(3) "or they have no remedy at all."

[3] Copies of all electronic authorities cited herein are attached, in alphabetical order, as Exhibit A.

claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under §1132(a)(3)).

Plaintiff argues, however, that <u>Bowerman</u> "trumps" this case law with respect to <u>Varity</u> claim preclusion. (<u>See</u> Pl.'s Resp. at 8.) Once again, Plaintiff has clearly missed the mark. Contrary to Plaintiff's mischaracterization of the effect of the <u>Bowerman</u> decision on <u>Varity</u>, the Seventh Circuit did <u>not</u> directly address the preclusion issue raised in <u>Varity</u>. Instead, the Seventh Circuit reviewed <u>Varity</u> in the context of whether individual equitable relief was available under §1132(a)(3). <u>See</u> <u>Bowerman</u>, 226 F.3d at 592. The Seventh Circuit concluded that it was so available and reversed the district court's decision limiting relief under §1132(a)(3) to plan-wide (as opposed to individual) equitable relief. <u>See</u> <u>id</u>. The Seventh Circuit then found that the payment of plan benefits that Ms. Bowerman would have received absent the breach of fiduciary duty was appropriate equitable relief that was available under § 1132(a)(3).[4] Because the breach of fiduciary duty claim was only addressed by the Seventh Circuit to correct the district court's erroneous interpretation of <u>Varity</u>, any discussion of <u>Varity</u> claim preclusion in <u>Bowerman</u> was arguably dicta.

Plaintiff, however, seemingly interprets <u>Bowerman</u> as providing her with the unfettered discretion to pursue alternative causes of action under §§ 1132(a)(1)(B) and (a)(3). The flaws inherent in this argument are highlighted when one considers that, as noted above, the <u>Varity</u> plaintiffs did not have standing to bring a claim under § 1132(a)(1)(B). <u>See</u> <u>Varity</u>, 516 U.S. at 515.

Contrary to Plaintiff's assertion, <u>Bowerman</u> did not directly address <u>Varity</u> claim preclusion. As a result, <u>Bowerman</u> does not and cannot alter the Supreme Court's limitation on

---

[4] Defendants point out that this remedy, described by the Seventh Circuit as the "equitable remedy of restitution", would not be available under § 1132(a)(3) following the Supreme Court's decision in <u>Great West Life v. Knudson</u>, 534 U.S. 204 (2002).

3

the availability of claims under §1132(a)(3), and the numerous subsequent interpretive decisions dismissing such claims where, as here, adequate relief is available under §1132(a)(1)(B).

      **B.    An ERISA Breach of Fiduciary Duty Claim, Pled "in the alternative" to a Claim for Benefits, Is Not Insulated From Early Dismissal.**

Plaintiff further argues that, notwithstanding Varity and its progeny, Fed. R. Civ. P. 8(d) allows her to plead her §1132(a)(1)(B) and §1132(a)(3) claims in the alternative (See Pl.'s Resp. at 2, 5-8.) Plaintiff's reliance on Fed. R. Civ. P. 8(d) is misplaced and completely disregards recent opinions from this court that have considered and rejected similar arguments. Rice, supra; Powers v. Corn Products, 2008 U.S. Dist. LEXIS 36130 (N.D. Ill. May 2, 2008). In Rice, the court specifically rejected this argument, finding it "irrelevant" that alternate pleading is permitted under the Federal rules and holding that, under Varity, plaintiff's § 1132(a)(3) claim must be dismissed because adequate relief may be obtained under § 1132(a)(1)(B). Rice, 2007 U.S. Dist. LEXIS 40740, *11 (N.D. Ill. June 4, 2007).

Similar to the Plaintiffs in Rice and Powers, Huss does not seek any relief in her claim under §1132(a)(3) that would be unavailable to her under § 1132(a)(1)(B). In fact, Huss admits that she is seeking the same relief under the alternate theories of recovery. (See Pl.'s Resp. at 4, fn2.) Under these circumstances, Varity and its progeny mandate the dismissal of the §1132(a)(3) claim. See Gore v. El Paso Energy Corp., 477 F.3d 833 (6th Cir. 2007) (allowing a claim under §1132(a)(3) to proceed where (unlike here) the relief sought under §1132(a)(3) substantively differed from that sought under §1132(a)(1)(B)).

