# EXHIBIT A

LEXSEE 2003 U.S. DIST. LEXIS 21173

**JILL ERIKSON, Plaintiff, v. UNGARETTI & HARRIS - EXCLUSIVE PROVIDER PLAN and UNICARE LIFE & HEALTH INSURANCE COMPANY, Defendants.**

**No. 03 C 5466**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*2003 U.S. Dist. LEXIS 21173; 31 Employee Benefits Cas. (BNA) 2720*

**November 21, 2003, Decided**
**November 24, 2003, Docketed**

**DISPOSITION:** [*1] Defendants' motion to dismiss part of complaint granted.

**COUNSEL:** For JILL ERIKSON, plaintiff: Mark D. DeBofsky, Daley, DeBofsky & Bryant, Chicago, IL.

For UNGARETTI & HARRIS, defendant: Theodore E. Harman, Ungaretti & Harris, Chicago, IL.

For UNICARE LIFE & HEALTH INSURANCE COMPANY, defendant: Donald Alan Murday, Elizabeth Gwynn Doolin, Joseph R. Jeffery, Chittenden, Murday & Novotny, LLC, Chicago, IL.

**JUDGES:** MARVIN E. ASPEN, United States District Judge.

**OPINION BY:** MARVIN E. ASPEN

**OPINION**

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge.

On August 6, 2003, Jill Erikson filed a three-count complaint against defendants Ungaretti & Harris - Exclusive Provider Plan and Unicare Life and Health Insurance Company (hereinafter "defendants") seeking an award of welfare benefits pursuant to various provisions of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), *29 U.S.C. § 1001, et seq.* The defendants filed a motion to dismiss the complaint with respect to Count II. For the reasons set forth below, we grant the defendants' motion. [1]

1  This Court has original jurisdiction over this action pursuant to *28 U.S.C. § 1331* because it is an action brought under the laws of the United States (specifically, ERISA).

[*2] **BACKGROUND**

For the purpose of a motion to dismiss, we accept all well-pled allegations as true. *MCM Partners, Inc. v. Andrews-Bartlett & Assocs., Inc., 62 F.3d 967, 972 (7th Cir. 1995).* We therefore recite the facts as Erikson presents them in her complaint.

Plaintiff Jill Erikson was a full-time employee of Ungaretti and Harris, a Chicago law firm, when, in February of 2002, she ceased working after suffering a seizure resulting from a blood clot in her brain. (Compl. P8.) At that time, she entered Castlewood Residential Treatment Center for treatment relating to the blood clot and other physical impairments. Erikson subsequently made a claim for benefits under Ungaretti and Harris' welfare benefit plan, asking that the plan pay for the treatment that she received while at Castlewood. (Compl. P9.) Pursuant to the terms of Ungaretti and Harris' welfare benefit plan, she requested pre-authorization from defendant Unicare for treatment at Castlewood. (Compl. P10.) Unicare at first sent written notification that the services had been authorized, but later decertified the treatment authorization. (Compl. P11.) Erikson responded by submitting evidence to Unicare [*3] to substantiate her claim for benefits. To this date, however, Unicare has not issued a new determination regarding her claim for benefits. (Compl. P11.)

In Count I of her complaint, Erikson requests relief pursuant to *29 U.S.C. § 1132(a)(1)(B)* (referred to in this decision as *§ 502(a)(1)(B) of ERISA*). That provision allows a beneficiary to "recover benefits due to him under the terms of his plan, to enforce his rights under the

2003 U.S. Dist. LEXIS 21173, *; 31 Employee Benefits Cas. (BNA) 2720

terms of his plan, or to clarify his rights to future benefits under the terms of the plan." Specifically, Erikson requested in Count I that the court order the defendants to: 1) reimburse her for the cost of treatment at Castlewood; 2) pay prejudgment interest on the benefits accrued prior to the date of judgment; 3) pay Erikson's attorney's fees; and 4) recover "any and all other relief to which she may be entitled, as well as the costs of suit."

In Count II of her complaint, Erikson alleges that the failure to respond to her claim for benefits in a timely manner constituted a breach of fiduciary duty. She requests equitable relief pursuant to *29 U.S.C. § 1132(a)(3)* (referred to in this decision as *§ 502(a)(3)* [*4] *of ERISA*). That provision provides that a beneficiary may bring an action, "(A) to enjoin any practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Specifically, Erikson asks that the court: 1) grant the benefits that she seeks along with prejudgment interest; 2) "remedy any procedural violations found to have existed by fashioning appropriate equitable relief;" and 3) award attorneys fees and costs. She specifies several types of equitable relief that the court could provide, including imposition of a financial penalty or the "denial of any deference to which defendants' decision might otherwise receive." In her response to defendants' motion to dismiss, Erikson articulates several other types of equitable relief she believes would be available to her if she prevails, including a constructive trust, equitable lien, a mandatory injunction, or restitution.

## DISCUSSION

We are presented with a motion to dismiss pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure.* [*5] "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990)* (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989))*. In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See id. at 1520-21; MCM Partners, Inc. v. Andrews-Bartlett & Assocs., Inc., 62 F.3d 967, 972 (7th Cir. 1995), aff'd 161 F.3d 443 (7th Cir. 1998), cert. denied, 528 U.S. 810, 145 L. Ed. 2d 38, 120 S. Ct. 43 (1999)*. Therefore, a complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)*. A complaint is only required to provide a "short and

plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(e)(2)* [*6]   .

Defendants' primary argument is that the complaint should be dismissed with respect to Count II because a plaintiff may not simultaneously request the same relief under both *§ 502(a)(1)(B)* and *§ 502(a)(3) of ERISA*. As noted above, *§ 502(a)(1)(B)* provides relief to a plaintiff seeking recovery of benefits or the enforcement of rights under a plan. *Section 502(a)(3)* authorizes a court to provide equitable relief to remedy violations of a plan. The defendants' argument is based on the Supreme Court's statements in *Varity Corp. v. Howe, 516 U.S. 489, 134 L. Ed. 2d 130, 116 S. Ct. 1065 (1996)*. In that case, the Supreme Court described *§ 502(a)(3)* as a "catchall provision," *id. at 512*, and noted that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief [under *§ 502(a)(3)*], in which case such relief normally would not be 'appropriate.'" *Id. at 515*. Defendants conclude that, under the standard set forth in *Varity,* Count II must be dismissed because Erikson has stated a claim for relief pursuant to *§ 502(a)(1)(B)* and she is therefore not entitled [*7]   to bring a claim for the same relief under *§ 502(a)(3)*. We agree on the grounds that Erikson has not stated any type of relief that would be available to her under *§ 502(a)(3)* that would not otherwise be available to her under *§ 502(a)(1)(B)*.

The Seventh Circuit has not directly addressed the question of how to interpret the Supreme Court's decision in *Varity*. The question has been addressed, however, by several other circuits as well as by several judges within the Northern District of Illinois. Those cases almost universally have found that a claim for equitable relief must be dismissed under *§ 502(a)(3)* where a plaintiff cannot demonstrate a remedy available under that provision that would not otherwise be available for a successful claim under *§ 502(a)(1)(B)*. *See Tolson v. Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir. 1998); Wald v. Southwestern Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1006 (8th Cir. 1996); Bowles v. Reade, 198 F.3d 752, 759-60 (9th Cir. 1999); Kaliebe v. Parmalat USA Corp., 2003 U.S. Dist. LEXIS 17415, No. 02-C-8934, 2003 WL 22282379, * 3-4 (N.D. Ill. 2003)* (Coar, J.); [*8]   *Schluter v. Principal Life Ins. Co., 2001 U.S. Dist. LEXIS 5613, No. 00-C-2526, 2001 WL 476589, *4 (N.D. Ill. 2001)* (Nolan, Magistrate J.); *White v. Sundstrand Corp., 2000 U.S. Dist. LEXIS 7273, No. 98-C-50070, 2000 WL 713739, * 12 (N.D. Ill. 2000)* (Reinhard, J.); *Van Hoey v. Baxter Int'l, Inc., 1997 U.S. Dist. LEXIS 16540, No. 96-C-6231, 1997 WL 665855, *7 (N.D. Ill. 1997)* (Zagel, J.). [2]

2   Our research discloses that the only circuit to have come out the other way is the Second Cir-

2003 U.S. Dist. LEXIS 21173, *; 31 Employee Benefits Cas. (BNA) 2720

cuit. In *Devlin v. Empire Blue Cross and Blue Shield,* the court held that the plaintiff could bring an action under both *§ 502(a)(1)(B)* and *§ 502(a)(3)* because "should plaintiffs' claim under *ERISA § 502(a)(1)(B)* . . . to enforce their rights under the plan fail, plaintiffs' breach of fiduciary duty claim is their only remaining remedy." *274 F.3d 76, 89 (2d Cir. 2001)*. That case is distinguishable because there the plaintiffs sought more than recovery of their benefits. They also faulted defendants for failing to provide appropriate documentation to employees explaining the terms of their benefit plan. This is the type of claim that cannot be remedied under the plain language of *§ 502(a)(1)(B)*, but that can be remedied by providing the parties with equitable relief. Specifically, the court in that case could have issued a mandatory injunction ordering the plan to provide employees with appropriate materials or, under the doctrine of equitable estoppel, ordered that the defendants be barred from enforcing portions of the plan not adequately explained to employees. In this case, the plaintiff only seeks recovery stemming from her denial of benefits, relief for which can clearly be provided under *§ 502(a)(1)(B)*. Thus, the court's rationale in *Devlin* is inapplicable.

[*9] Judge Coar's discussion in *Kaliebe* is particularly relevant to this case because the claims in both cases are virtually identical. In that case, as here, the plaintiff brought a claim under *§ 502(a)(1)(B) of ERISA* alleging that he was improperly denied benefits due under his pension plan. He also brought a claim under *§ 502(a)(3)*, alleging that he was entitled to equitable remedies for breach of fiduciary duty relating to the same denial of benefits. *Kaliebe,* 2003 U.S. Dist. LEXIS 17415, 2003 WL at *3. The court set forth the standard for assessing such a claim for equitable relief in the context of a motion to dismiss, stating that, "if the other portions of the statute do provide adequate relief, then there would be no need to confront the appropriateness of equitable relief. If, however, the other portions of the statute do not afford adequate relief, then the Plaintiff's complaint must survive a motion to dismiss, as the appropriateness of equitable relief is a fact-intensive inquiry." 2003 U.S. Dist. LEXIS 17415, [WL] at *2. The court concluded that the ultimate remedy sought in a case involving improper denial of benefits would be the same under both *§ 502(a)(3)* and *§ 502(a)(1)(B)* - - namely, "a restoration of the level [*10] of benefits that the beneficiary believes to have been required under the plan" -- and thus granted the defendant's motion to dismiss with respect to claims arising under *§ 502(a)(3)*. 2003 U.S. Dist. LEXIS 17415, [WL] at *3.

