UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN M. HUSS, individually and as Guardian for JOSEPH R. HUSS, JR., <br><br> Plaintiff, <br><br> v. <br><br> IBM MEDICAL AND DENTAL PLAN and R.A. BARNES, in her capacity as PLAN ADMINISTRATOR, <br><br> Defendants. | No. 07 C 7028 <br><br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

This was an ERISA suit to overturn the denial of enrollment eligibility for Joseph R. Huss, Jr., Plaintiff Eileen Huss's 25 year old mentally disabled son, in the employee welfare plan sponsored and administered by Plaintiff's former employer, IBM. On March 20, 2009, I granted summary judgment for Plaintiff and found that Joseph R. Huss Jr. was entitled to be immediately enrolled in the IBM Medical and Dental Plan ("the Plan"). Additionally, in my March 20th opinion, I granted Plaintiff's motion for summary judgment on her claim for statutory penalties pursuant to 29 U.S.C § 1132(c)(1). What remains for me to determine is the amount of statutory penalties to be imposed on Defendants. For the reasons set forth below, I impose statutory penalties on Defendants in the amount of $15,220.00.

## I. STANDARD OF REVIEW

ERISA requires plan administrators to provide specific information, such as "the latest updated summary, plan description. . . or other instruments under which the plan is established or operated," within 30 days of written request. 29 U.S.C § 1024(b)(4). Failure to comply with

such a request can result in fines imposed under 29 U.S.C. § 1132(c)(1). *Ames v. American National Can Co.*, 170 F.3d 751, 758 (7th Cir. 1999).

The maximum penalty for such a violation is $110.00 for each day a request within the scope of § 1024(b)(4) is refused. 29 U.S.C. § 1132(c); 29 C.F.R. § 2575.502c-1. Prior versions of summary plan descriptions ("SPDs") requested by a plan participant fall within the scope of the penalty provisions of 29 U.S. C. §§ 1132(c) and 1024(b)(4) if they are material to an evaluation of the claimant's rights. *See Ames*, 170 F.3d at 759. As I previously held in my order granting Plaintiff's motion for summary judgment, the SPDs in effect on June 9, 2004 and the intervening amendments to the SPD published up until the version relied upon by IBM in 2006 were "critically important documents in evaluating Huss's rights."

"Because the statute provides no criteria to guide determination of the amount to be awarded within that limit, that determination is left to the discretion of the district judge." *Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 338 (7th Cir. 2004). Among the factors courts consider when making penalty determinations are "bad faith or intentional conduct on the part of the administrator, the length of the delay, the number of requests made and documents withheld, and the existence of any prejudice." *Jackson v. E.J. Brach Corp.*, 937 F.Supp 735, 741 (N.D. Ill 1996). As recognized by the Seventh Circuit, "fines may be necessary to make employers take seriously their disclosure obligations when an actual lack of information results from the employer's reluctance to respond to a request for information." *Ames*, 170 F.3d at 760. The severity of fines imposed, within the court's discretion, can be a nominal amount when no bad

faith is apparent and plaintiffs are not substantially prejudiced[1] or more substantial when conduct is intentional or indifferent.[2] Additionally, it has been held that a plaintiff is prejudiced by the mere fact that defendant's conduct has forced them to continually request documents, spend time disputing a claim, or hire an attorney. *Pisek v. Kindred Healthcare Inc.*, No. 06-cv-372, 2007 U.S. Dist LEXIS 51896, at *19-20 (S.D. Ind. July 17, 2007).

## II. DISCUSSION

Although Plaintiff asks this Court to use its discretion and apply a maximum statutory penalty of $110 for each day an individual document was delayed, this view is inconsistent with the statute which states that the maximum fine per *day* to be imposed is $110. Furthermore, Plaintiffs cite no case where the application of penalties to multiple documents exceeds the

---

[1] *Jackson*, 937 F.Supp at 742. Defendant was fined $10 per diem for over a two-year period for failure to send a formal and complete SPD to plaintiff. *Id.* at 742. The court considered defendant's timely submission of a plan summary upon plaintiff's request as evidence of good faith. *Id*. Plaintiff's were also not considered substantially prejudiced because the summary provided by the defendant was sufficient for them to determine their rights. *Id*. at 741-42.)

[2] *Lowe v. McGraw-Hill Co., Inc.,* 361 F.3d 335, 337-39 (7th Cir. 2004) (awarded $50 per diem for 701 days for failure to deliver documents citing administrative confusion and where defendant made "flagrantly" "unjustifiable" assumptions); *Krueger Intern., Inc. v. Blank*, 225 F.3d 806, 811 (7th Cir. 2000) (imposing statutory maximum of $100 per diem for 153 days when defendants failed to provide any explanation for the delay); *Pisek v. Kindred Healthcare Inc.*, 2007 U.S. Dist LEXIS 51896, at *18-20 ($50 per diem for 196 day delay in providing documents whereby plaintiff spent over one year disputing his claim and hired an attorney. The court acknowledged that there was no explicit bad faith, but that defendant "has not provided any reason for its excessive delay.").
.

statutory maximum of $110 per day.[3] Defendants, on the other hand, assert that this Court use its discretion to assign no statutory penalty.

