UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EILEEN M. HUSS, individually and as
Guardian for JOSEPH R. HUSS, JR.,

    Plaintiff,

        v.

IBM MEDICAL AND DENTAL PLAN and
R.A. BARNES, in her capacity as PLAN
ADMINISTRATOR,

    Defendants.

No. 07 C 7028
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

This was an ERISA suit to overturn the denial of enrollment eligibility for Joseph R. Huss, Jr., Eileen Huss's 25-year-old mentally disabled son, in the employee welfare plan sponsored and administered by Eileen's former employer, International Business Machines Corporation ("IBM"). I granted summary judgment for Plaintiff and found that Joseph R. Huss Jr. was entitled to be immediately enrolled in the IBM Medical and Dental Plan. Additionally, I granted Plaintiff's motion for summary judgment on her claim for statutory penalties pursuant to 29 U.S.C § 1132(c)(1). Plaintiff now moves for an award of attorneys' fees and costs under ERISA. For the following reasons, Plaintiff's motion for attorneys' fees and related non-taxable expenses is granted.

## I. STATEMENT OF FACTS

Plaintiff Eileen M. Huss ("Huss") is a retired IBM employee and legal guardian for her disabled son, Joseph R. Huss, Jr. ("Joseph"). Defendant IBM Medical and Dental Plan (the "Plan") is the legal entity through which IBM provides employee benefits to its active and retired

employees. Defendant R.A. Barnes, in her capacity as Plan Administrator, has the sole discretion to make the final decision with respect to eligibility under the Plan. The benefits program offered through the Plan is governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA").

Joseph, born on August 8, 1981, has suffered from a severe mental disability since birth, and is completely dependent upon his parents for his support and well-being. Huss planned on enrolling Joseph in the Plan after her retirement on December 31, 2006. Joseph was then enrolled in the employee benefit plan offered through his father's employer. On January 3, 2007, Huss was informed that Joseph was not eligible to enroll in the Plan because she was supposed to have submitted a written application at least sixty days prior to Joseph's twenty-third birthday, and that her failure to do so barred Joseph's enrollment in the Plan.

Huss subsequently retained an attorney and twice appealed the Plan's denial of Joseph's eligibility. On August 8, 2007, the Plan Administrator, who the Plan authorized to determine eligibility for benefits and to construe provisions of the Plan, sent a signed letter to Huss' counsel stating that, having conducted a final review of Huss' appeal, Joseph was not eligible to enroll in the Plan.

Huss filed a four-count amended complaint under ERISA against the Plan and the Plan Administrator, seeking relief in the form of health benefits due to her son pursuant to 29 U.S.C. § 1132(a)(1)(B) (Count I) and statutory damages from the Plan and the Plan Administrator for their failure to provide requested documents pursuant to 29 U.S.C. §§ 1024(b)(4) and 1132(c) (Count II). I dismissed Count III, Huss' claim for breach of fiduciary duty, and granted Huss' motion for

summary judgment for Counts I and II. Defendant filed a Notice of Appeal to the Seventh Circuit Court of Appeals on January 6, 2010.

Plaintiff then sought to recover attorneys' fees and costs from Defendant under 29 U.S.C. § 1132(g)(1). Pursuant to Local Rule 54.3(d), the parties attempted, though without success, to agree on the amount of fees and expenses to be awarded. By a letter sent to Plaintiff on February 3, 2010, Defendant objected to the award of any fees and also raised objections to specific portions of the fee request. On February 23, 2010, Plaintiff filed a Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses. Pursuant to Local Rule 54.3(e), the parties submitted a Joint Statement in connection with Plaintiff's motion, in which Plaintiff set forth the specific attorneys' fees and costs that it claimed, and Defendant detailed its objections to certain fees and costs claimed by Plaintiff.

## II. STANDARD OF REVIEW

ERISA grants the court discretion to "allow a reasonable attorneys' fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Under this statute, "there is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." *Stark v. PPM America, Inc.*, 354 F.3d 666, 673 (7th Cir. 2004) (quoting *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001)). The Seventh Circuit recognizes two tests for awarding attorneys' fees under § 1132(g)(1). *Id.* Both tests essentially ask the question, "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Id.* (quoting *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 593 (7th Cir. 2000)).

