UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN M. HUSS, individually and as Guardian for JOSEPH R. HUSS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> IBM MEDICAL AND DENTAL PLAN and R.A. BARNES in her capacity as Plan Administrator, <br><br> Defendants. | Case No. 07 C 7028 <br> Judge James B. Zagel <br> Magistrate Judge Jeffrey Cole |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR RELIEF FROM JUDGMENT**

Defendants IBM Medical and Dental Plan (the "Plan") and R.A. Barnes, in her capacity as Plan Administrator ("Barnes"), (hereinafter, collectively "Defendants"), pursuant to Fed. R. Civ. P. 60(b)(5), respectfully request the Court to reconsider and vacate its ruling granting Plaintiff's motion to amend/correct attorneys fees and related non-taxable costs awarding Plaintiff costs in the amount of $2,438.54. In support of this motion, Defendants state as follows:

**I.      SUMMARY OF THE LITIGATION**

This action was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* Plaintiff, Eileen Huss, sought relief from the IBM Medical and Dental Plan ("the Plan") in the form of health benefits allegedly due to her son, Joseph Huss, Jr. ("Joseph"), pursuant to 29 U.S.C. § 1132(a)(1)(B). (Docket No. 23.) In addition, Plaintiff sought statutory damages from the Plan and R.A. Barnes, in her capacity as Plan Administrator, for their alleged failure to provide requested documents pursuant to 29 U.S.C. § 1024(b)(4) and § 1132(c). (Docket No. 23.) Plaintiff also sought to recover her attorneys' fees. (Docket No. 23.)

Both parties filed cross-motions for summary judgment and on March 20, 2009, this Court issued a Memorandum Opinion and Order denying Defendants' motion for summary judgment and granting Plaintiff's motion for summary judgment. (Docket No. 76.) In its Memorandum Opinion and Order, this Court requested additional briefing on the imposition of a statutory penalty. *Id.* On November 4, 2009, this Court entered a Memorandum Opinion and Order awarding a statutory penalty to Plaintiff on her failure to produce documents pursuant to 29 U.S.C. § 1024(b)(4) claim. (Docket No. 83.) A final judgment was issued and docketed on December 14, 2009. (Docket No. 89.)

On January 6, 2010, Defendants filed their notice of appeal with the United States Court of Appeals for the Seventh Circuit. (Docket No. 96.) This was a direct appeal from this Court's decisions denying Defendants' motion for summary judgment and assessing a statutory penalty against Defendants. *Id.*

On February 23, 2010, Plaintiff filed a motion for fees and related non-taxable expenses pursuant to 29 U.S.C. § 1132(g)(1). (Docket No. 108.) This Court issued a ruling on July 15, 2010, granting Plaintiff's motion for fees and related non-taxable expenses pursuant to 29 U.S.C. § 1132(g)(1). (Docket No. 121.) On July 23, 2010, Defendants filed their notice of appeal. (Docket No. 122.) This was a direct appeal from this Court's decisions to award Plaintiff her attorneys' fees and related non-taxable expenses. *Id.*

On April 13, 2011, the United States Court of Appeals for the Seventh Circuit issued its opinion and order affirming this Court's decision in part and vacating this Court's decision in part. (Docket No. 128). The Appellate Court vacated this Court's judgment awarding benefits to Joseph Huss and remanded the case with instructions to return it to Barnes and the Plan for further consideration. (*Id.* at 2.) The Appellate Court also reversed a portion of

2

this Court's statutory penalties award because some of the documents for which the penalty was imposed did not fall within ERISA's disclosure requirements. (*Id.*) Finally, and significantly for purposes of this instant motion, the Appellate Court "vacate[d] the attorney's fee and expenses award and remanded the matter. (*Id.*) On September 14, 2011, this Court issued on order awarding Plaintiff costs in the amount of $2,438.54. (Docket No. 132.) No new motion was filed in this Court seeking an award of costs. The case is currently on remand to the Plan Administrator for a determination as directed by the Appellate Court.