Whether phrased as an action for equitable relief, or for ERISA benefits, the relief Plaintiff seeks in Counts I and III of her Amended Complaint is substantively identical: that Joseph be enrolled in the Plan and receive benefits under the Plan. (See A.C. ¶¶ 28-39, 51-53.[5])

---

[5] Citations to Plaintiff's Amended Complaint are noted as "A.C. ¶ __."

Because there is an alternate adequate remedy, and the relief sought is identical under both, Plaintiff's claim for relief under § 1132(a)(3) is inappropriate and Count III of the Amended Complaint must be dismissed.

### C. The Bowerman Decision Does Not Defeat Defendants' Substantive Challenges to Plaintiff's Breach of Fiduciary Duty Claim.

Plaintiff further argues that Defendants' substantive challenges to her breach of fiduciary duty claim are repudiated by the decision in Bowerman. Relying on Bowerman, Plaintiff claims that the alleged misstatements by the Customer Service Specialists employed in the IBM Services Center can be attributed to the Plan Administrator because they provided materially misleading information to Huss, upon which she detrimentally relied regarding Joseph's eligibility for benefits under the Plan. (See Pl.'s Resp. at 8-10.) Huss further argues that the terms of the Plan are ambiguous and misleading. (See id. at 9.) Finally, Huss, in a blatant attempt to awkwardly shoehorn our facts into the Bowerman scenario, argues that these oral misrepresentations, coupled with ambiguous and misleading Plan language, estop Defendants from denying Joseph's eligibility to participate in the Plan. (See id. at 8-10.)

The facts in the case are readily distinguishable from the facts in Bowerman. In Bowerman, the plaintiff filed a lawsuit against Wal-Mart alleging that Wal-Mart, through the Plan, wrongfully denied her benefits and that she was therefore entitled to recover those benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Bowerman, 226 F.3d at 583. The Bowerman plaintiff alternatively alleged that Wal-Mart breached its fiduciary duties under ERISA by not timely informing her of the consequences of failing to elect COBRA coverage for the time she was not working at Wal-Mart, approximately one month. Id. Affirming the decision below, the Court concluded that Wal-Mart should be estopped from denying coverage for plaintiff (based on ambiguous plan provisions and materially misleading responses to plaintiff's inquiries on which

5

plaintiff reasonably relied) and granted plaintiff's claim for benefits under §1132(a)(1)(B). See id. at 589. The Court reasoned that it was the representation of the service representative that caused plaintiff to have the fatal break in her coverage. See id.

Here, unlike in Bowerman, the written Plan document provided accurate information. Further, the oral statements at issue were not knowing misrepresentations. Finally, in Bowerman the oral misrepresentations caused plaintiff not to make the COBRA payment and therefore to lose coverage. In contrast, the misrepresentations alleged here occurred several years after the relevant deadline had passed (Joseph's 23rd birthday in August 2004.)

Accordingly, Count III should be dismissed in its entirety.

## II.    COUNT II'S CLAIM FOR STATUTORY PENALTIES IS UNSUPPORTED IN FACT OR LAW.

In her Response, Plaintiff argues that her claims for statutory penalties under 29 U.S.C. §1132(c) state a viable claim for relief because Defendants failed to produce all Plan documents that are germane to her claim. (See Pl.'s Resp. at 11.) In support of her position, Plaintiff misleads the Court regarding the operative plan document that governs this claim and incorrectly applies the holding in Ames v. American National Can Company, 170 F3d 751 (7th Cir. 1999). (See Pl.'s Resp. at 9, 11-14.)

### A.    The 2006 SPD Is The Operative Plan Document

Plaintiff first argues that "remarkably, even at this stage in the litigation, the Defendants *continue* to rely upon an entirely inapplicable version of the SPD." (Pl.'s Resp. at 9.) Plaintiff's observation is based on the following alleged facts: "The IBM Plan's decision to expel Joseph from the Plan was based on Eileen's failure to comply with a purported "written application" requirement prior to Joseph's turning age 23 in August of 2004. The August 5, 2003 version of the SPD − not the 2006 version that the IBM Plan continues to rely upon − is the version of the

SPD in effect when Joseph turned 23, and thus, the version that governs this claim." (Pl.'s Resp. at 9.) Plaintiff concludes, therefore, that the alleged failure to timely produce the August 5, 2003 version of the SPD supports her claim for statutory penalties under 29 U.S.C. §1132(c).