Unless Erikson can state that she is entitled to some type of relief that would be unavailable to her under *§ 502(a)(1)(B)*, she may not bring a claim under *§ 502(a)(3)*. A brief examination of the type of relief that Erikson requests makes the rationale for this requirement clear. For example, she states that, if she is ultimately successful in proving her claims for breach of fiduciary duty based on the denial of benefits, the court could issue a mandatory injunction ordering that the defendants pay the full amount of her claim. While it is true that a mandatory injunction is an equitable remedy, there is essentially no difference in this case between the court ordering the defendants to pay the full amount of her claim pursuant to *§ 502(a)(1)(B)* for failure to pay her benefits and issuing a mandatory injunction ordering the court to pay the full amount of her claim to remedy a breach of fiduciary duty. The end result is exactly the same: she would be entitled to the full amount [*11] of money due to her under her plan. At the same time, if the court ultimately decided that she could not prevail under *§ 502(a)(1)(B)*, then it would also be impossible for the court to fashion equitable relief under *§ 502(a)(3)* because Erikson's claims for breach of fiduciary duty rest on the exact same basis as her claims for denial of benefits. For example, it would make no sense for the court to deny plaintiff's claim for benefits under the plan and then issue a mandatory injunction ordering that the defendants pay Erikson the amount due under the plan on the grounds that the defendants breached their fiduciary duty by failing to pay her benefits owed under the plan.

The same analysis applies to Erikson's request for prejudgment interest. This court is authorized to provide Erikson with prejudgment interest if she prevails on her claim under *§ 502(a)(1)(B)*. *Fritcher v. Health Care Services Corp., 301 F.3d 811, 819-820 (7th Cir. 2002)*. It would make no sense for the court to again provide prejudgment interest as a form of equitable relief under *§ 502(a)(3)*. Likewise, if the court ultimately declines to award benefits to Erikson, the court would clearly not be [*12] able to award her prejudgment interest under either *§ 502(a)(1)(B)* or *§ 502(a)(3)*.

For each type of equitable remedy that Erikson requests, the court is authorized to provide the exact same type of relief pursuant to *§ 502(a)(1)(B)*. Likewise, if the court denies her claims, then none of the equitable relief requested would be available to her under *§ 502(a)(3)* either. In the end, Erikson has not stated that there is any type of equitable relief that would be available to her under *§ 502(a)(3)* if she is unable to prevail on her *§ 502(a)(1)(B)* claim.

## CONCLUSION

For the foregoing reasons, we grant defendants' motion to dismiss with respect to Count II.

2003 U.S. Dist. LEXIS 21173, *; 31 Employee Benefits Cas. (BNA) 2720

It is so ordered.

MARVIN E. ASPEN

United States District Judge

Dated 11/21/03

LEXSEE 2005 U.S. DIST. LEXIS 11712

**MAUREEN HEROUX, Plaintiff, vs. HUMANA INSURANCE COMPANY, a corporation, and THE DUVAL GROUP, LTD., an Illinois Corporation, and THE "DUVAL GROUP PLAN," an unnamed employee welfare plan, Defendants.**

**No. 04 C 304**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**2005 U.S. Dist. LEXIS 11712; 35 Employee Benefits Cas. (BNA) 2367**

**June 8, 2005, Decided
June 8, 2005, Filed**

**COUNSEL:** [*1] For Maureen Heroux, Plaintiff: Robert E. Oneill, Robert E O'Neill, O'Neill & Bockelman, P. C., Lake Forest, IL; Kevin E. Bry, Law Offices of Kevin E. Bry, Franklin Park, IL.

For Humana Insurance Company, a corporation, Defendant: William A. Chittenden, III, Joseph R. Jeffery, Chittenden, Murday & Novotny, LLC, Chicago, IL.

For The Duval Group Ltd, an Illinois corporation, Defendant: William A. Chittenden, III, Joseph R. Jeffery, Chittenden, Murday & Novotny, LLC, Chicago, IL; Alan Michael Kaplan, Masuda, Funai, Eifert & Mitchell, Ltd., Schaumburg, IL; William D Abbott, Masuda, Funai, Eifert & Mitchell, Ltd., Chicago, IL.

**JUDGES:** Judge Joan H. Lefkow.

**OPINION BY:** JOAN HUMPHREY LEFKOW

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Maureen Heroux ("Heroux"), filed a six-count Second Amended Complaint against defendants, Humana Insurance Company ("Humana"), The Duval Group Ltd. ("Duval"), and the Duval Group Plan, alleging violations of the Employee Retirement Income Security Act ("ERISA"), *29 U.S.C. §§ 1101 et seq.* Humana has moved pursuant to *Rule 12(b)(6), Fed. R. Civ. P.*, to dismiss Counts I and III of Heroux's [*2] Second Amended Complaint for failure to state a claim upon which relief may be granted. The court has jurisdiction over the claims pursuant to *28 U.S.C. § 1331* and *29 U.S.C. § 1132.* For the reasons set forth below, defendant's motion is granted in part and denied in part.

**MOTION TO DISMISS STANDARDS**

A motion to dismiss under *Federal Rule of Civil Procedure 12(b)(6)* challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997).* Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Kennedy v. Nat'l Juvenile Det. Ass'n, 187 F.3d 690, 695 (7th Cir. 1999).* In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp., 176 F.3d 971, 977 (7th Cir. 1999);* [*3] *Zemke v. City of Chicago, 100 F.3d 511, 513 (7th Cir. 1996).*

**ALLEGATIONS OF THE COMPLAINT**

1

1   The facts in this section are taken from Heroux's Second Amended Complaint and from Exhibit A, which is attached to Defendant's Motion to Dismiss. Exhibit A is a copy of the Group Insurance Policy with an effective date of June 1, 2000. Humana attached Exhibit A to their Motion to Dismiss. The court may "examine documents that a defendant attached to a motion to dismiss . . . if they are referred to in plaintiff's complaint and are central to her claim." *Albany Bank & Trust Co. v. Exxon Mobil Corp., 310 F.3d 969,*

Case 1:07-cv-07028    Document 33-2    Filed 05/28/2008    Page 8 of 26

Page 2

2005 U.S. Dist. LEXIS 11712, *; 35 Employee Benefits Cas. (BNA) 2367

*971 (7th Cir. 2002).* Although a copy of the Policy was not attached to the Complaint, it was referred to therein and central to Heroux's claims.

## I. Background

Heroux was employed by Duval from February 14, 1998 until April 19, 2002. (Second Amended Complaint at P 6, hereinafter "P    "). As part other employment with Duval, Heroux received health insurance [*4] coverage consisting of medical and drug coverage for illness or injury through the Duval Group Plan (the "Plan"). (P 7). The Plan is an employee welfare plan within the meaning of ERISA, adopted by Duval prior to April 2002. (P 3). Duval is the Plan's fiduciary and administrator under ERISA. (P 5).

Upon Heroux's departure from her employment with Duval, Duval purported to offer Heroux a three-month severance package that continued her health insurance benefits. (P 6). Duval led Heroux to believe that upon her leaving her employment, her medical insurance was being continued under the provisions of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). (P 10). In order to maintain her health insurance coverage, Heroux made regular payments amounting to over $ 4,000 to Duval from the end of her employment through and including April of 2003. (PP 11, 21).

In a letter dated April 10, 2003, Duval specifically requested payment from Heroux for insurance. (Compl. Ex. B). [2] The letter informed Heroux that her health insurance coverage was expiring on April 30, 2003 and that Duval had not yet received payment for the month of April. *Id.* The letter notified Heroux that if Duval [*5] did not receive payment by April 15, 2003, Duval would end the policy effective March 31, 2003. *Id.* Duval wrote a check in the amount of $ 445.00 on April 11, 2003, which Duval cashed on April 18, 2003. (Compl. Ex. C). [3] Duval paid for Heroux's share of its group insurance policy through April 2003. (P 12).

2    Complaint Exhibit B is a collection letter sent to Heroux from Duval. The court may consider this exhibit insofar as it is attached to Heroux's Complaint. *Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002); Beanstalk Group, Inc. v. Am. Gen. Corp., 283 F.3d 856, 858 (7th Cir. 2002).*

3    Complaint Exhibit C is a copy of the cashed check from Heroux to Duval. The court may consider this exhibit insofar as it is attached to Heroux's Complaint. *See Tierney, 304 F.3d at 738; Beanstalk Group, 283 F.3d at 858.*

## II. The Relationship Between Humana and the Plan

Initially, the Group Insurance Policy (the "Policy") for the Plan [*6] identified Humana's predecessor, Employee Health Insurance Company, as its "Administrator." [4] (P 4). The Policy defined "Administrator" as "[Humana], who performs administrative functions for the Policyholder." (Def. Motion to Dismiss, Ex. A at Duval 0006).

4    The Policy names Employers Health Insurance Company ("EHIC") as the "Insurer." In the Second Amended Complaint, Heroux alleges on information and belief that EHIC is Humana's predecessor. (P 8). For purposes of deciding this motion to dismiss, the court will refer to EHIC as "Humana."

On June 1, 2000, the Policy was amended to redefine Humana as "Insurer" and "Trust Administrator." [5] (Def. Motion to Dismiss, Ex. A at Duval 0023-24). "Insurer" was defined as follows:

[Humana] in its capacity as administrator for claims determination and ERISA claims review fiduciary exercising its discretionary authority to: (1) interpret policy provisions; (2) make decisions regarding eligibility for coverage and benefits; and (3) resolve factual questions [*7] relating to coverage and benefits. [Humana] shall not be construed to be a fiduciary of the plan other than as described in this definition. [Humana] is not the Plan Administrator of the plan as that term is defined by ERISA.

(Def. Motion to Dismiss, Ex. A at Duval 0024). "Trust Administrator" was defined as Humana "in its capacity of performing administrative functions for the Policyholder." (Def. Motion to Dismiss, Ex. A at Duval 0024). Plaintiff alleges that Humana had authority to control and manage operation and administration of the Plan, in addition to possessing the discretion to grant or deny claims. (P 4). Plaintiff further alleges that Duval relied upon Humana's expertise in the control and management of operation of the Plan, thereby rendering Humana a fiduciary under ERISA. (P 4).

5    Heroux objects to Humana's reliance on the June 2000 amendment to the Policy, arguing without citing to any supporting case law that Humana has not established either the efficacy of the amendment or that it acted in a manner consistent with its interpretation of the purported amendment. Heroux, however, does not question the authenticity of the amendment to the Policy

Case 1:07-cv-07028   Document 33-2   Filed 05/28/2008   Page 9 of 26

Page 3

2005 U.S. Dist. LEXIS 11712, *; 35 Employee Benefits Cas. (BNA) 2367

or the Policy itself. The court will consider the Policy, including its amendment, for purposes of deciding this motion to dismiss because the Policy's authenticity is not in doubt, it was referenced in the Second Amended Complaint, and it is central to Heroux's claims under ERISA. *See, e.g., Chemetall GMBH v. ZR Energy, Inc., 320 F.3d 714, 718 n.4 (7th Cir. 2003)* ("The court need not have treated the motion as one for summary judgment because it confined its analysis to the two contracts, the authenticity of which is not in doubt and which were referenced in the Complaint and central to its breach of contract claim.") (citation omitted).

### [*8] III. Heroux's Claims Against Humana

The cover pages of the Certificate of Insurance for the health insurance provided under the Plan to Heroux state that Duval is the employer, Heroux is the employee, and that the policyholder is the Trustee of the Employers Health Insurance Benefits Trust. (P 8). The certificate does not state the name of the subject plan. (P 8). During her employment with Duval, Heroux did not receive a summary plan description document, which is required under *ERISA § 1022(b)* to be provided and to include identification of the Plan. (P 9). Heroux received no other document while employed at Duval that identified the Plan. (P 9).