Plaintiff proposes that the following documents qualify for the imposition of penalties:

A. <u>Documents Requested Via Email on January 23, 2007: Due on February 22, 2007</u>
 (1) SPD published August 5, 2003

B. <u>Documents Requested Via Letter on March 27, 2007: Due on April 26, 2007</u>
 (2) SPD published June 17, 2004
 (3) SPD published July 22 , 2004
 (4) SPD published August 12, 2004
 (5) SPD published September 9, 2004
 (6) SPD published June 30, 2005
 (7) 2005 Plan Year SPD
 (8) SPD published October 10, 2006
 (9) SPD published November 2, 2006
 (10) SPD published December 22, 2006

Two clear document requests are evident, and I will deal with each request in turn.

---

[3] While the statutory per day maximum is $110, the question remains as to whether multiple requests for documents can support cumulative penalties. This question was contemplated, but not answered, by the Seventh Circuit in *Ziaee v. Vest*, and there are few cases where this question has been subsequently raised. 916 F.2d 1204, 1210-211 (7th Cir. 1990). In *Ziaee*, the court implied that cumulative penalties were within the contemplated meaning of the statutory provisions stating "[U]nless new requests allow cumulative penalties, there is no marginal deterrent: the plan may well ignore second and subsequent requests." *Id*. at 1211. The court did not reach this issue, however, because it was "premature." *Id*. Here too, this question is premature. Plaintiff's first requested documents arrived on April 26, 2007. Although Plaintiff's second requested documents came due on April 26, 2007, they are not considered overdue until April 27, 2007.

I begin first with document (1) which was requested in Plaintiff's January 23, 2007 email to plan administrators. This document contained the effective SPD for the period prior to June 9, 2004.[4] As recognized in my prior order granting summary judgment to Plaintiff, this document was of critical importance to Plaintiff. Defendants acknowledge that Plaintiff requested this document in an email on January 23, 2007 and that it was provided to her on April 26, 2007, 63 days after the statutorily prescribed period for delivery had expired.[5] I am unpersuaded by Defendants' argument that only "nominal" penalties should be applied to the tardiness of this document because there was "minimal delay." This document was critical to Plaintiff's ability to evaluate her rights and thus its delay did indeed prejudice Plaintiff. Additionally, a delay of 63 days, more than double the time allocated by statute to comply, can hardly be considered "minimal." I am therefore imposing a penalty of $60 per day for the delay of this document resulting in a penalty of $3,780.00.

Next, I turn to documents (2), (3), (4), (5), (6), (7), (8), (9), and (10). These documents were requested by Plaintiff, through her counsel, in a letter dated March 27, 2007. First, Plaintiff

---

[4] June 9, 2004 was the date when Plaintiff's son turned 23. The IBM policy required that to continue IBM health benefits for a child, a plan participant must request a continuation of benefits at least 60 days prior to the child turning 23.

[5] Defendants argue that there "was and is a good-faith dispute about the relevance of the August 2003 SPD" noting that Defendants acted in good-faith when they told Plaintiff, in an email on January 17, 2007, that the only resource she needed for her appeal was the January 1, 2006 version of the SPD. First, I have already held that the August 2003 SPD, which was operative at the time of Joseph Huss's birthday and for the 60 days prior to that day, is material and relevant. Second, even if Defendants, on January 17, 2007, did not recognize that Plaintiff needed this document (her initial request on January 8, 2007 did not specifically identify the August 2003 SPD), Defendants still failed to honor Plaintiff's explicit request for this document in her January 23, 2007 email which specifically requested the SPD of the policy in effect during 2004.

received document (5) on April 26, 2007 within the statutorily prescribed period of 30 days.[6] For this reason, document (5) will be excluded from my penalty calculation. Defendants deny that SPD versions prior to December 22, 2006 are encompassed in 29 U.S.C § 1024(b)(4). I find this argument unpersuasive, as I found in my previous order that these earlier SPDs were not only encompassed by 29 U.S.C § 1024(b)(4), but were material to Plaintiff's evaluation of her rights. Defendants also assert that there was no evidence of their intentional actions or bad faith. Again, I find Defendants unpersuasive as I found in my prior order that Defendants made affirmative misrepresentations to Plaintiff. Documents (2), (3), (4), (6), (7), (8), (9), and (10) were not submitted to Plaintiff until August 8, 2007, a delay of 104 days.

As I noted in my order granting Plaintiff's motion for summary judgment, Defendants affirmatively misrepresented to Plaintiff that 2004 SPDs were not available to send (four versions of the 2004 SPD were issued, documents (2), (3), (4), and (5) respectively). This constitutes both bad faith and intentional conduct. Furthermore, as stated previously, all of these documents reflect amendments made to the SPD between 2004 and 2006 and were therefore material to Plaintiff's evaluation of her rights. Finally, a 104-day delay is undeniably egregious. Because of Defendants' bad faith, the materiality of these documents, the unreasonable delay in providing

---

[6] Plaintiff contends in her proposed order that this document was requested in a January 23, 2007 email. In that email she asked Defendants to send her "information that would have been effective in 2004 (this is date (sic) you advised that I would have had to notify IBM that my son is a dependent)." Because the effective policy during this period was the August 5, 2003 version of the policy, I consider the March 27, 2007 letter from Plaintiff, through her counsel, to Defendants the first request for this document.

these documents to Plaintiff, and the number of documents involved in this request, I assign the maximum penalty of $110 per diem amounting to a total penalty of $11,440.00.

**III. CONCLUSION**

For the foregoing reasons, statutory penalties are imposed on Defendants in the amount of $15,220.00.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: November 4, 2009