The first test looks to whether the losing party's position was "substantially justified" and "taken in good faith." *Herman v. Cent. States, Se. and Sw. Areas Pension Fund*, 423 F.3d 684, 696 (7th Cir. 2005). Substantially justified means "something more than non-frivolous, but something less than meritorious." *Id.* (quoting *Senese,* 237 F.3d at 826). The absence of good faith does not require a subjective finding of bad faith, but rather describes "a party who pursues a position . . . without a solid basis." *Prod. & Maint. Employees' Local 504 v. Roadmaster Corp.,* 954 F.2d 1397, 1405 (7th Cir. 1992).

The second test examines the following five factors: (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions. *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998). This test has been disfavored in the Seventh Circuit, however, but is included for completeness. *See Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 671-72 (7th Cir. 2007) (The five-factor test "perhaps has outlived its usefulness.").

### III. DISCUSSION

**A. Plaintiff Is Entitled to an Award of Attorneys' Fees and Costs.**

Plaintiff is entitled to an award of attorneys' fees and costs under both the substantial justification test and the five-factor test. Defendant argues that its litigation position- that the denial of eligibility for enrollment was not arbitrary and capricious- was substantially justified. Plaintiff, though, applies the test primarily to the Plan Administrator's decision to deny Joseph's

4

enrollment. Plaintiff argues that because I overturned the Plan Administrator's decision as arbitrary, capricious, and downright unreasonable, it cannot be substantially justified. While there is some ambiguity, the substantial justification test correctly applies to the *litigation* position rather than the underlying position.[1] *Lowe v. McGraw-Hill Cos.,* 361 F.3d 335, 339 (7th Cir. 2004); *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 355 F.Supp.2d 931, 936 (N.D. Ill. 2005).

Defendant argues that, in light of the deferential arbitrary and capricious standard of review of the Plan Administrator's decision, its position was substantially justified because the Plan Administrator had discretionary authority and made a determination based on relevant plan provisions, even though the decision was ultimately overturned. Defendant's argument fails, however, because the Plan Administrator did not rely on the relevant document in making her determination. The Plan Administrator denied Joseph's eligibility solely based on a provision in the January 1, 2006 version of the Summary Plan Description ("SPD") that required Huss to submit a written application at least sixty days prior to Joseph's twenty-third birthday. However, the August 5, 2003 version of the SPD, which was in effect sixty days prior to Joseph's twenty-third birthday, contained no such provision, and entitled Joseph to eligibility for enrollment. Although the Plan Administrator had access to the relevant SPD, and was directed to it by Huss' appeal, she denied the appeal based on a provision that did not yet exist at the relevant time.

Defendant's argument that the January 1, 2006 SPD was the operative plan document was without solid basis. Consequently, its position that the Plan Administrator's review of plan

---

[1] The distinction does not alter the outcome, though, as Defendant's underlying position, which I overturned as arbitrary, capricious, and downright unreasonable, was not substantially justified either.

5

documents satisfied the arbitrary and capricious standard is not substantially justified because the Plan Administrator failed to take into account the operative documents. *See Hess v. Hartford Life & Accident Ins. Co.*, 274 F.3d 456, 464 (7th Cir. 2001). Accordingly, because I find that Defendant's position was not substantially justified and in good faith, Plaintiff is entitled to the recovery of attorneys' fees and costs pursuant to this test.

The five factor test similarly favors awarding attorneys' fees and costs.[2] As to the first factor, the degree of culpability or bad faith, Defendant's denial of eligibility based on a requirement that did not exist at the relevant time, as well as Defendant's initial failure to produce relevant plan documents indicate bad faith. As to the second factor, Defendant has not claimed an inability to satisfy an award, and there is no indication that it will not be able to, so this factor also favors awarding fees. *See Sullivan*, 504 F.3d at 671; *but see Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 829 (7th Cir. 1984) (noting that this factor would weigh against the plaintiff if plan assets were used to pay for attorneys' fees, to the detriment of other beneficiaries).

The third factor, deterrence, weighs in favor of Plaintiff, even if only slightly. Awarding fees should serve as a deterrent against such conduct by Defendant or other entities in similar circumstances. *But see Sullivan,* 504 F.3d at 671 ("[W]hether the award of fees in a particular case will have a deterrent effect cannot be determined."). The fourth factor, benefit to members of the pension plan as a whole, slightly favors the Plaintiff. Specifically, the resulting deterrence could benefit other members trying to obtain their benefits under the Plan. *Kohrn v. Citigroup*,

---

[2] Although both parties referenced the five factor test in their briefs, neither applied the test by factor.