## II. THE COURT SHOULD VACATE ITS AWARD OF COSTS TO PLAINTIFF

Rule 60(b) of the Federal Rules of Civil Procedure allows relief from a judgment when it is based on a prior judgment that has been reversed or otherwise vacated, and this Rule provides the appropriate remedy to withdraw an attorneys' fee award based on a reversed or vacated judgment. *See GCIU Employer Retirement Fund v. Chicago Tribune Company*, 1996 U.S. Dist. LEXIS 16098, *3 (N.D. Ill. Oct. 28, 1996), citing *Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668, 676 (7th Cir. 1985). Specifically, Rule 60(b)(5) of the Federal Rules of Civil Procedure provides that the Court may relieve a party from a final judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." *See* Fed. R. Civ. P. 60(b)(5) (West 2011). Where a fee award is based in part upon success at the trial level on a count which permits fee shifting, and where that victory is reversed, vacated or otherwise modified at the appellate level, it would be an abuse of discretion for the trial court to leave the fee award intact. *See Mother Goose Nursery Schools, Inc.*, 770 F.2d at 676.

ERISA's fee shifting statute provides in part, "in any action under this title…by a participant, beneficiary or fiduciary, the court in its discretion may allow reasonable attorney's

3

fees and costs of action to either party." *Hackett v. Xerox,* 355 F. Supp. 2d 931, 934 (N.D. Ill. 2005), citing 29 U.S.C. § 1132(g)(1). Under this statute, "there is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." *Id.*, citing *Stark v. PPM Am., Inc.,* 354 F.3d 666, 673 (7th Cir. 2004). Awards of attorneys' fees in ERISA cases are therefore not automatic and are discretionary in the Seventh Circuit. *Id.*, citing *Lowe v. McGraw-Hill,* 361 F.3d 335, 339 (7th Cir. 2004). Attorney's fees are only awarded in ERISA cases where the prevailing party can show that its opponent's litigation position was not "substantially justified." *Id.*; see also *Stark,* 354 F.3d at 673; *Senese v. Chicago Area I.B. of T. Pension Fund,* 237 F.3d 819, 826 (7th Cir. 2001).

The Appellate Court reversed and remanded Plaintiff's claim for benefits under the Plan and vacated this Court's award of attorneys' fees **and costs** to Plaintiff because it could not determine that Defendants position on the denial of benefits claim was not substantially justified and taken in good faith. *See* Docket No. 128, p. 29. As a result, the Appellate Court did not agree that "Defendants' position was so indefensible as to warrant an award of attorneys' fees to Plaintiff" and "vacate[d] the attorneys' fees and expenses award." *Id.* at 30-31. The Appellate Court used the word "expenses" rather than "costs" because that was the way plaintiff characterized her motion. The two terms are synonymous. Therefore, the award of any costs to Plaintiff in this action was reversed Based on the foregoing reasons, and because no motion was pending before the Court seeking an award of costs, Defendants respectfully submit that vacating the award of costs is appropriate and warranted.

### III. CONCLUSION

This Court's Order entered September 14, 2011 awarding Plaintiff costs in the amount of $2,438.54 should be reversed and/or vacated pursuant to Fed. R. Civ. P. 60(b)(5).

4

Dated: October 7, 2011

IBM MEDICAL AND DENTAL PLAN and R.A. BARNES

By /s/Sara A. Weinberg
    One of Their Attorneys

Sara A. Weinberg
(weinbergs@jacksonlewis.com)
Jackson Lewis LLP
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: 312/787-4949
Facsimile: 312/787-4995

Ashley B. Abel (abela@jacksonlewis.com)
Jackson Lewis LLP - Greenville
One Liberty Square
55 Beattie Place, Suite 800
Greenville, SC 29601-2122
Telephone: 864/232-7000
Facsimile: 864/235-1381

## CERTIFICATE OF SERVICE

I, Sara A. Weinberg, an attorney, certify that on the 7th day of October, 2011, I caused a true and correct copy of the foregoing Defendants' Motion for Relief from Judgment and Memorandum in Support of Defendants' Motion for Relief from Judgment to be filed with the Court by the Court's ECF/CM electronic filing protocols, that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system:

Paul F. Heaton
Heaton Trial Law, S.C.
780 North Water Street
Milwaukee, WI 53202

William G. Beatty
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603

/s/ Sara A. Weinberg