Not surprisingly, Plaintiff does not cite any decisions to support her outlandish claim. The law in the Seventh Circuit, however, is clear that the operative plan document is the document in effect <u>at the time benefits were denied</u>. <u>See</u> <u>Hackett v. Xerox</u>, 315 F.3d 771, 774 (7th Cir. 2003) (absent any language suggesting ambiguity on the vesting question, the controlling plan must be the plan in effect at the time the benefits were denied.)

A claim accrues at the time benefits are denied. <u>Daill v. Sheet Metal Workers Local 73 Pension Fund</u>, 100 F.3d 62, 65 (7th Cir. 1996). Plaintiff's claim therefore accrued in January 2007. (A.C. ¶ 13.) As a result, the applicable Plan document is the January 1, 2006 SPD, which was provided to Plaintiff within 15 days of her request. (A.C. ¶¶ 14-15.) Because Defendants timely provided Plaintiff with the applicable Plan documents, statutory penalties cannot be assessed against Defendants on this basis.

      **B.**     **<u>Defendants Provided Plaintiff with All Plan Documents They Were Required to Furnish Pursuant to 29 U.S.C. §1132(c).</u>**

Contrary to Plaintiff's claims, section § 1024(b)(4) has been narrowly construed by the Seventh Circuit, which has held that the scope of § 1024(b)(4) is limited to the documents "described with particularity within" and "other instruments similar in nature." <u>Ames</u>, 170 F.3d at 758-59. Plaintiff attempts to mislead this Court by misrepresenting the holding in <u>Ames</u> to support her claim that she is entitled to the myriad of documents requested. (<u>See</u> Pl.'s Resp. at 11, 13-14). Plaintiff further argues that the Seventh Circuit, in <u>Ames</u>, held that "older versions of plan documents and SPDs germane to claim found to fall within the purview of the penalty provision." (<u>Id.</u>). Contrary to Plaintiff's misinterpretation of the holding from <u>Ames</u>, however,

7

the Ames Court actually held that the affirmative obligation to disclose materials under ERISA, punishable by penalties, extends only to a defined set of documents. Id. at 758-759.[6]

Here, Plaintiff admits timely receiving the 2006 Summary Plan Description. (A.C. at ¶15.) As noted above, the 2006 Summary Plan Description is the relevant governing plan document. Plaintiff further alleges that she was entitled to receive the 2003, 2004 and 2005 versions of the Summary Plan Descriptions and various documents reflecting communications between Plaintiff and Plan personnel. (A.C. at ¶¶ 43-47.) In light of the Seventh Circuit's narrow construction of 29 U.S.C §1024(b)(4), Defendants did not have a statutory obligation to disclose the information requested by Plaintiff - claim files, communication documents, or older versions of the SPD - because none of these documents is an instrument under which the Plan is "established or operated." Absent such obligation, statutory penalties may not be imposed for the alleged failure of Defendants to provide the requested documents.

Accordingly, based on the allegations in her Amended Complaint, Plaintiff has not alleged any grounds for entitlement to relief, and Count II should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order dismissing Counts II and III of Plaintiff's Amended Complaint in their entirety and with prejudice.

Dated: May 28, 2008                IBM MEDICAL AND DENTAL PLAN and
                                   R.A. BARNES

                                   By:    /s/ Peter R. Bulmer
                                          One of the Attorneys for Defendants

---

[6] Plaintiffs' misrepresentations in this regard are further highlighted by the fact that the only document in Ames found to support a potential award of statutory penalties under § 1132(c) was the current severance plan. Id. at 759.

8

Peter R. Bulmer  
Sara A. Weinberg  
Jackson Lewis LLP  
320 West Ohio Street, Suite 500  
Chicago, Illinois 60610  
Tel:    312.787.4949  
Fax:    312.787.4995  
Email: bulmerp@jacksonlewis.com  
           weinbers@jacksonlewis.com  
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, Peter R. Bulmer, an attorney, certify that on the 28th day of May, 2008, I caused a true and correct copy of the foregoing Defendants' Reply in Support of Their Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint to be electronically filed pursuant to the Court's ECF/CM protocols. Notice of these filings will be sent to all parties registered to receive electronic notification, including counsel for plaintiff:

Paul F. Heaton
Brian G. Cahill
Gass, Webber, Mullins LLC
309 North Water Street
7th Floor
Milwaukee, WI 53202-5718

William G. Beatty
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603

　　　　　　　　　　　　　　　　/s/ Peter R. Bulmer