Duval had informed Humana of Duval's representations to Heroux regarding Heroux's severance package and COBRA coverage. (P 23). In a letter dated March 21, 2003, Humana approved back surgery and related services for Heroux as medically necessary and approved under Heroux's insurance plan. (Compl. Ex. D). Relying upon this letter, Heroux had back surgery at a cost in excess of $ 140,000 in April 2003. (PP 14, 21). After April 30, 2003, Duval claimed that Heroux's insurance coverage had expired prior to April 2003 and attempted [*9] to return the payments Heroux had made for insurance coverage. (P 15). Following its March 21, 2003 letter to Heroux and Heroux's back surgery, Humana claimed Heroux's coverage had expired prior to March 2003. (P 16). Both Duval and Humana have refused to pay for Heroux's back surgery and related services. (P 17).

Heroux timely appealed the refusal of her claim in compliance with the Policy's required claims procedures. (P 18). While the Policy states that Humana will provide written reasons for denial of claims for benefits, neither Humana nor Duval provided specific reasons for the denial of Heroux's claims, in writing or otherwise, until Heroux made a written demand invoking *29 U.S.C. §1133* in this litigation. (P 19). Heroux alleges that the reasons provided in response are pretextual or otherwise

erroneous. (P 19). Under the contractual arrangements affecting Heroux's health insurance, Humana would have paid on the claim if such claim were allowed. (P 20).

Heroux subsequently filed this lawsuit, alleging that Humana breached its fiduciary duties to Heroux under *§§ 1104* and *1132(c)* of ERISA and otherwise (count 1) and that Duval breached its fiduciary duties [*10] to Heroux under *§§ 1104* and *1132(c)* of ERISA and otherwise (count II). Heroux further alleges that Humana wrongfully denied her benefits, apparently under *§§ 1024, 1132(a)(1)(B)*, and *1133* (count III); that Duval wrongfully denied her benefits, apparently under *§§ 1024, 1132(a)(1)(B)*, and *1133* (count IV); and that the Plan wrongfully denied her benefits, apparently under *§§ 1024, 1132(a)(1)(B)*, and *1133* (count V). Finally, Heroux alleges that Duval made false representations to her regarding the continuation of her coverage under COBRA and that she would be insured through April 30, 2003 or later (count VI). In its motion to dismiss, Humana argues that Heroux failed to state a claim under *§§ 1104, 1132(c)*, or "otherwise" (count I) and that Heroux failed to state a claim under *§§ 1024* and *1133* (within count III). Humana does not move for dismissal of Heroux's implicit claim under *§1132(a)(1)(B)* in count III.

### DISCUSSION

Congress enacted ERISA to "protect ... the interest of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access [*11] to the Federal courts. ... The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila, 542 U.S. 200, 159 L. Ed. 2d 312, 124 S. Ct. 2488 at 2495 (2004)* (internal quotations omitted). As such, ERISA carefully defines the roles and responsibilities of each party involved in the operation of employee benefit plans, and provides remedies to plan participants and beneficiaries when those duties are breached.

### I. Count I - *Sections 1104* and *1132(c)*

#### A. Breach of Fiduciary Duties

In count I of the Second Amended Complaint, Heroux alleges that Humana breached the fiduciary duties it owed to Heroux as a participant in the Plan under *§§ 1104* and *1132(c)* of ERISA. In particular, Heroux alleges that Humana (i) failed to inform her that Duval had erroneously considered her a covered employee given the three-month severance package it offered her; (ii) failed to inform her that Duval had erroneously told Heroux her coverage was continued as COBRA coverage; and (iii) failed to inform her of her right to convert to an individ-

ual insurance policy, which may have allowed her to obtain health insurance coverage for [*12] the surgery and related services. Humana contends, however, that it cannot be held liable for the fiduciary claims Heroux alleges because (i) Heroux seeks individual relief that is not available to her under *§1104 of ERISA* and (ii) Heroux fails to allege sufficient facts to demonstrate that Humana owed her a fiduciary duty.

*Section 1104 of ERISA* outlines the duties and standard of care that a fiduciary owes its plan participants and beneficiaries. In particular, *§§ 1104(a)(1)(A)* and *1104(a)(1)(B)* detail the "prudent man standard of care" to which fiduciaries are held, stating that fiduciaries are expected to discharge their duties for the sole purposes of providing plan participants and beneficiaries benefits and defraying expenses of administering the plan using the care, skill, diligence, and prudence that a prudent man would use under similar circumstances. *29 U.S.C. § 1104(a)(1)*. However, *§1104* does not grant civil enforcement for breach of fiduciary duty.

Civil enforcement is instead found in *§§ 1132(a)(2)* and *1109*. *See Anweiler v. American Elec. Power Serv. Corp., 3 F.3d 986, 992 (7th Cir. 1993)* ("ERISA allows for an action to enforce [*13] and seek appropriate relief because of a breach of fiduciary duty. *29 U.S.C. § 1132(a)(2)*. *Section 1109 of ERISA* makes 'any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries' personally liable.' *Id. § 1109(a)*."). *Section 1132(a)(2)* states that a civil action may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under [§1109]." *29 U.S.C. §1132(a)(2)*. "Under *Section 1109*, liability for breach of fiduciary duty runs only to the plan and not to individual participants or beneficiaries." *Kessen v. Plumbers' Pension Fund, Local 130, 877 F. Supp. 1198 at 1205 (N.D. Ill. 1995)*, citing *Anweiler, 3 F.3d at 992*. Because Heroux seeks individual relief rather than plan-wide relief, she cannot maintain an action under *§ 1132(a)(2)* or *§ 1109*.

Where an individual participant is unable to recover under *§§ 1132(a)(2)* and *1109* for breach of fiduciary duty, she may pursue an action under the "catchall" claim, *§ 1132(a)(3)*, which states that a civil action may be brought "by [*14] a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." *Varity Corp. v. Howe, 516 U.S. 489, 512, 134 L. Ed. 2d 130, 116 S. Ct. 1065 (1996); 29 U.S.C. § 1132(a)(3)*. In *Varity*, the Supreme Court found that the language and structure of *§ 1132* creates a "catchall" in *§ 1132(a)(3)*, which acts as a safety net "of-

fering appropriate equitable relief for injuries caused by violations" that are not adequately remedied elsewhere in the provision. *Varity Corp., 516 U.S. at 512*.

In the instant case, Heroux did not specifically seek a remedy under *§ 1132(a)(3)*. Even if she had, however, her claim would be foreclosed by the relief she seeks in count III under *§ 1132(a)(1)(B)*. According to *Varity*, the catchall safety net is just that, and "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case [*15] such relief normally would not be 'appropriate.'" *Varity, 516 U.S. at 515*. Although the Seventh Circuit has not yet addressed this issue, other courts within the Northern District of Illinois have interpreted this statement to mean that where relief may be obtained under *§ 1132(a)(1)(B)*, it cannot also be sought under *§1132(a)(3)*. *See, e.g., Brosted v. Unum Life Ins. Co., 349 F. Supp. 2d 1088, 1092 (N.D. Ill. 2004)* (plaintiff could not maintain an action under *§ 1132(a)(3)* when he could pursue a claim under *§ 1132(a)(1)(B)*); *Hedeen v. Aon Corp., No. 04 C 3360, 2004 U.S. Dist. LEXIS 21706, at *14 (N.D. Ill. Oct. 28, 2004)* ("When a direct claim for benefits is available, therefore, a plaintiff cannot seek the same relief under *§ 1132(a)(3)*."); *Clark v. Hewitt Assoc., Inc., 294 F. Supp. 2d 946, 949-950 (N.D. Ill. 2003)* (unsuccessful claim under *§ 1132(a)(1)(B)* did not justify relief under *§ 1132(a)(3)*). Since Heroux has an adequate remedy under another section of ERISA, she cannot maintain a claim under *§ 1132(a)(3)*.

Because Heroux cannot recover on the breach of fiduciary duty claims under *§§ 1104, 1109, 1132(a)(2)* [*16] or *1132(a)(3)*, the court need not reach the question of whether Humana owed her fiduciary duties based on these specific allegations. Defendant's motion to dismiss on the breach of fiduciary duties claims against Humana under *§1104* is granted.

B. Failure to Provide a Summary Plan Description

Heroux further alleges that Humana failed to supply her with a summary plan description as required by *ERISA in §§ 1021(a), 1022, and 1024(b)*. [6] This claim is brought pursuant to *§ 1132(c)*, which establishes a civil action for an administrator's refusal to supply requested information that an employee welfare plan's administrator is required to furnish to a participant or beneficiary under ERISA. *29 U.S.C. § 1132(c)*.

[6] *Section 1021 (a)* mandates that the administrator of each employee benefit plan furnish a summary plan description to each covered participant. *See 29U.S.C. § 1021(a)*. *Section 1022* details the required contents of the summary plan description. *See 29 U.S.C. § 1022*. *Section*

Case 1:07-cv-07028    Document 33-2    Filed 05/28/2008    Page 11 of 26

Page 5

2005 U.S. Dist. LEXIS 11712, *; 35 Employee Benefits Cas. (BNA) 2367

*1024(b)* sets forth the required timing and procedures for furnishing the summary plan description. *See 29 U.S.C. § 1024(b).*

[*17]    *Sections 1021(a), 1022,* and *1024(b)* state that it is the responsibility of the administrator of an employee benefit plan to distribute a summary plan description to plan participants and beneficiaries. Section *§ 1002(16)(A)* defines the term "administrator" as

(i) the person specifically so designated by the terms of the instrument under which the plan is operated;

(ii) if an administrator is not so designated, the plan sponsor; or

(iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may be regulation prescribe.

*29 U.S.C. § 1002(16)(A).* The June 2000 amendment to the Policy explicitly states that Humana is not the Plan Administrator under ERISA and alters Humana's identification from "Administrator" to "Trust Administrator," meaning that it performs administrative functions for the Policyholder. The Policy does not identify any other party as the Plan Administrator for ERISA purposes. Humana contends that the plan sponsor, Duval, is therefore the administrator by default under *§ 1002(16)(A)(ii),* as Heroux claims in the alternative.

Prior to the [*18] June 2000 amendment, the Policy identified Humana as its Administrator. *Section 1024(b)* mandates that the administrator furnish to each participant a summary plan description within 90 days after he or she becomes a participant. *29 U.S.C. § 1024(b).* Heroux started working for Duval in 1998 and was a plan participant. The June 2000 amendment to the Policy does not remove the initial duty owed to Heroux by Humana as Administrator prior to 2000. Accordingly, whether or not Humana's June 2000 amendment to the Policy renders Duval the new plan administrator by default, Humana was the administrator prior to that amendment, and, as such, owed a duty to Heroux to provide her with a summary plan description. Thus, defendant's motion to dismiss plaintiff's claim against Humana for failure to provide a plan summary document under *§§ 1021(a), 1022,* and *1024(b)* must be denied.

C. Failure to Provide Nonpretextual Reason for Denying Claim

Heroux's further alleges that Humana failed to provide her with a reason or nonpretextual reason for denial

of her claim and appeal, despite requests for this information. Heroux also asserts this claim pursuant to *§ 1132(c).* Only the [*19] plan administrator may be held liable for penalties pursuant to *§ 1132(c). See Anweiler, 3 F.3d at 994 n.5.*

Heroux's claim is subject to the current definition of plan administrator under the Policy as amended in June of 2000 because the condition for which Heroux sought benefits arose in 2003. [7] The amended Policy explicitly states that Humana is not the Plan Administrator under ERISA and names no other administrator. Because this claim is predicated on the theory that Humana is the plan administrator, then, Heroux's claim against Humana under *§ 1132(c)* cannot stand. [8] Humana's motion to dismiss Heroux's claim against Humana for failure to provide a reason or nonpretextual reason for denial of her claim and appeal is granted.