No. 3:04 CV 7553, 2006 U.S. Dist. LEXIS 11691 at *11 (N.D. Ohio March 21, 2006). Although an award paid out of plan assets could hurt plan beneficiaries, *see Bittner*, 728 F.2d at 829, there is no indication that an award would affect Defendant's ability to provide benefits. Finally, as discussed *supra*, the relative merits of the parties' positions heavily favor Plaintiff. Therefore, Plaintiff is also entitled to recover attorneys' fees and costs based on the application of the five factors test.

Defendant raises additional arguments against awarding fees. Both are unsuccessful. Defendant objects to awarding fees at this time because an appeal is pending, but cites no authority to support this objection. Although a district court may not assert jurisdiction over a matter currently under appeal, it may address ancillary questions such as attorneys' fees while the merits are on appeal. *Kusay v. U.S.,* 62, F.3d 192, 194 (7th Cir. 1995). In addition, this Court is not only able, but encouraged, to consider an award of fees at this time. *Terket v. Lund,* 623 F.2d 29, 34 (7th Cir. 1980) ("[D]istrict courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible.").

Defendant also suggests that fees should not be awarded because the court entered a penalty award against Defendant. To support this argument, Defendant cites *Blazejewski v. Gipson*, in which the court says, "[i]n light of the Court's assessment of penalties, we decline to award attorneys' fees to Blazejewski." No. 97 C 5466, 1999 U.S. Dist. LEXIS 18028, at *14 (N.D. Ill. Nov. 10, 1999). Though the *Blazejewski* Court declined to impose attorneys' fees in addition to statutory penalties, the Court did not state or imply that attorneys' fees can never be

7

recovered when statutory penalties under § 1132(c) are imposed.[3] In addition, the Seventh Circuit has on multiple occasions affirmed awards of both statutory penalties and attorneys' fees. *See, e.g., Mlsna v. Unitel Commc'ns, Inc.,* 91 F.3d 876, 883-84 (7th Cir. 1996); *Lowe,* 361 F.3d at 338-39.

Because Defendants' position was not substantially justified, Plaintiff is entitled to receive attorneys' fees and costs.

### B. Plaintiff Is Entitled to Recover Reasonable Attorneys' Fees and Costs Incurred in the Course of Litigation.

A court may award "a reasonable attorneys' fee and costs of action" under § 1132(g)(1). Reasonable attorneys' fees are determined by calculating the "lodestar," which is number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Anderson v. AB Painting and Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009). Plaintiff claims attorneys' fees of $92,560.00, which she determined by multiplying each attorneys' total hours spent on the matter by each attorneys' hourly rate. Defendant does not object to the hourly rate claimed by Plaintiff. In addition, the rates are at or below market rates and also at or below rates charged by the firm to other clients of the firm (Heaton Aff. ¶ 4). However, Defendant makes several objections to the number of hours claimed by Plaintiff.

---

[3] Blazejewski had previously pled guilty to stealing thousands of dollars from the Defendant, her former employer, *Blazejewski*, 1999 U.S. Dist. LEXIS 18028 at *5, and claimed no actual injury stemming from the Defendant's delay that gave rise to the statutory penalty, *id.* at *13. The court awarded a statutory penalty of only $10 per day, *id.* at * 14, as opposed to a maximum of $100 per day, and declined to award attorneys' fees. *Id.*

1. *Pre-Litigation Administrative Proceedings*

Defendant first argues that the portion of fees claimed by Plaintiff for work done in relation to the administrative appeal process prior to litigation is not compensable. ERISA limits the scope of compensable fees to those incurred "[i]n any action under this subchapter." 29 U.S.C. § 1132(g)(1). In analyzing similar fee shifting provisions under different statutes, the Supreme Court has held that fees and costs from administrative proceedings are compensable if they are "intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees." *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (holding fees and costs from administrative proceedings compensable under the Equal Access to Justice Act); *see also Pennsylvania v. Del. Valley Citizens' Council*, 478 U.S. 546, 558 (1986) (holding such fees and costs compensable under the Clean Air Act).