7    Heroux argues that the amendment to the Policy does not trump the allegations in the Second Amended Complaint and implies that the court is obligated to treat as true the allegations supporting her contention that Humana was the administrator under ERISA. In deciding a motion to dismiss, however, the court is only required to treat well-pleaded allegations as true. *See Hickey v. O'Bannon, 287 F.3d 656, 657 (7th Cir. 2002)* ("All well-pleaded facts are taken as true and are construed in favor of plaintiff." ). Heroux's allegations with regard to Humana's status as a plan administrator are not well-pled and the court will not take them as true because they conflict with the express terms of the amended Policy, which states that Humana is not the Plan Administrator. *See Northern Ind. Gun & Outdoor Shows v. City of S. Bend, 163 F.3d 449 at 454 (7th Cir. 1998)* ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.").

[*20]

8    Heroux also contends that because Duval does not ascribe any value to the purported amendment and because Humana's claim that it was not the plan administrator contradicts Duval's position, the court should deny Humana's motion. In support thereof, Heroux attached to her response selected interrogatory responses from Duval, as well as a letter from Duval's counsel. The court declines consideration of these documents, however, because they were not referenced in Heroux's Second Amended Complaint. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1430 (7th Cir. 1996)* ("If the district court considers matters out-

Case 1:07-cv-07028    Document 33-2    Filed 05/28/2008    Page 12 of 26

Page 6

2005 U.S. Dist. LEXIS 11712, *; 35 Employee Benefits Cas. (BNA) 2367

side the pleadings in connection with a motion to dismiss, it must treat the motion as one for summary judgment."). In addition, Duval's opinion on whether it or Humana was the plan administrator is not relevant for purposes of deciding this motion to dismiss. Here, the court is considering whether Heroux stated a claim against Humana on which relief may be granted, not whether Heroux stated a claim against Duval.

In summary, Humana's motion [*21]  to dismiss the fiduciary claims brought under *§ 1104* is granted; Humana's motion to dismiss plaintiff's claim under *§ 1132(c)* for failure to provide a reason or nonpretextual reason for denial of claim and appeal is granted; but Humana's motion to dismiss Heroux's claim for failure to provide a plan summary document under *§§ 1021(a), 1022,* and *1024(b)* is denied.

## II. Count III - Sections 1024 and 1133

In count III of the Second Amended Complaint, Heroux alleges that Humana wrongfully denied her claim for benefits by failing to properly interpret coverage provisions, failing to consider evidence offered by her, failing to provide her with a full and fair review of her claim, and failing to provide her with the necessary information required under *§ 1133*. Humana acknowledges that while Heroux does not state a claim outright under *§ 1132(a)(1)(B)*, this ERISA section is most relevant to the asserted claims. Accordingly, Humana's motion to dismiss count III excludes the claim under *§ 1132(a)(1)(B)* and instead focuses on the claims asserted pursuant to *§§ 1024* and *1133*.

None of the allegations made by Heroux in count III for wrongful denial of benefits engenders a violation [*22]  under *§ 1024*. Rather, plaintiff's allegation under count I against Humana for failing to provide her a summary plan description appears to be the only claim implicating *§ 1024*. That claim was addressed above.

The only remaining claim to be addressed in count III, then, is plaintiff's claim under *§ 1133. Section 1133* details the obligations that employee benefit plans must meet in their claims procedures. *29 U.S.C. § 1133*. First, employee benefit plans must provide adequate notice in writing to participants and beneficiaries setting forth specific reasons for denial anytime claims for benefits under the plan have been denied. *29 U.S.C. § 1133(1)*. Second, plans must afford participants and beneficiaries reasonable opportunity for a full and fair review by the appropriate named fiduciary when a claim is denied. *29 U.S.C. § 1133(2)*. Heroux appears to be bringing claims under both of these subsections, as she alleges that Humana failed to provide her with a full and fair review of her claim and failed to provide her with "necessary information required under *29 U.S.C. § 1133*." Heroux's

requested [*23]  relief against Humana under this count is an order for Humana (1) to pay all monies due third party medical care providers in connection with her surgery and treatment, (2) to acknowledge that she is a covered member and pay appropriate fines and penalties under ERISA, and (3) to pay her attorneys' fees and costs. Heroux also seeks "such other relief as is just and proper."

Humana contends that the relief Heroux requested in count III is not available in a *§ 1133* action and that a remand to the administrator for review of her claim denial is, instead, the only available relief. Humana's analysis of the relevant case law in this area and conclusion that remand is typically the most common remedy is correct. As stated above, however, dismissal on a 12(b)(6) motion is only appropriate if it appears beyond a reasonable doubt that Heroux can prove no set of facts in support of her claim that would entitle her to relief. *Kennedy v. Nat'l Juvenile Del. Ass'n, 187 F.3d 690, 695 (7th Cir. 1999)*. In addition, *Rule 8(a) of the Federal Rules of Civil Procedure* only requires a short and plain statement of the court's jurisdictional grounds [*24]  and of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the plaintiff seeks. *Fed. R. Civ. P. 8(a)*. Here, Heroux requests "such other relief as is just and proper." Thus, even if some of the relief requested is not available in a *§ 1133* action, Heroux has pled a set of facts for a cause of action arising under *§ 1133* that, if proven true, would entitle her to some form of relief.

Additionally, not all of the requested relief necessarily falls under the *§ 1133* claim, as Heroux also asserts a claim under *§ 1024* and an implicit claim under *§ 1132(a)(1)(B)*. Plaintiff's prayer for relief in count III does not specify which relief she anticipates for each of her separate claims. Some of the relief requested may derive from her claims under the other two subsections. Hence, given the liberal standard by which a plaintiff's pleadings must be read under a 12(b)(6) motion to dismiss, defendant's motion to dismiss plaintiff's claim against Humana for failure to follow claim procedures as designated under *§ 1133* must be denied.

## CONCLUSION

For the reasons stated above, Humana's motion to dismiss [*25]  [# 23] is granted in part and denied in part. Humana is directed to answer Plaintiff's Second Amended Complaint on or before June 28, 2005.

Dated: June 8, 2005

Enter:

JOAN HUMPHREY LEFKOW

United States District Judge

LEXSEE

**PAUL POWERS, Plaintiff, v. CORN PRODUCTS INTERNATIONAL, INC., JOHN SUROWEIC, UNITED STEEL, PAPER and FORESTRY, RUBBER MANUFACTURING, ENERGY, ALLIED INDUSTRIAL and SERVICE WORKERS INTERNATIONAL UNION, and JAMES KRAMER, Defendants.**

**Case No. 07 C 5410**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*2008 U.S. Dist. LEXIS 36130*

**May 2, 2008, Decided**

**COUNSEL:** [*1] For Paul Powers, Plaintiff: Edgar P. Petti, Petti Murphy & Associates, Geneva, IL; Thomas L Murphy, Petti Murphy & Associates, Orland Park, IL.

For Corn Products International, Inc., an Illinois Corporation, John Suroweic, Defendants: James D. Weiss, LEAD ATTORNEY, Brian Keith Jackson, Sidley Austin LLP, Chicago, IL.

For James Kramer, United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, USW Local # 7-507, Defendants: Gilbert Feldman, LEAD ATTORNEY, Cornfield & Feldman, Chicago, IL.

**JUDGES:** MORTON DENLOW, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** MORTON DENLOW

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Paul Powers ("Plaintiff") filed a four count amended complaint against Corn Products International, Inc. ("Corn Products"), John Suroweic ("Suroweic"), United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("Union"), and James Kramer ("Kramer"). In Count I, Plaintiff seeks the equitable remedy of specific performance, including an order directing Corn Products to allow Plaintiff to participate in the Health Care Plan for Hourly Employees of Corn Products International, Inc. [*2] (the "Plan" or "Health Care Plan"). In Count II, Plaintiff seeks to clarify his rights to future benefits under the Health Care Plan in accordance with

*29 U.S.C. § 1132(a)(1)(B)*. In Count III, Plaintiff seeks to recover damages from Corn Products and Suroweic based on alleged misrepresentations made by Suroweic to Plaintiff with respect to the Plaintiff's eligibility to participate in the Health Care Plan upon retirement. Corn Products and Suroweic move to dismiss all three counts pursuant to *Federal Rule of Civil Procedure 12(b)(6)*.

Corn Products and Suroweic are not named as defendants in Count IV. The Union and Kramer filed a separate motion to dismiss, which is being ruled upon in a separate opinion. Oral argument was held on April 22, 2008. For the reasons stated below, the motion to dismiss Counts I, II, and III against Corn Products and Suroweic is granted.

**I. BACKGROUND FACTS**

Plaintiff has been employed by Corn Products since October 16, 1970. (Am. Compl. Introduction P 1). Plaintiff began his employment at Corn Products as an hourly employee and a member of the Union. (Am. Compl. Count III PP 9-10, 13). In 2000, however, Plaintiff left the Union and accepted a salaried management [*3] position with Corn Products. (Am. Compl. Count III P 9 and 13). Plaintiff alleges that before he agreed to leave the Union and accept the salaried position, Suroweic, Corn Products' Director of Benefits, informed Plaintiff that he would still be eligible to participate in the Health Care Plan upon retirement. (Am. Compl. Count III P 9). Plaintiff claims he relied on Suroweic's representation, and as a result, accepted the salaried position. (Am. Compl. Count III P 13).

After accepting the salaried position, however, Corn Products informed Plaintiff that he is not eligible to participate in the Health Care Plan upon retirement. (Am. Compl. Introduction P 6). As a result, Plaintiff alleges

that he has been "constrained from retiring" due to the later advice that he will not be eligible to receive benefits under the Health Care Plan upon retirement. (Am. Compl. Introduction P 8).

Union employees of Corn Products may participate in the Health Care Plan if they meet certain requirements. (Ex. A at 22). [1] As stated in Article 12 of the collective bargaining agreement between Corn Products and the Union ("Labor Agreement"), eligibility is "subject to the terms and provisions" of the Health [*4] Care Plan. (Ex. A at 22). Additionally, Union employees may be eligible to participate in the Health Care Plan upon retirement pursuant to the requirements specified in Article 14, Section 1C of the Labor Agreement. (Ex. A at 24), The gravamen of Plaintiff's claim is how Corn Products guarantee his eligibility to receive benefits from the Health Care Plan upon retirement or to be awarded damages for the alleged misrepresentations made by Surowic regarding his eligibility to participate in the Health Care Plan.

> 1   Ex. A refers to the Labor Agreement attached as Exhibit A to Defendants' Motion to Dismiss.