There is no Seventh Circuit precedent on whether expenses for administrative proceedings are compensable under ERISA. However, all seven courts of appeals which have addressed this issue have concluded for various reasons that, as a matter of law, ERISA does not provide for an award of attorneys' fees and costs incurred in pre-litigation administrative proceedings. *See Kahane v. Unum Life Ins. Co. of America,* 563 F.3d 1210, 1215 (11th Cir. 2009); *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 313 (3d Cir. 2008); *Parke v. First Reliance Standard Life Ins. Co.,* 368 F.3d 999, 1011 (8th Cir. 2004); *Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003); *Peterson v. Cont'l Cas. Co.,* 282 F.3d 112, 121 (2d Cir. 2002); *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 455 (6th Cir. 2000); *Cann v. Carpenters' Pension Trust Fund,* 989 F.2d 313, 316 (9th Cir. 1993).

In particular, the Eighth Circuit in *Parke* distinguished pre-litigation administrative proceedings from the post-litigation proceedings at issue in *Sullivan v. Hudson*, holding, "[i]n fact, if an ERISA plan beneficiary prevails at the administrative level, there will be no judicial action at all. We cannot conclude that administrative proceedings are 'intimately tied to the resolution of the judicial action,' when judicial action often will not even be necessary." 368 F.3d at 1011 (quoting *Sullivan*, 490 U.S. at 888). Because it found that the proceedings are not intimately tied to the resolution of the judicial action, the Court held that attorneys' fees and costs from the administrative appeals process are not compensable under ERISA. *Id.*

Therefore, in following the weight of authority, Plaintiff is not entitled to recover attorneys' fees and costs incurred during the administrative appeal process.

Defendant specifies twenty billing entries—each entry prior to August 17, 2007—as falling under this objection. However, Defendant grossly overstates the total dollar amount of these entries.[4] In addition, several of the entries which Defendant includes under this objection did not actually occur during the administrative appeal process. IBM sent the letter denying Huss' final administrative appeal to Huss' counsel on August 8, 2007. Any billing entry after that date was no longer part of the administrative appeals process, but was in preparation for filing the complaint, as the descriptions of those billing entries also indicate. Therefore, the seven billing entries from August 14 to August 17, 2007 that Defendant objects to are compensable.

---

[4] Defendant states that these twenty entries constitute approximately $20,205. However, those twenty entries add up to only $10,552.50.

However, the thirteen billing entries prior to August 9, 2007, totaling $8,092.50, occurred during the administrative appeal process, and are therefore not compensable. In addition, Plaintiff's costs incurred during the administrative appeal process, which include $7.72 in postage and $33.76 in delivery fees, totaling $41.48, are not compensable.

### 2. *Block Billing*

Defendant objects to twenty-one billing entries on the grounds that they group together several discrete tasks as one billing entry, or are "block-billed." Block billing is typically grounds for reducing an award in two instances. First, when the entry relates to more than one case, or more than one aspect of the same case, not all of which are compensable, and it is not possible to determine the amount of time spent on each. *See Kinney v. Federal Security, Inc.*, No. 01 C 0838, 2002 U.S. Dist. LEXIS 16914, at *20 (N.D. Ill. Sept. 9, 2002). Here, though, each entry relates only to this case, and the only element of this case which is not compensable under § 1132(g)(1) is fees relating to the administrative proceedings. None of the entries objected to as block-billed involve the administrative proceedings, so the objection is unsuccessful as to this reason.

Second, block billing may justify reducing an award when the entries lack enough specificity to determine if the time spent on each task is reasonable. *See Abbott v. Village of Winthrop Harbor*, No. 93 C 4642, 1999 U.S. Dist. LEXIS 13346, at *9 (N.D. Ill. Aug 24, 1999). Because the movant must produce documentation of the hours spent to establish the reasonableness of the fees, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), entries which lack enough specificity to determine if the time was reasonable may be reduced or eliminated, *id.*; *Abbott*, 1999 U.S. Dist. LEXIS 13346, at *9.

Here, the entry descriptions themselves appear to be sufficient to establish the reasonableness of the time spent despite Defendant's claims of block billing, as many of the entries essentially address a single task. Moreover, Plaintiff's additional descriptions, provided in Exhibit A to Affidavit of Paul F. Heaton in Support of Plaintiff's Motion, which Defendant does not respond to or acknowledge, give more than enough specificity to meet the burden of establishing that the time spend on each task is reasonable. Therefore, none of Defendant's objections to entries as block-billed succeed.