## II. STANDARD OF REVIEW FOR MOTION TO DISMISS

Under *Rule 12(b)(6)*, to survive a motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*; *EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007)*. The complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Concentra, 496 F.3d at 776* (quoting [*5] *Bell Atl. Corp. v. Twombly, -- U.S. --, --, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007))*. The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Twombly, 127 S. Ct. at 1964-65*. Additionally, the complaint "must plausibly suggest that the plaintiff has a right to relief [by providing allegations that raise a right to relief] above a 'speculative level.'" *Concentra, 496 F.3d at 776* (quoting *Twombly, 127 S. Ct. at 1965*). If the allegations do not suggest such a right to relief, "the plaintiff pleads itself out of court." *Id.* In ruling on a motion to dismiss, the Court takes "as true all well-pleaded factual allegations in the complaint and make[s] all plausible inferences from those allegations in the plaintiffs' favor." *Disability Rights Wisc., Inc., v. Walworth County Bd. of Supervisors, --F.3d --, 2008 U.S. App. LEXIS 7994, 2008 WL 1701837 (7th Cir. 2008)*. In evaluating a *12(b)(6)* motion

to dismiss, the Court may consider documents attached to the motion if such documents are referred to in plaintiff's complaint and are central to the plaintiff's claim. See *McCready v. eBay, Inc.,453 F.3d 882, 891 (7th Cir. 2006)*.

## III. [*6] DISCUSSION

### A. COUNT I - SPECIFIC PERFORMANCE

Corn Products moves to dismiss Count I for failure to state a claim upon which relief can be granted. Specifically, Corn Products asserts that Plaintiff's action for specific performance is precluded under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1004-1461, in light of his claim in Count II.

In Count I, Plaintiff seeks specific performance under *29 U.S.C. § 1132(a)(3)* ("section 502(a)(3)") of ERISA "to require Corn Products and the Union to . . . enroll [P]laintiff in the Plan for retiree health benefits." (Pl.'s Resp. to Def.'s Mot. to Dismiss ("Response") at 7). [2] In Count II, Plaintiff seeks to clarify his rights to future benefits under the Health Plan pursuant to *section 502(a)(1)(B)*. These two sections provide as follows:

> Sec. 502.(a) A civil action may be brought -
>
> (1) by a participant or beneficiary -
>
> * * *
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> * * *
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision [*7] of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;

ERISA § 502(a), *29 U.S.C. § 1132(a)*.

> 2   It is necessary to look to Plaintiff's Response to determine the section of ERISA that he invokes under Count I, as his Amended Complaint fails to cite any statute in support of his claim for specific performance.

A *section 502(a)(1)(B)* claim for benefits (that Plaintiff asserts in Count II of his Amended Complaint) makes a claim under *section 502(a)(3)* inappropriate. Specifically, *section 502(a)(3) of ERISA* is a "catchall . . . [that] offer[s] appropriate equitable relief for injuries caused by violations that *§ 502 does not elsewhere adequately remedy.*" *Varity Corp. v. Howe, 516 U.S. 489, 512, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996)* (emphasis added). The Court in *Varity* elaborated by asserting that relief under *section 502(a)(3)* is not "appropriate" where *section 502* "elsewhere provide[s] adequate relief for a beneficiary's injury." *Id. at 515* (holding that Plaintiffs could seek appropriate equitable relief pursuant to *section 502(a)(3)* in part because they could not pursue an action under [*8] *502(a)(1)(B)).* In this case, equitable relief under *section 502(a)(3)* is not necessary because in Count II Plaintiff seeks relief under *section 502(a)(1)(B)* to clarify his rights to future benefits. Because Count I seeks nothing that Plaintiff does not separately seek under Count II, Count I is dismissed.

## B.   COUNT II - HEALTH CARE PLAN ELIGIBILITY

Corn Products also moves to dismiss Count II pursuant to *Rule 12(b)(6).* In particular, Corn Products asserts that it has no legal obligation to provide Plaintiff with cost-free health care coverage upon his retirement.

In Count II, Plaintiff seeks "to clarify his rights to future benefits under the terms of the [Health Care] Plan" pursuant to *section 502(a)(1)(B) of ERISA.* (Am. Compl. Count II P 13). Plaintiff asserts that because he is fully vested in the Union's pension plan (a point which Corn Products does not contest), he is thereby "entitled" to participate in the Health Care Plan upon retirement. (Am. Compl. Count II PP 9, 15). ERISA, however, distinguishes between rights to pension plans and rights to welfare benefits such as health care coverage. *See Cherry v. Auburn Gear, Inc., 441 F.3d 476, 481 (7th Cir. 2006).* Whereas pension benefits [*9] under ERISA vest by law, the vesting of welfare benefits, "if they vest at all, . . . do so under the terms of a particular contract." *Id.* (quoting *Pabst Brewing Co. v. Corrao, 161 F.3d 434, 439 (7th Cir. 1998)).* Thus, to determine whether Plaintiff asserts a claim sufficiently plausible to survive a *12(b)(6)* motion to dismiss, it is necessary to look to the Health Care Plan itself.

Plaintiff relies upon the following "plain language" of the Health Care Plan to receive health care benefits upon retirement:

> Usually a retiree can continue the above coverage at no cost to him or her. However, if the retiree is employed after retiring from Corn Products, with another em-

ployer who offers a Health Plan and is receiving wages that will exceed $ 10,000 over 12 months, he must pay the full prevailing monthly premium in order to continue this Plan's coverage. If a retiree decides to drop this coverage because of employment elsewhere, he or she may re-enroll without medical evidence when they are again eligible for free coverage or willing to pay the full premiums.

(Ex. B. at 31). [3]

3   Ex. B refers to the Health Care Plan attached as Exhibit B to Corn Products' Motion to Dismiss.

This language does [*10] not apply to Plaintiff. The title of this provision states that it applies only to "[e]mployees with 60 points or more as defined in Article 14 Section 1CA of the Labor Agreement." (Ex. B at 31). Article 14, Section 1CA in turn provides that "[a]n employee whose age and continuous service (on a full year basis) combine to make a total of eighty (80) may retire voluntarily and will be eligible for a pension." (Ex. A at 24). Additionally, Section 1CB of this Article goes on to state that "[e]mployees retiring under this provision are eligible for the Health Care Plan subject to the terms and provisions of the plan as described in the prevailing [Health Care Plan]." (Ex. A at 24). Plaintiff contends that he has exceeded this "Rule of 80" requirement in Article 14 of the Labor Agreement because his age and continuous service with Corn Products gave him 86 points. [4] (Am. Compl. Introduction P 4).

4   Plaintiff arrives at this figure by adding his thirty (30) years of service to his age of fifty six (56) in 2000, the year that he left the Union for a salaried position. (Am. Compl. Count I P 10).

Thus, it is necessary to determine whether Plaintiff, more than seven years after leaving the Union, [*11] still retains these 86 points. The "Seniority" section of the Labor Agreement makes clear that Plaintiff does not in fact retain any points for the purposes of Article 14. Specifically, Article 8, Section 8 states that "[e]mployees transferred to a supervisory or *salaried job* after July 1, 1980 shall retain their seniority for a total of one (1) year. If the employee(s) does not return within the one-(1) year period, *all job seniority rights within the bargaining unit will be forfeited.*" (Ex. A at 14) (emphasis added). Since Plaintiff was in a salaried position with Corn Products for more than seven years, he forfeited any seniority rights accrued during his time with the Union. Stated otherwise, because the points discussed in

Article 14 of the Labor Agreement accrue from the date of employment, Plaintiff would start back at square one even if he left his salaried position and rejoined the Union. *See also* (Ex. A at 11) ("In the event of re-employment after a layoff in excess of two years, discharge for cause or voluntary separation, [an employee's] length of service shall date from the date of his *re-employment*.") (emphasis added). As a result, Plaintiff is not entitled to receive [*12] health care benefits under the Health Care Plan upon retirement.

Although this is the only provision relied upon by Plaintiff in support of his claim in Count II, other provisions of the Health Care Plan also confirm Plaintiff's ineligibility to participate upon retirement. Specifically, the "ELIGIBILITY" section of the Health Care Plan states that, "[a]s an *hourly-paid employee* of the Company represented by the Union, you are eligible for the Health Care Plan." (Ex. B at 2) (emphasis added). The Health Care Plan goes on to state that an employee's coverage ceases when he or she "stop[s] making the required contributions." (Ex. B. at 35). Unfortunately for Plaintiff, he has been a salaried, non-union employee of Corn Products for more than seven years. (Am. Compl. Count III, PP 9-10, 13). Additionally, nowhere does Plaintiff contend that he continued to make the required contributions to the Plan. Thus, these two unambiguous provisions of the Health Care Plan confirm Plaintiff's ineligibility to participate upon retirement.

In sum, because Plaintiff is not "entitled" to health care benefits by law, and because of the clear and unambiguous language of both the Labor Agreement and the [*13] Health Care Plan, Plaintiff fails to state a claim under ERISA for Count II. Accordingly, Count II is dismissed.

## C. COUNT III - MISREPRESENTATION

Corn Products also argues that Count III of Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. Specifically, Corn Products asserts that Plaintiff's misrepresentation claim fails as a matter of law under ERISA.

In Count III, Plaintiff seeks damages from Corn Products and Suroweic for an alleged misrepresentation made by Suroweic to Plaintiff with respect to Plaintiff's eligibility in the Health Care Plan upon retirement. ERISA preempts any state law claim that Plaintiff may have intended to assert in his Amended Complaint. Because ERISA governs this claim, Plaintiff cannot, as a matter of law, show that Suroweic's alleged misrepresentation altered or modified the Plan's clear and unambiguous language with respect to eligibility for health care benefits upon retirement. Additionally, any claim for equitable estoppel under ERISA must fail. Finally, Plain-tiff has not adequately stated a claim to hold Suroweic liable in a personal capacity for his alleged misrepresentation.

### 1. ERISA's Preemptive [*14] Force

ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *29 U.S.C. § 1144(a).* The Supreme Court has described the scope of ERISA's preemption of state laws as "clearly expansive." *Egelhoff v. Egelhoff ex. rel. Breiner, 532 U.S. 141, 146, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001).* State law claims are preempted if they "cannot be resolved without an interpretation of the contract governed by federal law." *Trainor v. SBC Services, Inc., 2004 U.S. Dist. LEXIS 25891, 2004 WL 2958684, *4 (N.D. Ill. Dec. 20, 2004)* (citing *Rice v. Panchal, 65 F.3d 637, 644 (7th Cir. 1995)).* Additionally, ERISA does not lose its preemptive force just because the Plaintiff brings an action for common law fraud. *See 2004 U.S. Dist. LEXIS 25891, [WL] at * 5* ("As a general rule, state law fraud claims are preempted by ERISA") (citing *Reilly v. Blue Cross & Blue Shield United, 846 F.2d 416, 426 (7th Cir. 1988)).* Even where federal law provides no remedy for alleged misrepresentations with respect to an employer health care plan, ERISA still preempts the state law misrepresentation claim. *See Pohl v. Nat'l Benefits Consultants, Inc., 956 F.2d 126, 128 (7th Cir. 1992).* Consequently, ERISA governs Plaintiff's misrepresentation claim against Corn [*15] Products and Suroweic.