### 3. *Insufficient Detail*

Defendant objects to certain billing entries for various reasons relating to insufficiently detailed descriptions of the time spent in the billing entries. As previously discussed, the movant has the burden of documenting the hours spent with enough specificity to determine whether they are reasonable. *Hensley*, 461 U.S. at 434; *Abbott*, 1999 U.S. Dist. LEXIS 13346, at *9.

Defendant objects to certain entries involving interoffice conferences or teleconferences on the basis that billing entries for conferences that do not specify the subject matter discussed do not meet the burden for establishing reasonableness. *Abbott*, 1999 U.S. Dist. LEXIS 13346, at *12. However, each of the billing entries Defendant flags under this category does indicate the subject matter. In addition, the time claimed in these billing entries ranges from .1 to .4 hours, and the descriptions for these entries certainly meet the burden of establishing that these short amounts of time were spent reasonably.

Defendant objects to several entries because they are voicemails, without giving any reason why they should not be awarded. The billing entries describe the subject matter and are more than sufficient to justify the reasonableness of the .1 hours spent on each. Defendant objects to several entries as having no description of the task. This is simply not the case for any

of the entries flagged for this reason, as each has a description sufficient to establish the reasonableness of the time spent. Defendant also objects to several entries regarding research which it claims are inadequately detailed or unnecessary. However, each of the entries has enough detail to establish that the task was appropriate and the time spent reasonable.

4. *Excessive Time*

In the February 3rd letter and the Joint Statement, Defendant objects to certain entries as excessive, but makes no mention of them in the brief in response to Plaintiff's motion. Defendant gives no reason why the time spent on these entries is excessive and unreasonable. It is also worth noting that Defendant and Plaintiff claimed very similar amounts in attorneys' fees.[5] Although the Plaintiff, as movant, has the burden of establishing the reasonableness of the fees, I do not find that Plaintiff's time spent was excessive. The objections to these entries fail.

5. *Travel Time*

In the February 3rd letter and the Joint Statement, though not in the brief in response to Plaintiff's motion, Defendant objects to billing entries covering travel time. Attorney travel time and expenses are compensable, particularly in the case of an out-of-town attorney, as here. *Stark*, 354 F.3d at 674. Accordingly, these objections fail.

6. *Costs*

Defendant also objects to certain costs claimed by Plaintiff. Plaintiff claimed a $50 fee for the *pro hac vice* admission of Brian G. Cahill. However, Plaintiff did not submit a single billing entry by Mr. Cahill on this case. Plaintiff did not respond in either its motion or reply to

---

[5] Plaintiff claimed $95,090.02 (not all of which is compensable) in attorneys' fees and costs, while Defendant disclosed pursuant to Local Rule 54.3(d)(5) that it billed $92,381.96 in attorneys' fees and costs during the litigation.

13

Defendants' objection to this item, which it raised in the February 3rd letter, the Joint Statement, and its response brief, and Plaintiff did not otherwise establish why Mr. Cahill's *pro hac vice* admission fee is reasonable. Therefore, this $50 cost will not be awarded.

Defendant also objects to awarding duplication and postage expenses, after indicating in the Joint Statement that it dropped its objection to those items. Expenses that are not included in an attorneys' fee as overhead, but are normally billed separately to the client, such as postage and copying expenses, are compensable. *Henry v. Webermeier*, 738 F.2d 188, 192 (7th Cir. 1984); *see also Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1203 (7th Cir. 1984) (including costs for postage and copying as part of a reasonable attorneys' fee under 42 U.S.C. § 1988); *Hitchcock v. G & W Elec. Co.*, No. 85 C 0667, 1989 WL 2061, at *2 (N.D. Ill. Jan. 5, 1989) (applying *Heiar* and *Henry* to 29 U.S.C. § 1132(g)(1) ERISA fee claims).

### 7. *Totals*

Plaintiff has claimed $92,560 in attorneys' fees. This amount is reduced by $8,092.50 for fees incurred during the administrative appeal process. Accordingly, Plaintiff is entitled to recover $84,467.50 in attorneys' fees. Plaintiff has also claimed $2,530.02 in costs. This amount is reduced by $41.48 for costs incurred during the administrative appeal process, and by $50 for the *pro hac vice* admission fee for Brian G. Cahill. Therefore, Plaintiff is entitled to recover $2,438.54 in total costs. The total award of attorneys' fees and costs is $86,906.04.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees and related non-taxable expenses is granted in the amount of $86,906.04.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: July 15, 2010