### 2. Oral Modifications of Welfare Benefits Plans Under ERISA

As a general matter, ERISA requires that "every employee benefit plan . . . be established and maintained pursuant to a written instrument." *29 U.S.C. § 1102(a)(1).* The Seventh Circuit, however, has found that ERISA plans need not be in writing to be enforceable. *Brines v. XTRA Corp., 304 F.3d 699, 701-02 (7th Cir. 2002)* (discussing the possibility of enforcing "informal" plans; *Diak v. Dwyer, Costello & Knox, 33. F.3d 809, 811-12 (7th Cir. 1994).* But where the Plan is written, oral modifications to that Plan are not permitted. *See Brines, 304 F.3d at 701-02; Sandstrom v. Cultor Food Science, Inc., 214 F.3d 795, 797 (7th Cir. 2000).* "One of ERISA's purposes is to protect the financial integrity of pension and welfare plans by confining benefits to the terms of the plans as written, thus ruling out oral modifications." *Downs v. World Color Press, 214 F.3d 802, 805 (7th Cir. 2000).*

As discussed, the language of the Health Care Plan is clear and unambiguous with respect to employee eligibility for health care benefits both during employment and upon retirement. The analysis in Section III. B. of the clear [*16] language of the Plan confirms Plaintiff's

ineligibility to receive health care benefits upon retirement. Additionally, because oral modifications to written benefits plans are not allowed under ERISA, whatever representations Suroweic did make to Plaintiff did not alter the language of the Health Care Plan itself.

### 3. Equitable Estoppel

Because Suroweic's alleged misrepresentation did not, as a matter of law, alter the terms of the Plan, Plaintiff must instead seek an action for equitable estoppel under ERISA.

To succeed on an equitable estoppel claim under ERISA, plaintiffs must show: "(1) a knowing misrepresentation; (2) made in writing; (3) [on which they reasonably relied]; (4) to their detriment." *Kannapien v. Quaker Oats Co., 507 F.3d 629, 636 (7th Cir. 2007)* (citing *Vallone v. CNA Fin. Corp., 375 F.3d 623, 639 (7th Cir. 2004))*. Additionally, it is only in "extreme circumstances" that an ERISA equitable estoppel claim can survive when the alleged misrepresentation was an oral representation. *Id. at 636.* Such an extreme circumstance exists only if the "plan documents are ambiguous or misleading." *Id. at 637; see also Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 588-90 (7th Cir. 2000)* [*17] (approving of the district court's application of ERISA equitable estoppel for oral misrepresentation *only* because the relevant health care plan was "misleading and incomplete").

Any possible claim for equitable estoppel under ERISA that Plaintiff may have intended to assert in his Amended Complaint must fail because the alleged misrepresentation was oral, rather than in writing. (Am. Compl. Count III P 9). [5] *See Downs, 214 F.3d at 805-06* (holding that plaintiffs could not rely on oral statements under an ERISA equitable estoppel theory "because the estoppel doctrine does not override the . . . rule proscribing oral modification of an ERISA plan"). Additionally, as previously stated, there is nothing ambiguous or misleading about either the Labor Agreement or Health Care Plan that warrants a finding of an "extreme circumstance" to circumvent the writing requirement under ERISA estoppel. *See Hettelsater v. Synovate, Inc. 2007 U.S. Dist. LEXIS 44618, 2007 WL 1805147, at *2-*3 (N.D. Ill. June 20, 2007)* (dismissing plaintiff's ERISA equitable estoppel claim because the alleged misrepresentations were made orally and the terms of the plan were not ambiguous). Thus, Plaintiff cannot state a claim for equitable estoppel [*18] sufficiently plausible to survive a motion to dismiss under *Rule 12(b)(6)*. [6]

5    Plaintiff's allegation that Suroweic "expressly reiterated" the statement he allegedly made in 2000 with respect to Plaintiff's eligibility in the Health Care Plan is irrelevant, since Suroweic allegedly made this second statement in 2005, and Plaintiff obviously could not have relied on the 2005 statement to make his decision to switch to a salaried position in 2000. (Am. Compl. Count III P 10). *See Int'l Union of United Auto., Aerospace & Agric. Workers of Am. v. Rockford Powertrain, Inc., 350 F.3d 698, 705-06 (7th Cir. 2003)* (holding that the equitable estoppel argument "must fail" in part because the relevant statements "were made . . . after the retirees made their decision to retire").

6    Plaintiff's reliance on *Novak v. Irwin Yacht & Marine Corp., 986 F.2d 468 (11th Cir. 1993)* is irrelevant because the Seventh Circuit has repeatedly articulated the requirements for an ERISA equitable estoppel cause of action. Thus, there is no need for this Court to look to persuasive authority from other jurisdictions.

### 4. Individual Liability Under ERISA

In Count III, Plaintiff also seeks monetary damages from Suroweic [*19] individually for his (Suroweic's) alleged false statements with respect to Plaintiff's eligibility in the Health Care Plan upon retirement. (Am. Compl. Count III PP 9, Prayer for Relief). Any claim to hold Suroweic personally liable for the alleged misrepresentation must, however, be dismissed.

Officers of a corporation will not be held personally liable under ERISA "unless the corporation is acting [as] an alter ego of the individual or there exist facts that warrant the piercing of the corporate veil." *Plumbers' Pension Fund, Local 130 v. Niedrich, 891 F.2d 1297, 1299 (7th Cir. 1989).* The only other possibility for personal liability under ERISA is if the collective bargaining agreement expressly provides for such liability. *See Niedrich, 891 F.2d at 1301-02; see also Trustees of Sheet Metal Workers Local 91 Health & Welfare Benefit Fund v. Tennant, 2006 U.S. Dist. LEXIS 34928, 2006 WL 1520253, *2 (C.D. Ill. May 31, 2006)* (recognizing exceptions to the general rule prohibiting personal liability under ERISA "where the corporation . . . operat[es] as an alter ego of the individual or where there are facts that warrant piercing the corporate veil . . . or where there is a provision in the collective bargaining [*20] agreement providing for personal liability of the signatory").

Given these generally restrictive doctrines for personal liability under ERISA, Plaintiff has not adequately stated a claim for holding Suroweic liable in a personal capacity with respect to his alleged misrepresentation. Nowhere in Plaintiff's Amended Complaint or Response does he even allege facts that would indicate any reasons for piercing Corn Products' corporate veil. Moreover, Plaintiff fails to allege that the Labor Agreement somehow provides for personal liability. Thus, Plaintiff has

not adequately stated a claim for misrepresentation insofar as he seeks to hold Suroweic personally liable under ERISA. *See Niedrich, 891 F.2d at 1301* (affirming the district court's dismissal under *12(b)(6)* where plaintiff failed to allege facts sufficient to warrant the piercing of the corporate veil).

Finally, as Corn Products identifies in its Motion to Dismiss, the only other possibility under ERISA for holding Suroweic personally liable is for a breach of fiduciary duty. [7] "ERISA allows for an action to enforce and seek appropriate relief because of a breach of fiduciary duty." *Magin v. Monsanto Co., 420 F.3d 679, 687 (7th Cir. 2005)* [*21] (quoting *Anweiler v. Am. Elec. Power Serv. Corp., 3 F.3d 986, 992 (7th Cir. 1993))*. However, any recovery from the breach of fiduciary duty theory must inure to the plan, and not the individual beneficiary. *29 U.S.C. § 1109(a)* ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach . . .") (emphasis added); *see also Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144, 105 S. Ct. 3085, 87 L. Ed. 2d 96 (1985)* (finding that "the entire text of *§ [1109(a)]* persuades us that Congress did not intend that section to authorize any relief except for the plan itself."). Consequently, even if this Court construed Plaintiff's complaint to allege a claim for breach of fiduciary duty under ERISA, it could not stand because Plaintiff seeks individual damages for himself. (Am. Compl. Count III Prayer for Relief). *See Magin, 420 F.3d at 687-88* (affirming the district court's dismissal of plaintiff's breach of fiduciary duty claim under ERISA for alleged misrepresentation because plaintiff sought individual damages for [*22] himself); *Hettelsater, 2007 U.S. Dist. LEXIS 44618, 2007 WL 1805147, at *3* (same). Accordingly, because Plaintiff cannot state a plausible claim against Suroweic in a personal capacity,

Suroweic must be dismissed from Count III. Count III is therefore dismissed.

> 7   Again, this entire endeavor of attempting to identify the possible theories for liability would be made easier if Plaintiff actually stated the law under which he was bringing this action. Nowhere in either Plaintiff's Amended Complaint or Response does he mention breach of fiduciary duty.

## IV. CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted for each of the three counts in his complaint against Corn Products and Suroweic. The claim in Count I for specific performance must be dismissed because a *section 502(a)(3)* claim is inappropriate where ERISA elsewhere provides an adequate remedy. Additionally, Count II fails to state a claim because the unambiguous language of both the Labor Agreement and the Health Care Plan confirm that Plaintiff is not entitled to participate in the Health Care Plan upon retirement. Finally, Count III must be dismissed because ERISA preempts his claim for misrepresentation and Plaintiff has not stated [*23] an adequate claim for either equitable estoppel or breach of fiduciary duty. Moreover, Plaintiff fails to allege any facts that would warrant a finding of personal liability under ERISA. **For the reasons set forth in this opinion, the motion of Defendants Corn Products and Suroweic to dismiss Counts I, II, and III pursuant to *Rule 12(b)(6)* is granted.**

**SO ORDERED THIS 2nd DAY OF May, 2008.**

/s/ Morton Denlow

**MORTON DENLOW**

**UNITED STATES MAGISTRATE JUDGE**

LEXSEE

**ZACHARY RICE, by and through his father and next friend, PATRICK RICE, and PATRICK RICE, individually, Plaintiffs, v. HUMANA INSURANCE COMPANY, a corporation, Defendant.**

Civil Action No.: 07 C 1715

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*2007 U.S. Dist. LEXIS 40740*

June 4, 2007, Decided
June 4, 2007, Filed

**COUNSEL:** [*1] For Patrick Rice, individually and as father and next friend of Zachary Rice, Plaintiff: Kimberly A Carr, LEAD ATTORNEY, Best, Vanderlaan & Harrington, Joliet, IL; Lori Ann Vanderlaan, Best, Vanderlaan & Harrington, Wheaton, IL.

For Humana Insurance Company, a corporation, Defendant: William A. Chittenden, III, LEAD ATTORNEY, Stuart F Primack, Chittenden, Murday & Novotny, LLC, Chicago, IL.

**JUDGES:** Suzanne B. Conlon, United States District Judge.

**OPINION BY:** Suzanne B. Conlon

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Patrick Rice sues Humana Insurance Company on behalf of himself and his son Zachary Rice under the Employee Retirement Income Security Act of 1974, *29 U.S.C. § 1001 et seq.* ("ERISA"). Rice alleges Humana violated ERISA and breached its fiduciary duty by denying insurance benefits for Zachary's medically necessary treatment. Humana moves to dismiss the breach of fiduciary duty claim (Count II). For the reasons set forth below, the motion is granted.

**BACKGROUND**

The following facts are derived from the complaint. Rice's employer provided a health insurance plan under which Rice and his eight year old son Zachary were covered. Compl. at P 3. [*2] Humana was the administrator, underwriter and fiduciary of the plan. *Id.* at P 4. Za-

chary suffers from Asperger's syndrome, a qualified health condition under Rice's insurance policy. *Id.* at PP 8-9. Zachary receives therapy once or twice a week to address developmental, anxiety and behavioral problems caused by the syndrome. *Id.* at PP 8, 10. Zachary's doctors have concluded therapy is medically necessary to treat his condition. *Id.* at P 11.

Rice's policy provided that Zachary's treatment must be pre-certified as medically necessary every six months to secure benefits. Compl. at P 12. Rice submitted medical information regarding Zachary's treatment to Humana. *Id.* at P 14. Humana pre-approved Zachary's treatment several times. *Id.* at P 15. In October 2003, Humana informed Rice that it would not pre-approve and provide benefits for Zachary's treatment. *Id.* at P 17. Rice appealed Humana's decision and provided additional documentation that the treatment was medically necessary. *Id.* at P 18. Humana reversed its decision in November 2003. *Id.* at P 19. Zachary's treatment was preapproved several more times, but in September 2006, Humana ceased to provide [*3] benefits for Zachary's condition. *Id.* at PP 20-22. Rice submitted Zachary's medical bills to Humana, but Humana denied payment. *Id.* at PP 23-24. Rice appealed, and Humana denied his appeal. *Id.* at PP 25-27.

Rice continues to obtain therapy for Zachary at his own expense because he believes it is medically necessary. Compl. at P 28. He has incurred significant medical bills and expects to continue to do so. *Id.* Rice exhausted all remedies under his insurance policy. *Id.* at P 31.

**DISCUSSION**

**I. Legal Standard**

A motion brought under *Fed. R. Civ. P. 12(b)(6)* challenges the sufficiency of the complaint. *Cler v. Ill. Educ. Ass'n, 423 F.3d 726, 729 (7th Cir. 2005)*. Dismissal is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)* (citations and internal quotations omitted); *see also Vincent v. City Coll. of Chicago, No. 06-3082, 485 F.3d 919, 2007 U.S. App. LEXIS 9902 at *9 (7th Cir. Apr. 30, 2007)*. A plaintiff need not plead particular legal theories or facts to state a claim; all [*4] that is required is "a short plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)); see also FED.R. CIV. P.8(a)(2)*. The court must take a plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.*

## II. Breach of Fiduciary Duty

Humana argues Rice's claim for breach of fiduciary duty must be dismissed because it is pleaded under an inapplicable provision of ERISA that does not provide for individual relief. Humana also argues even if Rice pleaded his claim under the applicable ERISA provision establishing equitable relief to individual participants for breach of fiduciary duties, he is foreclosed because he may obtain relief under ERISA's other civil enforcement provisions.

ERISA provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify [*5] his rights to future benefits under the terms of the plan." *29 U.S.C. § 1132(a)(1)(B)*. A participant or beneficiary may bring a civil action for breach of fiduciary duty under *§ 1109. 29 U.S.C. § 1132(a)(2)*. A civil action may also be brought by a participant, beneficiary or fiduciary to enjoin any act that violates ERISA or a plan, or for other "appropriate equitable relief" to redress violations or enforce any provisions of ERISA or a plan. *29 U.S.C. § 1132(a)(3)*.

### A. Breach of Fiduciary Duty Under *§ 1109*

Rice does not cite a particular ERISA section in his breach of fiduciary duty claim, but the claim is captioned "Breach of Fiduciary Duty *29 U.S.C.A. § 1109*." Compl., Count II. *Section 1109* provides that plan fiduciaries are personally liable to the plan for breach of fiduciary duty. *29 U.S.C. § 1109*. A plan participant may bring a civil action for relief under *§ 1109. 29 U.S.C. § 1132(a)(2)*. However, any recovery for a violation of *§ 1109* goes to the plan as a whole and not to an individual beneficiary. *Anweiler v. Am. Elec. Power Serv. Corp., 3 F.3d 986,*

*992 (7th Cir. 1993).* [*6] *Section 1132(a)(3)* provides for individual equitable relief for a fiduciary's breach of duty. *Id. at 993; 29 U.S.C. § 1132(a)(3)*.

Rice seeks individual relief, not relief to the plan as a whole. He requests the same relief in both counts of his complaint: a declaration that Zachary's treatment is fully covered, an injunction against any future denial of benefits, reimbursement of lost benefits and costs, attorney fees, and any other appropriate relief. Compl. Counts I and II, (a)-(e). The requested relief inures to Rice as an individual and specifically relates to Zachary's treatment. Because Rice seeks individual rather than plan-wide relief, he cannot maintain an action under *§ 1132(a)(2)* for a violation of *§ 1109*.

Rice ignores Humana's argument he cannot seek relief under *§ 1132(a)(2)* because *§ 1109* does not provide individual relief. Notwithstanding its caption, Rice characterizes his claim as brought pursuant to *§ 1132(a)(3)*. Unlike *§ 1132(a)(2), § 1132(a)(3)* provides for individual relief for breach of fiduciary duty. *Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 591-92 (7th Cir. 2000). Section 1132(a)(3)* is [*7] limited to "appropriate equitable relief"--traditional equitable remedies such as injunction or restitution. *Id.* Rice seeks an injunction, and reimbursement of benefits. An injunction is a form of equitable relief, and restitution of medical expenses can be an equitable remedy for breach of fiduciary duty under *§ 1132(a)(3). Bowerman, 226 F.3d at 592.*

Rice's claim for breach of fiduciary duty cannot be dismissed because he cites an inapplicable section of ERISA (*§ 1109*), or because he failed to cite a potentially applicable section (*§ 1132(a)(3)*). He need not plead facts or law to state a claim. *Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).* Under *Fed. R. Civ. P. 8*, he need not do more than "narrate a grievance simply and directly, so that the defendant knows what he has been accused of." *Id.* Rice alleges Humana breached its fiduciary duty by denying benefits, and seeks individual equitable relief, afforded under *§ 1132(a)(3)*. Compl. at Count II. His claim is sufficient to provide Humana with notice of his grievance; "factual details and legal arguments come later." *Id.*

### B. *Varity* [*8] *Corp. v. Howe*

Humana argues even if Rice's claim is brought under *§ 1132(a)(3)*, it must be dismissed because he may not sue for breach of fiduciary duty to seek relief he could obtain under another section of ERISA. Rice's complaint asserts two counts. Count I alleges Humana's denial of benefits for Zachary's treatment violated ERISA. Count I does not cite a particular ERISA section, but presumably it is brought under *§ 1132(a)(1)(B)*. Count II alleges Humana breached its fiduciary duty by denying benefits,

and is presumably brought under *§ 1132(a)(3)*. Rice seeks the identical relief under both counts.

Humana relies on language in *Varity Corp. v. Howe, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996)*. There, the Supreme Court held that Varity, a plan administrator, breached its fiduciary duty by misleading plan participants about their benefits. *Id. at 506*. The Court interpreted the phrase "appropriate equitable relief" in *§ 1132(a)(3)*, and held that the section provided for individual equitable relief. *Id. at 515*. The Court noted the plaintiffs in *Varity* could not bring a civil action under *§ 1132(a)(1)(B)* because they were no longer members of [*9] the plan and had no benefits due to them under the plan. *Id.* Nor could they bring an action under *§ 1132(a)(1)(B)* because it does not provide an individual remedy. *Id.* Plaintiffs had to rely on *§ 1132(a)(3)* or have no remedy at all, which would be inconsistent with ERISA's language and purpose. *Id.* The Court stated, however, that "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.*

The Seventh Circuit has not directly applied *Varity*. Several other circuits and judges of this court have interpreted the Supreme Court's statement to mean that a claim for equitable relief under *§ 1132(a)(3)* must be dismissed if relief may be obtained under *§ 1132(a)(1)(B)*. *See Heroux v. Humana Ins. Co., No. 04 C 304, 2005 U.S. Dist. LEXIS 11712, 2005 WL 1377854, * 4 (N.D. Ill. June 8, 2005)* (Lefkow, J.) (collecting cases); *Erikson v. Ungaretti & Harris -- Exclusive Provider Plan, No. 03 C 5466, 2003 U.S. Dist. LEXIS 21173, 2003 WL 22836462, *2 (N.D. Ill. Nov. 24, 2003)* (Aspen, J.) (collecting cases); *Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 106 (4th Cir. 2006)* [*10] ("the great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under *§ 1132(a)(1)(B)* may not proceed with a claim under *§ 1132(a)(3)*", collecting cases). To allow a claim under *§ 1132(a)(3)* would permit ERISA claimants to characterize denial of benefits as a breach of fiduciary duty. The Supreme Court expressly rejected this proposition. *Korotynska, 474 F.3d at 107*.

Relying on *Murphy v. U.S. Life Ins. Co.*, Rice argues that he may plead two alternate theories of liability. *No. 04 C 2930, 2005 U.S. Dist. LEXIS 6157, 2005 WL 711982 (N.D. Ill. March 23, 2005)* (Darrah, J.). *Murphy* held that while a plaintiff may not recover duplicative relief under *§ 1132(a)(1)(B)* and *§ 1132(a)(3)*, he may plead claims under both. *2005 U.S. Dist. LEXIS 6157, [WL] at *2* (citing *Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 89 (2d Cir. 2001)* (*Varity* did not eliminate the possibility of a plaintiff successfully asserting a claim under both statutes)); *but see Erikson, 2003 U.S. Dist. LEXIS 21173, 2003 WL 22836462 at *2 n.2* (distinguishing *Devlin* because the plaintiffs sought more than mere recovery of their benefits). *Murphy* [*11] does not directly address the language in *Varity*. The fact that alternative pleading is permitted is irrelevant because under *Varity*, Rice's *§ 1132(a)(3)* claim must be dismissed if relief may be obtained under *§ 1132(a)(1)(B)*. *Jurgovan v. ITI Enterprises, No. 03 C 4627, 2004 U.S. Dist. LEXIS 11489, 2004 WL 1427115, at *4 (N.D. Ill. June 23, 2004)* (Manning, J.).

Rice does not seek any relief in his claim under *§ 1132(a)(3)* that would be unavailable to him under *§ 1132(a)(1)(B)*. This is underscored by the fact that he seeks the identical relief under both counts. Rice argues he seeks an injunction, an equitable remedy. However, his request for an injunction against future denial of benefits is available under *§ 1132(a)(1)(B)*; he may clarify his right to future benefits under the plan. *29 U.S.C. § 1132(a)(1)(B); Erikson, 2003 U.S. Dist. LEXIS 21173, , 2003 WL 22836462 at *3*.

## CONCLUSION

The relief Rice seeks in his claim for breach of fiduciary duty is available under [*12] *§ 1132(a)(1)(B)*. Count II of the complaint is dismissed.

June 4, 2007

Suzanne B. Conlon

United States District Judge

LEXSEE

**ZACHARY RICE, by and through his father and next friend, PATRICK RICE, and PATRICK RICE, individually, Plaintiffs, v. HUMANA INSURANCE COMPANY, a corporation, Defendant.**

**Civil Action No.: 07 C 1715**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*2007 U.S. Dist. LEXIS 40740*

**June 4, 2007, Decided**
**June 4, 2007, Filed**

**COUNSEL:** [*1] For Patrick Rice, individually and as father and next friend of Zachary Rice, Plaintiff: Kimberly A Carr, LEAD ATTORNEY, Best, Vanderlaan & Harrington, Joliet, IL; Lori Ann Vanderlaan, Best, Vanderlaan & Harrington, Wheaton, IL.

For Humana Insurance Company, a corporation, Defendant: William A. Chittenden, III, LEAD ATTORNEY, Stuart F Primack, Chittenden, Murday & Novotny, LLC, Chicago, IL.

**JUDGES:** Suzanne B. Conlon, United States District Judge.

**OPINION BY:** Suzanne B. Conlon

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Patrick Rice sues Humana Insurance Company on behalf of himself and his son Zachary Rice under the Employee Retirement Income Security Act of 1974, *29 U.S.C. § 1001 et seq.* ("ERISA"). Rice alleges Humana violated ERISA and breached its fiduciary duty by denying insurance benefits for Zachary's medically necessary treatment. Humana moves to dismiss the breach of fiduciary duty claim (Count II). For the reasons set forth below, the motion is granted.

**BACKGROUND**

The following facts are derived from the complaint. Rice's employer provided a health insurance plan under which Rice and his eight year old son Zachary were covered. Compl. at P 3. [*2] Humana was the administrator, underwriter and fiduciary of the plan. *Id.* at P 4. Zachary suffers from Asperger's syndrome, a qualified health condition under Rice's insurance policy. *Id.* at PP 8-9. Zachary receives therapy once or twice a week to address developmental, anxiety and behavioral problems caused by the syndrome. *Id.* at PP 8, 10. Zachary's doctors have concluded therapy is medically necessary to treat his condition. *Id.* at P 11.

Rice's policy provided that Zachary's treatment must be pre-certified as medically necessary every six months to secure benefits. Compl. at P 12. Rice submitted medical information regarding Zachary's treatment to Humana. *Id.* at P 14. Humana pre-approved Zachary's treatment several times. *Id.* at P 15. In October 2003, Humana informed Rice that it would not pre-approve and provide benefits for Zachary's treatment. *Id.* at P 17. Rice appealed Humana's decision and provided additional documentation that the treatment was medically necessary. *Id.* at P 18. Humana reversed its decision in November 2003. *Id.* at P 19. Zachary's treatment was preapproved several more times, but in September 2006, Humana ceased to provide [*3] benefits for Zachary's condition. *Id.* at PP 20-22. Rice submitted Zachary's medical bills to Humana, but Humana denied payment. *Id.* at PP 23-24. Rice appealed, and Humana denied his appeal. *Id.* at PP 25-27.

Rice continues to obtain therapy for Zachary at his own expense because he believes it is medically necessary. Compl. at P 28. He has incurred significant medical bills and expects to continue to do so. *Id.* Rice exhausted all remedies under his insurance policy. *Id.* at P 31.

**DISCUSSION**

**I. Legal Standard**

A motion brought under *Fed. R. Civ. P. 12(b)(6)* challenges the sufficiency of the complaint. *Cler v. Ill. Educ. Ass'n, 423 F.3d 726, 729 (7th Cir. 2005).* Dismissal is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)* (citations and internal quotations omitted); *see also Vincent v. City Coll. of Chicago, No. 06-3082, 485 F.3d 919, 2007 U.S. App. LEXIS 9902 at *9 (7th Cir. Apr. 30, 2007).* A plaintiff need not plead particular legal theories or facts to state a claim; all [*4] that is required is "a short plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)); see also FED.R. CIV. P.8(a)(2).* The court must take a plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.*

## II. Breach of Fiduciary Duty

Humana argues Rice's claim for breach of fiduciary duty must be dismissed because it is pleaded under an inapplicable provision of ERISA that does not provide for individual relief. Humana also argues even if Rice pleaded his claim under the applicable ERISA provision establishing equitable relief to individual participants for breach of fiduciary duties, he is foreclosed because he may obtain relief under ERISA's other civil enforcement provisions.

ERISA provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify [*5] his rights to future benefits under the terms of the plan." *29 U.S.C. § 1132(a)(1)(B).* A participant or beneficiary may bring a civil action for breach of fiduciary duty under *§ 1109. 29 U.S.C. § 1132(a)(2).* A civil action may also be brought by a participant, beneficiary or fiduciary to enjoin any act that violates ERISA or a plan, or for other "appropriate equitable relief" to redress violations or enforce any provisions of ERISA or a plan. *29 U.S.C. § 1132(a)(3).*

### A. Breach of Fiduciary Duty Under *§ 1109*

Rice does not cite a particular ERISA section in his breach of fiduciary duty claim, but the claim is captioned "Breach of Fiduciary Duty *29 U.S.C.A. § 1109.*" Compl., Count II. *Section 1109* provides that plan fiduciaries are personally liable to the plan for breach of fiduciary duty. *29 U.S.C. § 1109.* A plan participant may bring a civil action for relief under *§ 1109. 29 U.S.C. § 1132(a)(2).* However, any recovery for a violation of *§ 1109* goes to the plan as a whole and not to an individual beneficiary. *Anweiler v. Am. Elec. Power Serv. Corp., 3 F.3d 986,* 992 (7th Cir. 1993).* [*6] *Section 1132(a)(3)* provides for individual equitable relief for a fiduciary's breach of duty. *Id. at 993; 29 U.S.C. § 1132(a)(3).*

Rice seeks individual relief, not relief to the plan as a whole. He requests the same relief in both counts of his complaint: a declaration that Zachary's treatment is fully covered, an injunction against any future denial of benefits, reimbursement of lost benefits and costs, attorney fees, and any other appropriate relief. Compl. Counts I and II, (a)-(e). The requested relief inures to Rice as an individual and specifically relates to Zachary's treatment. Because Rice seeks individual rather than plan-wide relief, he cannot maintain an action under *§ 1132(a)(2)* for a violation of *§ 1109.*

Rice ignores Humana's argument he cannot seek relief under *§ 1132(a)(2)* because *§ 1109* does not provide individual relief. Notwithstanding its caption, Rice characterizes his claim as brought pursuant to *§ 1132(a)(3).* Unlike *§ 1132(a)(2), § 1132(a)(3)* provides for individual relief for breach of fiduciary duty. *Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 591-92 (7th Cir. 2000). Section 1132(a)(3)* is [*7] limited to "appropriate equitable relief"--traditional equitable remedies such as injunction or restitution. *Id.* Rice seeks an injunction, and reimbursement of benefits. An injunction is a form of equitable relief, and restitution of medical expenses can be an equitable remedy for breach of fiduciary duty under *§ 1132(a)(3). Bowerman, 226 F.3d at 592.*

Rice's claim for breach of fiduciary duty cannot be dismissed because he cites an inapplicable section of ERISA (*§ 1109*), or because he failed to cite a potentially applicable section (*§ 1132(a)(3)*). He need not plead facts or law to state a claim. *Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).* Under *Fed. R. Civ. P. 8,* he need not do more than "narrate a grievance simply and directly, so that the defendant knows what he has been accused of." *Id.* Rice alleges Humana breached its fiduciary duty by denying benefits, and seeks individual equitable relief, afforded under *§ 1132(a)(3).* Compl. at Count II. His claim is sufficient to provide Humana with notice of his grievance; "factual details and legal arguments come later." *Id.*

### B. *Varity* [*8] *Corp. v. Howe*

Humana argues even if Rice's claim is brought under *§ 1132(a)(3),* it must be dismissed because he may not sue for breach of fiduciary duty to seek relief he could obtain under another section of ERISA. Rice's complaint asserts two counts. Count I alleges Humana's denial of benefits for Zachary's treatment violated ERISA. Count I does not cite a particular ERISA section, but presumably it is brought under *§ 1132(a)(1)(B).* Count II alleges Humana breached its fiduciary duty by denying benefits,

and is presumably brought under *§ 1132(a)(3)*. Rice seeks the identical relief under both counts.

Humana relies on language in *Varity Corp. v. Howe, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996)*. There, the Supreme Court held that Varity, a plan administrator, breached its fiduciary duty by misleading plan participants about their benefits. *Id. at 506*. The Court interpreted the phrase "appropriate equitable relief" in *§ 1132(a)(3)*, and held that the section provided for individual equitable relief. *Id. at 515*. The Court noted the plaintiffs in *Varity* could not bring a civil action under *§ 1132(a)(1)(B)* because they were no longer members of [*9] the plan and had no benefits due to them under the plan. *Id.* Nor could they bring an action under *§ 1132(a)(1)(B)* because it does not provide an individual remedy. *Id.* Plaintiffs had to rely on *§ 1132(a)(3)* or have no remedy at all, which would be inconsistent with ERISA's language and purpose. *Id.* The Court stated, however, that "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.*

The Seventh Circuit has not directly applied *Varity*. Several other circuits and judges of this court have interpreted the Supreme Court's statement to mean that a claim for equitable relief under *§ 1132(a)(3)* must be dismissed if relief may be obtained under *§ 1132(a)(1)(B)*. *See Heroux v. Humana Ins. Co., No. 04 C 304, 2005 U.S. Dist. LEXIS 11712, 2005 WL 1377854, * 4 (N.D. Ill. June 8, 2005)* (Lefkow, J.) (collecting cases); *Erikson v. Ungaretti & Harris -- Exclusive Provider Plan, No. 03 C 5466, 2003 U.S. Dist. LEXIS 21173, 2003 WL 22836462, *2 (N.D. Ill. Nov. 24, 2003)* (Aspen, J.) (collecting cases); *Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 106 (4th Cir. 2006)* [*10] ("the great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under *§ 1132(a)(1)(B)* may not proceed with a claim under *§ 1132(a)(3)*", collecting cases). To allow a claim under *§ 1132(a)(3)* would permit ERISA claimants to characterize denial of benefits as a breach of fiduciary duty. The

Supreme Court expressly rejected this proposition. *Korotynska, 474 F.3d at 107*.

Relying on *Murphy v. U.S. Life Ins. Co.*, Rice argues that he may plead two alternate theories of liability. *No. 04 C 2930, 2005 U.S. Dist. LEXIS 6157, 2005 WL 711982 (N.D. Ill. March 23, 2005)* (Darrah, J.). *Murphy* held that while a plaintiff may not recover duplicative relief under *§ 1132(a)(1)(B)* and *§ 1132(a)(3)*, he may plead claims under both. *2005 U.S. Dist. LEXIS 6157, [WL] at *2* (citing *Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 89 (2d Cir. 2001)* (*Varity* did not eliminate the possibility of a plaintiff successfully asserting a claim under both statutes)); *but see Erikson, 2003 U.S. Dist. LEXIS 21173, 2003 WL 22836462 at *2 n.2* (distinguishing *Devlin* because the plaintiffs sought more than mere recovery of their benefits). *Murphy* [*11] does not directly address the language in *Varity*. The fact that alternative pleading is permitted is irrelevant because under *Varity*, Rice's *§ 1132(a)(3)* claim must be dismissed if relief may be obtained under *§ 1132(a)(1)(B)*. *Jurgovan v. ITI Enterprises, No. 03 C 4627, 2004 U.S. Dist. LEXIS 11489, 2004 WL 1427115, at *4 (N.D. Ill. June 23, 2004)* (Manning, J.).

Rice does not seek any relief in his claim under *§ 1132(a)(3)* that would be unavailable to him under *§ 1132(a)(1)(B)*. This is underscored by the fact that he seeks the identical relief under both counts. Rice argues he seeks an injunction, an equitable remedy. However, his request for an injunction against future denial of benefits is available under *§ 1132(a)(1)(B)*; he may clarify his right to future benefits under the plan. *29 U.S.C. § 1132(a)(1)(B)*; *Erikson, 2003 U.S. Dist. LEXIS 21173, , 2003 WL 22836462 at *3*.

## CONCLUSION

The relief Rice seeks in his claim for breach of fiduciary duty is available under [*12] *§ 1132(a)(1)(B)*. Count II of the complaint is dismissed.

June 4, 2007

Suzanne B. Conlon

United States District Judge